Laura K. Granier, Esq (SBN 7357)
Erica K. Nannini, Esq (SBN 13922)
HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511
Tel: 775-327-3000
Fax: 775-786-6179
lkgranier@hollandhart.com
eknannini@hollandhart.com

Hadassah M. Reimer, Esq (Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor-Applicant Lithium Nevada Corp.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH, LLC, a Nevada limited liability company and EDWARD BARTELL, <br><br> Plaintiffs, <br><br> v. <br><br> ESTER M. MCCULLOUGH, Winnemucca District Manager, Bureau of Land Management; BUREAU OF LAND MANAGEMENT, <br><br> Defendants, <br><br> and <br><br> LITHIUM NEVADA CORP., <br><br> Defendant-Intervenor-Applicant. | **Case No. 3:21-cv-00080-MMD-CLB** <br><br> **LITHIUM NEVADA CORP.'S MOTION TO INTERVENE** |

1

Lithium Nevada Corp. moves for leave to intervene as a defendant in the captioned action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). Alternatively, Lithium Nevada Corp. moves to be permitted to intervene as a defendant pursuant to Fed. R. Civ. P. 24(b). In support of its motion, Lithium Nevada Corp. respectfully refers this Court to its memorandum of points and authorities in support of this motion, the declaration of Jonathan Evans, and a proposed answer attached hereto.

Counsel for Lithium Nevada Corp. contacted counsel for Plaintiffs and Federal Defendants to confer with them concerning its proposed intervention. Counsel was informed by respective counsel for the parties that Federal Defendants take no position on Lithium Nevada Corp.'s intervention, and Plaintiffs take no position on Lithium Nevada Corp.'s intervention.

DATED this 15th day of March, 2021.

By: /s/ Laura K. Granier
Laura K. Granier, Esq (SBN 7357)
Erica K. Nannini, Esq (SBN 13922)
Holland & Hart LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511
Tel: 775-327-3000
Fax: 775-786-6179
lkgranier@hollandhart.com
eknannini@hollandhart.com

Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor-Applicant Lithium Nevada Corp.*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Lithium Nevada Corp. ("Lithium Nevada") submits this memorandum supporting its motion to intervene as a defendant in this case.

## INTRODUCTION AND BACKGROUND

Lithium Nevada seeks to intervene in this action to defend the Bureau of Land Management's ("BLM") Record of Decision ("ROD") approving the Thacker Pass Lithium Mine Project Plan of Operations.[1] Lithium Nevada has been working since 2011 to support the collection of environmental data and collaborate with local stakeholders as well as state and federal agencies to design and permit one of the most advanced and environmentally sound lithium projects in the world. Declaration of Jonathan Evans ("Evans Decl."), at ¶ 3. After several years and millions of dollars of work, in December 2017, Lithium Nevada met with the BLM to provide a summary of the conceptual plan of operations for development of lithium resources at Thacker Pass. *Id.* at ¶¶ 4-6. From 2017 through 2020, Lithium Nevada held numerous community gatherings and town hall meetings in Winnemucca and Orovada, Nevada, to engage and inform the community on the Thacker Pass project. *Id.* at ¶ 8. In the two years leading up to the official start of the federal permitting review process under the National Environmental Protection Act ("NEPA"), the BLM worked with numerous state and federal agencies to consider and discuss the collection of environmental baseline data and reports to support the NEPA process. *Id.* at ¶ 8. After a thorough environmental review, including detailed analysis of impacts to surface and groundwater, threatened and endangered species, greater sage-grouse habitat, visual and other resources, on January 15, 2021, BLM issued its ROD approving the Thacker Pass Project with numerous conditions of approval, applicant committed measures, and other mitigation measures. *Id.* at ¶ 16.

Plaintiffs claim that BLM's ROD violated NEPA, the Federal Land Policy and Management Act ("FLPMA"), and the Administrative Procedure Act ("APA"). Plaintiffs ask the Court to reverse, set aside, vacate, and remand the ROD and its supporting Environmental

---

[1] The Record of Decision is available on BLM's ePlanning webpage at https://eplanning.blm.gov/eplanning-ui/project/1503166/570.

3

Impact Statement ("EIS"), as well as enjoin Lithium Nevada from beginning ground-clearing, site preparation, or other construction work at the Mine site. Complaint, Prayer for Relief, ¶¶ B, C (ECF No. 1). Plaintiffs' requested relief would impose substantial harm on Lithium Nevada and the public by delaying development of a critical mineral important to our nation's supply chain and President Biden's policy objectives to support domestic production of electric vehicle batteries to help tackle the climate crisis, build resilient supply chains, and facilitate needed investments to strengthen national security. The BLM conducted a thorough and legally compliant review of the proposed plan of operations for the project, included appropriate environmental mitigation provisions, and the ROD should be affirmed.

The Thacker Pass Mine is a proposed open pit lithium mine that would be located on Lithium Nevada's unpatented mining claims approximately 17 miles west-northwest of Orovada, Nevada. ROD at 1. The Thacker Pass Mine development is an important step in leveraging domestic lithium reserves to secure our nation's critical supply chain. Lithium has been identified as a critical mineral by the Department of the Interior and, President Biden's Executive Order 14017 of February 24, 2021, identifies the need for the United States to better leverage our sizeable lithium reserves and manufacturing to expand electric vehicle battery production to support actions to "tackle the climate crisis."[2] The Biden administration also identified the need to ensure that the United States is not dependent on foreign sources for its critical mineral supply as a matter of national security.[3]

---

[2] *See* The White House Statements and Releases, *FACT SHEET: Securing America's Critical Supply Chains*, (Feb. 24, 2021), *available at* https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/24/fact-sheet-securing-americas-critical-supply-chains/ (last visited March 11, 2021) (explaining President Biden's Executive Order to help create more resilient and secure supply chains for critical and essential goods); *see also* Executive Order 14017 (Feb. 24, 2021), *available at* https://www.govinfo.gov/app/details/DCPD-202100163 (last visited March 11, 2021).

[3] "Critical minerals are an essential part of defense, high-tech, and other products. From rare earths in our electric motors and generators to the carbon fiber used for airplanes—the United States needs to ensure we are not dependent upon foreign sources or single points of failure in times of national emergency." *See* The White House Statements and Releases, *FACT SHEET: Securing America's Critical Supply Chains*, February 24, 2021, *available at* https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/24/fact-sheet-securing-americas-critical-supply-chains/ (last visited March 11, 2021).

After years of working to support the collection of baseline data and coordinating with the BLM on potential environmental mitigation measures, including a project redesign to avoid areas identified as priority habitat management areas ("PHMA") for greater sage-grouse, Lithium Nevada submitted the Plan of Operations for the Thacker Pass Mine to BLM in August 2019. Evans Decl., at ¶¶ 7-12.  BLM issued a Draft EIS in July 2020.  The Final EIS was published in December 2020, and responded to comments on the Draft, including extensive comments Plaintiffs submitted.[4]  On January 15, 2021, BLM issued the ROD approving Alternative A, the proposed action with conditions of approval, applicant committed design features, and other measures designed to avoid, minimize, or mitigate environmental effects of the proposed project. ROD at 2, 11-19, 23.  Plaintiffs now challenge the ROD, alleging numerous violations of NEPA and FLPMA, and seek an injunction to stop construction.  Given Lithium Nevada's interest in the project approval and the timely development of its mining claims, Lithium Nevada meets the standards for intervention as of right under Federal Rule of Civil Procedure 24(a), or for permissive intervention under Federal Rule of Civil Procedure 24(b).

**STANDARDS FOR INTERVENTION**

Intervention as a matter of right is governed by Federal Rule of Civil Procedure 24(a), which provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Court uses a four-part test to determine whether a party may intervene as a matter of right: (1) whether the motion is timely; (2) whether the applicant claims an interest related to the property or transaction which is the subject of the action; (3) whether the applicant is so situated

---

[4] The Draft and Final EIS can be found at the same webpage as the ROD. https://eplanning.blm.gov/eplanning-ui/project/1503166/570.

5

that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is not adequately represented by the existing parties. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (abandoning the "federal defendant" rule in NEPA cases by ruling that courts no longer need to apply a categorical prohibition on intervention on the merits in NEPA actions). Federal Rule of Civil Procedure 24(a)(2) "does not require a specific legal or equitable interest." *Id*. at 1179. Rather, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id*. Furthermore, an intervenor has sufficient interest in the litigation if "it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*. Although the intervening party has the burden to demonstrate it meets the four elements, the requirements for intervention are broadly interpreted in favor of intervention. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *see also Sw. Ctr for Biological Diversity v. Berg*, 286 F.3d 810, 818 (9th Cir. 2001).

Federal Rule of Civil Procedure 24(b) gives the Court discretion to grant permissive intervention to any party who upon timely motion has a claim or defense that shares with the main action a common question of law or fact. The Court, in its discretion, must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *Sw. Ctr for Biological Diversity*, 286 F.3d at 818.

## ARGUMENT

Lithium Nevada should be granted intervention because it satisfies the substantive requirements for intervention. Lithium Nevada's motion is timely; it has a clear, significantly protectable interest in the subject matter of the litigation; its interests will be impaired if Plaintiffs prevail; and its interests are not adequately represented by existing parties. Federal Rule of Civil Procedure 24 provides for intervention in an action as a matter of right under subsection (a), and permissive intervention under subsection (b). Lithium Nevada satisfies both standards under the circumstances of this case.

### A. Lithium Nevada is Entitled to Intervene as of Right.

#### 1. The Motion is Timely.

First, Lithium Nevada's motion is timely. Courts weigh three factors to determine whether a motion to intervene is timely: (1) the stage of the proceeding; (2) any prejudice to the other parties; and, (3) the reason for and length of any delay. *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007). A motion is generally considered timely if "made at an early stage of the proceedings, the parties would not have suffered prejudice from the grant of intervention at that early stage, and intervention would not cause disruption or delay in the proceedings." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

This case is in the earliest stages. The Federal Defendants have not answered and no substantive briefing has occurred. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (holding that a motion to intervene was timely when it "was filed at a very early stage, before any hearings or rulings on substantive matters"). The Complaint was filed on February 11, 2021, approximately one month ago. Lithium Nevada's participation will not delay the proceedings or require the Court to alter the schedule. Thus, intervention will not prejudice the parties, and Lithium Nevada's motion is timely.

#### 2. Lithium Nevada Has a Significantly Protectable Interest.

To demonstrate a sufficient interest related to the subject of the current action, the applicant must establish a significantly protectable interest that has some relationship with the claims at issue. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996). The Ninth Circuit liberally construes Rule 24(a), *see Greene v. United States*, 996 F.2d 973 (9th Cir. 1993), and has "rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest." *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980); *Wilderness Soc'y*, 630 F.3d at 1179. Rather, the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Cty. of Fresno*, 622 F.2d at 438 (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

7

Moreover, the threat to economic injury is a legally protected interest that warrants intervention as a matter of right. *Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 951 (9th Cir. 2013); *see also Utahans for Better Transp. v. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) (threat of economic injury provides requisite interest); *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341 (10th Cir. 1978) (potential recipients of licenses for the operation of uranium mills had sufficient interest to intervene in action by environmentalists against government agencies seeking to prohibit issuance of licenses because the outcome of the litigation would have profound economic impact on potential intervenors).

In this case, Lithium Nevada has a significant protectable interest in its unpatented mining claims and the duly authorized Plan of Operations for the Thacker Pass Mine. The Plan of Operations is necessary for Lithium Nevada to develop the most advanced and largest known lithium deposit in the United States. To date, Lithium Nevada has invested at least $8,700,000 in the permitting and approval of the plan of operations and stands ready to continue progressing with development of the mine that is positioned to become a cornerstone of our country's lithium supply for batteries that are deemed critical under national policy. Evans Decl., at ¶ 13, 20. The outcome of the instant action poses a direct and substantial threat to Lithium Nevada's development of this project that is of tremendous importance to not only Lithium Nevada but also local, state and national interests and, also its property rights in its mining claims and economic interests in developing its mining claims under the approved plan of operations. *See, e.g., id.* at ¶¶ 13, 18, & 22.

### 3. Lithium Nevada's Interests Could be Impaired or Impeded by the Disposition of this Action.

Third, in determining impairment of an applicant's interest, the Ninth Circuit Court of Appeals follows the "guidance of Rule 24 advisory notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822. Lithium Nevada's interests would be substantially affected by the determination made in this

8

action. If Plaintiffs prevail, the Court could issue an injunction preventing Lithium Nevada from beginning construction of the Thacker Pass Mine. Ultimately, if Plaintiffs prevail, the ROD could be reversed and vacated, and Lithium Nevada would have to engage in an additional NEPA process before obtaining approval of its plan of operations. This outcome could substantially delay mining at the site and result in significant and irreparable economic harms to Lithium Nevada and the public given the importance of domestic lithium development to our nation's critical supply chain and President Biden's policy identified to ensure national security and tackle the climate crisis, specifically identifying the need to leverage domestic development of our nation's lithium reserves. *See* Evans Decl, at ¶¶ 13, 18-22; *see also* Executive Order 14017 (Feb. 24, 2021), *available at* https://www.govinfo.gov/app/details/DCPD-202100163 (last visited March 11, 2021); The White House Statements and Releases, *FACT SHEET: Securing America's Critical Supply Chains*, February 24, 2021, *available at* <https://www.whitehouse.gov/briefing-room/statements-releases/2021/02/24/fact-sheet-securing-americas-critical-supply-chains/> (last visited March 11, 2021). In addition to the significant and irreparable harms Lithium Nevada stands to suffer, this outcome could also result in significant economic and irreparable harm to the public at the local, state, and national levels given the substantial economic and employment benefits attributed to the Thacker Pass Mine. *See* Evans Decl., at ¶¶ 14-15 (explaining that the construction period of Phase 1 is expected to create at least 800 high paying jobs, Thacker Pass operations will employ approximately 300 Nevadans and the project will result in $265.2 million on construction related economic activity in Humboldt County). Halting the Thacker Pass Project would create vulnerabilities to key growth areas of the national economy and defense supply chain, without justification given the extensive environmental studies, review and mitigation that has been considered for the project.

### 4. Lithium Nevada's Interests Cannot be Adequately Represented by the Government.

Defendant-Intervenor carries a low burden to show inadequate representation. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This burden is satisfied if intervenors can demonstrate that representation of their interests ***may*** be inadequate. *Id*. The Court considers

9

three factors in assessing the inadequacy of representation: (1) if the interest of a present party is such that it will make all of a proposed intervenor's arguments; (2) if the present party is capable and willing to make such arguments; and (3) if a proposed intervenor would offer any necessary elements that other parties would neglect. *Id.*

Federal Defendants do not adequately represent Lithium Nevada's interests. The burden for this prong of the test for intervention as of right is "minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). In order to protect its interests, Lithium Nevada must be afforded the right to formulate an appropriate litigation strategy and present its own legal arguments. The Federal Defendants are protecting the public interest at large and not the specific economic and property interests of Lithium Nevada. *Fund for Animals, Inc. v. North*, 322 F.3d 728, 736 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring [private] intervenors."). The Federal Defendants must consider a wide spectrum of views when defending this lawsuit and uphold the integrity of federal decision making. The Federal Defendants cannot prioritize preserving Lithium Nevada's mining investments and economic interests in this case. Thus, Lithium Nevada has met its low burden to show inadequate representation by the Federal Defendants to warrant intervention.

For the reasons stated above, Lithium Nevada respectfully requests that this Court allow it to intervene of right because the motion is timely, Lithium Nevada has significant protectable interests which would be impaired if the Federal Defendants lose the case, and neither Plaintiffs, nor the Defendants can adequately represent Lithium Nevada's interests.

**B.    Alternatively, Lithium Nevada Is Entitled to Permissive Intervention.**

Should the Court find that Lithium Nevada has not met its burden to show intervention as of right, the Court should grant it permissive intervention. Pursuant to Federal Rule of Civil Procedure 24(b), the Court is authorized to permit intervention of any party that "has a claim or defense that shares with the main action a common question of law or fact." Further, "in exercising its discretion [to allow permissive intervention] the court must consider whether the

10

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

If not permitted to intervene as a matter of right, Lithium Nevada should be granted permissive intervention because Lithium Nevada has a claim or defense that shares a common question of law or fact with Plaintiffs' action. Likewise, intervention will not unduly delay or prejudice the pending case under Rule 24(b)(3).

Lithium Nevada has outlined above why it should be permitted to intervene in this proceeding. If Plaintiffs' action proved successful, Lithium Nevada would suffer economic injury and harm to their interests in their mining claims and approved plan of operations. *See, e.g.*, Evans Decl., at ¶¶ 13, 18, & 22. Given the current status of the case, granting Lithium Nevada's motion will neither unduly delay nor prejudice any of the original parties' rights. Moreover, permitting Lithium Nevada to intervene in this case ensures judicial economy by "involving as many concerned parties as is compatible with efficiency and due process." *Nuesse*, 385 F.2d at 700.

## CONCLUSION

For the foregoing reasons, Lithium Nevada respectfully requests that the Court grant its motion and order its intervention in this action (1) as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, (2) permissively pursuant to Rule 24(b).

DATED this 15th day of March, 2021.

By: /s/ Laura K. Granier
Laura K. Granier, Esq (SBN 7357)
Erica K. Nannini, Esq (SBN 13922)
Holland & Hart LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511
Tel: 775-327-3000
Fax: 775-786-6179
lkgranier@hollandhart.com
eknannini@hollandhart.com

Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor-Applicant Lithium Nevada Corp.*

**Certificate of Service**

I hereby certify that on March 15, 2021, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/ *Laura K. Granier*
Laura K. Granier, Esq (SBN 7357)

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

**EXHIBIT INDEX**

| EXHIBIT | DESCRIPTION | # OF PAGES |
|---|---|---|
| 1 | Lithium Nevada Corp.'s Proposed Answer to Plaintiffs' Complaint | 15 |
| 2 | Declaration of Jonathan Evans | 8 |