Exhibit 1 -
Lithium Nevada Corp.'s
Proposed Answer to Plaintiffs'
Complaint

1    Laura K. Granier, Esq (SBN 7357)
    Erica K. Nannini, Esq (SBN 13922)
2    HOLLAND & HART LLP
    5441 Kietzke Lane, 2nd Floor
3    Reno, Nevada 89511
    Tel: 775-327-3000
4    Fax: 775-786-6179
5    lkgranier@hollandhart.com
    eknannini@hollandhart.com
6
7    Hadassah M. Reimer, Esq (Wyo. Bar No. 6-3825)
    [*Pro Hac Vice Pending*]
8    HOLLAND & HART LLP
    P.O. Box 68
9    Jackson, WY 83001
    Tel: 307-734-4517
10   Fax: 307-739-9544
11   hmreimer@hollandhart.com

12   *Attorneys for Defendant-Intervenor-Applicant*
     *Lithium Nevada Corp.*
13

14              **UNITED STATES DISTRICT COURT**
             **FOR THE DISTRICT OF NEVADA**
15

16   BARTELL RANCH, LLC, a Nevada limited     **Case No. 3:21-cv-00080-MMD-CLB**
17   liability company and EDWARD BARTELL,

18                   Plaintiffs,

19   v.

20   ESTER M. MCCULLOUGH, Winnemucca
21   District Manager, Bureau of Land         **LITHIUM NEVADA CORP.'S PROPOSED**
    Management; BUREAU OF LAND          **ANSWER TO PLAINTIFFS' COMPLAINT**
22   MANAGEMENT,

23                  Defendants,

24   and

    LITHIUM NEVADA CORP.,
25
26             Defendant-Intervenor-Applicant.

27

28

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, proposed intervenor-defendant Lithium Nevada Corp. ("Lithium Nevada") hereby states the following for its Answer to Plaintiffs' complaint for declaratory and injunctive relief (the "Complaint"), identified as ECF No. 1.

Any factual allegation admitted in Lithium Nevada's Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations, or inferences drawn therefrom by Plaintiffs.  The denial of any factual allegation may not be construed as an admission of the negative of such allegation.  Lithium Nevada denies each and every assertion in the Complaint, except as specifically admitted, qualified or otherwise responded to herein.  Lithium Nevada follows the format of the Complaint for ease of reference only and denies any assertion contained in any heading or other formatting of Plaintiffs' Complaint or inference drawn therefrom.

## INTRODUCTION

1.     Paragraph 1 consists of a summary of the claims and assertions of Plaintiffs' Complaint, which are responded to below and to which no separate response is required. To the extent that a response is deemed necessary, Lithium Nevada denies every allegation not specifically admitted below.

2.     Lithium Nevada admits that Ester McCullough signed the Record of Decision ("ROD") on January 15, 2021 based on the BLM's thorough review of the proposed project, as supported by independent and qualified consultants and substantial baseline environmental data compiled by qualified experts, and in accordance with NEPA and all applicable laws.  The second sentence of Paragraph 4 purports to characterize provisions of the ROD and Final Environmental Impact Statement ("FEIS"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the ROD or FEIS are denied. The remaining allegations of Paragraph 4 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

3.     Paragraph 3 purports to characterize provisions of the ROD and FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the ROD or FEIS are denied.

4.     The first sentence of Paragraph 4 appears to purport to characterize provisions of the ROD and FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the ROD or FEIS are denied.  The second sentence of Paragraph 4 purports to characterize unidentified academy of hydrological science publications and Ninth Circuit case law, both of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of academy of hydrological science publications or Ninth Circuit case law are denied.  Lithium Nevada denies that the proposed project is inconsistent with the BLM's Sage Grouse plans and associated regulations.  The remaining allegations of Paragraph 2 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

5.     Paragraph 5 purports to characterize both unidentified catalogued research and reports completed by the Nevada Department of Wildlife ("NDOW") in conjunction with the U.S. Fish and Wildlife Service ("FWS") and NDOW's 2012 Lahontan Cutthroat Trout ("LCT") Study for the Western Region, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the unidentified research and reports or NDOW's 2012 LCT Study for the Western Region are denied.

6.     Paragraph 6 purports to characterize provisions of the ROD, FEIS, and the FWS 1995 Recovery Plan for the LCT, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the ROD, FEIS, or FWS 1995 Recovery Plan for the LCT are denied.

7.     The first and second sentences of Paragraph 7 include allegations which purport to characterize provisions of the FEIS, which speak for themselves and are the best

evidence of their contents. Any allegations contrary to the plain language of the FEIS are denied. The remaining allegations of Paragraph 7 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

8.      The second sentence of Paragraph 8 purports to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS are denied.  The remaining allegations of Paragraph 8 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

9.      The first sentence of Paragraph 9 characterizes Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.  The second sentence of Paragraph 9 purports to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS are denied.

10.     Lithium Nevada admits that construction of the Mine may commence as early as 2021 and that mining and ore-processing may commence as early as 2022.  The remaining allegations of Paragraph 10 characterize Plaintiffs' legal conclusions and request for relief to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

## JURISDICTION AND VENUE

11.     The allegations of Paragraph 11 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

12.     The allegations of Paragraph 12 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

13.     The allegations of Paragraph 13 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

## THE PARTIES

14.     Lithium Nevada has insufficient information to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15.     The allegations of Paragraph 15 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

16.     Lithium Nevada, upon information and belief, understands Plaintiff owns private ranch lands and certain water permits near the project area and, based upon that understanding has made efforts to work with Plaintiffs.  Lithium Nevada has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 16 regarding Bartell Ranch ownership of private ranch lands and water rights and, therefore, denies the same.  Lithium Nevada denies that the FEIS and ROD did anything less than a comprehensive and thorough review of extensive data and analysis collected and prepared over several years by qualified experts in coordination with state and federal environmental agencies.  The remaining allegations of Paragraph 16 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

17.     Lithium Nevada admits that Ester McCullough is the District Manager of the Winnemucca District of the BLM.  To the extent Paragraph 17 purports to characterize the District Manager's legal responsibilities, the applicable laws and regulations speak for themselves and are the best evidence of their contents and therefore, no response is required.

18.     Lithium Nevada admits that the BLM is an agency within the Department of the Interior which released the FEIS and ROD.  To the extent Paragraph 18 purports to

LITHIUM NEVADA CORP.'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT - 4

characterize the BLM's legal responsibilities, the applicable laws and regulations speak for themselves and are the best evidence of their contents and therefore, no response is required.

19.     Paragraph 19 purports to characterize provisions of the National Environmental Policy Act ("NEPA") and its implementing regulations, along with U.S. Supreme Court case law, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA, the applicable regulations, or the applicable case law are denied.

20.     Paragraph 20 purports to characterize provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of NEPA or the applicable regulations are denied.

21.     Paragraph 21 purports to characterize provisions NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the applicable regulations are denied.

22.     Paragraph 22 purports to characterize Ninth Circuit case law, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of the applicable case law are denied.

23.     Paragraph 23 purports to characterize provisions NEPA's implementing regulations and Ninth Circuit case law, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the applicable regulations and Ninth Circuit case law are denied.

24.     Lithium Nevada denies that in preparing the FEIS and approving the ROD for the project the BLM did anything other than a comprehensive and thorough review and analysis based on its experience and expertise, extensive data collected and prepared over several years by qualified experts in coordination with state and federal environmental agencies, and consideration and response to public and agency comments. The remaining

allegations of Paragraph 24 characterize Plaintiffs' legal conclusions to which no response
is required, and to the extent a response is required, Lithium Nevada denies the allegations.

## STATEMENT OF FACTS

25.    Lithium Nevada admits that the Mine at issue is located in northern Nevada's
high desert.    The remaining allegations in Paragraph 25 are vague, ambiguous, overly
broad, and speculative and Lithium Nevada therefore denies the allegations.

26.    Lithium Nevada admits that LCT were listed under the ESA as "endangered"
in 1970 and then as "threatened" in 1975. Lithium Nevada further admits that Pole Creek
and Crowley Creek are located to the north of the proposed boundary of the project at issue.
The remaining allegations in Paragraph 26 are vague, ambiguous, overly broad, and
speculative and Lithium Nevada therefore denies the allegations.

27.    The allegations in Paragraph 27 characterize environmental and natural
resource conditions in the project area, all of which were thoroughly and extensively
analyzed by the BLM in the ROD and the FEIS, which speak for themselves and are the
best evidence of their content.  Any allegations contrary to the plain language of the ROD
or FEIS are denied.

28.    Paragraph 28 includes allegations characterizing natural resource conditions
in the project area and characterizing Plaintiffs' ability to assess water test pumping data
that the BLM relied upon in the FEIS and which was collected by a qualified  expert
consultant in coordination with state and federal agencies, all of which were thoroughly
and extensively analyzed by the BLM in the ROD and FEIS, speak for themselves and are
the best evidence of their contents. Any allegations contrary to the plain language of the
ROD or FEIS are denied.   The remaining allegations of Paragraph 28 characterize
Plaintiffs' legal conclusions to which no response is required, and to the extent a response
is required, Lithium Nevada denies the allegations.

29.    The first sentence of Paragraph 29 purports to characterize provisions of the
FEIS, which speak for themselves and are the best evidence of their contents. Any

allegations contrary to the plain language of the FEIS are denied.  The remaining allegations of Paragraph 29 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

30.     Lithium Nevada denies that there is any disturbance to Pole Creek within the disturbance boundary for the mine plan of operations.  Lithium Nevada further denies that there is any LCT habitat in Pole Creek in the area of the mine plan.  The remaining allegations in Paragraph 30 characterize information included in the FEIS, which speaks for itself and is the best evidence of the contents.  Any allegations contrary to the plain language of the FEIS are denied.

31.     The first, second, and third sentences of Paragraph 31 purport to characterize NDOW and FWS actions, which speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with NDOW and FWS actions are denied.  Lithium Nevada has insufficient information to form a belief as to the truth of the remaining allegations of Paragraph 31 and, therefore, denies the same.

32.     The first and second sentences of Paragraph 32 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.  The remaining allegations of Paragraph 32 characterize water issues thoroughly and extensively analyzed by the BLM in the FEIS, including in response to Plaintiffs' comments on the draft EIS, which documents speak for themselves and are the best evidence of their contents.  Any allegations inconsistent with those documents or other information in the BLM administrative record are denied.

33.     Lithium Nevada has insufficient information to form a belief as to the truth of the allegations of Paragraph 33 regarding Plaintiffs' meetings, the design of its grazing operation and fencing, and the BLM's knowledge regarding Pole Creek and, therefore, denies the same.  The remaining allegations of Paragraph 33 purport to characterize NEPA documentation prepared by the BLM, which speaks for itself and is the best evidence of its

contents. Any allegations contrary to the plain language of the applicable NEPA documentation are denied.

34. Lithium Nevada admits that it has arranged studies regarding the Mine area which were carried out by independent, qualified contractors who worked in coordination with federal and state agencies and in compliance with all applicable laws. Lithium Nevada further admits that Plaintiffs have previously contacted Lithium Nevada or its contractors regarding some of those studies. The second sentence of Paragraph 34 purports to characterize studies regarding the Mine area, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of the applicable studies are denied. Lithium Nevada has insufficient information to form a belief as to the truth of the allegations of Paragraph 34 regarding Plaintiffs' correspondence with the BLM. To the extent the third sentence of Paragraph 34 purports to characterize Plaintiffs' comments submitted during the scoping process, the comments speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the applicable comments are denied. Lithium Nevada denies the remaining allegations in Paragraph 34.

35. Paragraph 35 purports to characterize unnamed reports completed on Lithium Nevada's behalf, the FEIS, unnamed studies and reports completed by NDOW, and unnamed recognitions by NDOW and FWS, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS or the applicable studies, reports, and recognitions are denied. The remaining allegations in Paragraph 35 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

36. Paragraph 36 purports to characterize a Hydrologic Data Collection Report and the FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the Hydrologic Data Collection Report or the FEIS are denied.

37. Paragraph 37 purports to characterize the FEIS, unnamed data provided by Lithium Nevada, and Plaintiffs' comments on the FEIS, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS or applicable data and comments are denied.

38. Paragraph 38 purports to characterize the FEIS, the Hydrologic Data Collection Report, and Plaintiffs' comments on the FEIS and draft EIS, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS, Hydrologic Data Collection Report, or the applicable comments are denied. The remaining allegations in Paragraph 38 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

39. Lithium Nevada denies Paragraph 39's allegation that key pump-result data graphing was falsified and denies that the environmental studies and analyses including those completed on water do anything other than extensively and thoroughly evaluate existing conditions and potential impacts from the proposed project. Paragraph 39 purports to characterize the Hydrologic Data Collection Report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the Hydrologic Data Collection Report are denied.

40. Paragraph 40 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the FEIS are denied.

41. The first sentence of Paragraph 41 appears to purport to characterize the FEIS and the ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS or the ROD are denied. The remaining allegations in Paragraph 41 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

42.     Denied.

43.     Paragraph 43 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the FEIS are denied.

44.     Lithium Nevada denies the allegation that BLM failed to comply with its statutory consultation duties under the Endangered Species Act ("ESA").  Lithium Nevada further denies  that the single sentence referenced in Paragraph 44 "is the entirety of the BLM's consideration of its obligations under the ESA", particularly given the BLM's completion of a Biological Assessment under Section 7 of the ESA and U.S. Fish and Wildlife Service's concurrence that the Thacker Pass Project is not likely to adversely affect any ESA-listed species.  The remaining allegations of Paragraph 44 purport to characterize unnamed comments submitted by Plaintiffs and the BLM's response thereto, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the applicable comments or response are denied.

45.     Paragraph 45 purports to characterize BLM's legal responsibilities and obligations under the ESA, where the applicable laws and regulations speak for themselves and are the best evidence of their contents and therefore, no response is required. To the extent a response is required, Lithium Nevada denies the allegations.  Paragraph 45 further purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the FEIS are denied.

46.     Paragraph 46 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the FEIS are denied.

47.     Paragraph 47 purports to characterize the FEIS and Lithium Nevada's water rights permits, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language of the FEIS or the applicable water rights permits are denied. The remaining allegations of Paragraph 47 characterize Plaintiffs' legal

conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

48.     The allegations in Paragraph 48 characterize Plaintiffs' legal conclusions and request for relief to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

49.     The allegations in the first and third sentences of Paragraph 49 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations. Lithium Nevada has insufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 49 and, therefore, denies the same.

## FIRST CLAIM FOR RELIEF

50.     Lithium Nevada resubmits its answers to Paragraphs 1–49 of Plaintiffs' Complaint.

51.     The allegations in Paragraph 51 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

52.     The allegations of Paragraph 52, including all subparts thereunder, characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

53.     The allegations of Paragraph 53 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

54.     The allegations of Paragraph 54 characterize Plaintiffs' legal conclusions and request for relief to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

## SECOND CLAIM FOR RELIEF

55.     Lithium Nevada resubmits its answers to Paragraphs 1–54 of Plaintiffs' Complaint.

56.     The allegations of Paragraph 56 characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

57.     Paragraph 57, at subpart (d), purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language of the FEIS are denied. The remaining allegations of Paragraph 57, including all subparts thereunder, characterize Plaintiffs' legal conclusions to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

58.     The allegations of Paragraph 58 characterize Plaintiffs' legal conclusions and request for relief to which no response is required, and to the extent a response is required, Lithium Nevada denies the allegations.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to which no response is required. Insofar as a response is required, Lithium Nevada denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

Lithium Nevada hereby denies all allegations, whether express or implied, including any allegations reflected in section heading, in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

A.     Plaintiffs fail to state a claim upon which relief may be granted.

B.     Plaintiffs lack standing to assert some or all of their claims.

C.     Some or all of Plaintiffs' claims are barred by statute.

D.     Some or all of Plaintiffs' claims are barred by the ripeness doctrine.

E.     Some or all of Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

F.     Lithium Nevada incorporates by reference the defenses asserted or to be asserted in forthcoming filings by any other defendant to this action.


DATED this 15th day of March, 2021

By: _/s/ Laura K. Granier_____

Laura K. Granier, Esq (SBN 7357)
Erica K. Nannini, Esq (SBN 13922)
Holland & Hart LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511
Tel: 775-327-3000
Fax: 775-786-6179
lkgranier@hollandhart.com
eknannini@hollandhart.com

Hadassah M. Reimer, Esq
(Wyo. Bar No. 6-3825)
[*Pro Hac Vice Pending*]
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
Fax: 307-739-9544
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor-Applicant Lithium Nevada Corp.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Certificate of Service</u>**

I hereby certify that on March 15, 2021, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/ *Laura K. Granier*
Laura K. Granier, Esq (SBN 7357)

16256929_v3

LITHIUM NEVADA CORP.'S PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT - **14**