TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ARWYN CARROLL (MA Bar 675926)
LEILANI DOKTOR (HI Bar 11201)
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0465
Fax: (202) 305-0506
arwyn.carroll@usdoj.gov
leilani.doktor@usdoj.gov

*Attorneys for Federal Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH, LLC, *et al.*, <br><br>       Plaintiffs, <br><br>   and <br><br>RENO-SPARKS INDIAN COLONY, *et al.*, <br><br>       Plaintiff-Intervenors, <br><br>   v. <br><br>ESTER M. MCCULLOUGH, *et al.,* <br><br>       Defendants, <br><br>   and <br><br>LITHIUM NEVADA CORP., <br><br>       Defendant-Intervenor. | Case Nos. 3:21-cv-80-MMD-CLB <br><br> **STIPULATED PROTECTIVE ORDER** |

**Stipulated Protective Order**

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case or included in the Administrative Record served by Federal Defendants in this case, the parties hereby agree as follows:

1. This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery. This Stipulated Protective Order shall also govern any designated record of information produced, lodged, or served in this action pursuant to required disclosures under any statute, regulation, federal procedural rule, or local rule of the Court, and any supplementary disclosures thereto, including the Administrative Record served and lodged in this case, and any supplementary disclosures thereto.

2. <u>Definitions</u>

   a. The term "Confidential Information" shall mean confidential or proprietary technical, scientific, financial, business, health, medical, or personal privacy or identifying information designated as such by the producing party, any non-public information routinely withheld by Federal Defendants or a third party from the public, or information subject to protection under the Federal Rules of Civil Procedure, Federal law or regulations, or Nevada law.

   b. For purposes of this Stipulated Protective Order, the United States Bureau of Land Management shall be considered the "Producing

Party" of the documents served as part of the Administrative Record in this action and any supplements thereto.

3. <u>Designation of Information</u>

    a. Documents produced, furnished, lodged, or served during the course of this action shall be designated as containing Confidential Information by including the legend "Confidential" in the margin of each page or each document (whether in paper or electronic form). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

    b. A producing party shall designate its discovery responses, responses to requests for admission, documents included in the Administrative Record, briefs, memoranda, and all other papers sent to the court or to opposing counsel as containing Confidential Information when such papers are served or sent.

    c. A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript at the time of the deposition.

    d. A party shall designate information disclosed at a hearing or trial as Confidential Information by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

    e. In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraphs 3(a)–(d), it may later designate by notifying the receiving parties in writing.  The receiving

parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

4. Disclosure and Use of Confidential Information

   a. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used only by the party or parties to whom the information is produced and solely for the purpose of this case.

   b. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

      i. counsel for the respective parties to this litigation, including in-house counsel and cocounsel retained for this litigation, and clerical, secretarial, and paralegal support staff working under the supervision of such counsel in connection with this action;

      ii. the Court, Court personnel, and court reporters;

      iii. any party, officer of a party, or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A before being shown or given any Confidential Information, which executed copy shall be retained by counsel to the party disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court;

       iv.     consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit A before being shown or given any Confidential Information, which executed copy shall be retained by counsel to the party disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court;

       v.     witnesses (other than persons described in paragraph 4(b)(iv)). A witness shall sign the Certification before being shown a document containing Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition or court hearing at which the party who designated the Confidential Information is represented. Witnesses shown Confidential Information shall not be allowed to retain copies.

c. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

d. All documents, including attorney notes and abstracts, that contain information designated by another party as Confidential Information shall be handled as if they were designated pursuant to paragraph 3.

e. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial or any court hearing, provided the proponent of the evidence gives reasonable notice to all counsel and to the Court. Any party may move the Court for an order that the

evidence be received in camera or under other conditions to prevent unauthorized disclosure.

  f. Disclosure of Confidential Information pursuant to this Protective Order shall not be deemed to be a public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, et seq.

5. <u>Filing Confidential Information</u>

  a. In the event that any receiving party's briefs, memoranda, exhibits, or other papers of any kind that are served or filed include, discuss, or summarize information designated by another party as Confidential Information the papers must be appropriately designated pursuant to paragraph 3 and governed by Local Rule IA 10-5.

  b. Subject to the procedures set forth herein, no documents containing, or otherwise disclosing Confidential Information shall be publicly filed with the Court. Confidential Information shall be submitted to the Court under seal as follows:

    i. The original signed copy of any pleadings containing, referring to, or otherwise disclosing Confidential Information shall be electronically filed with the Clerk of the Court in the normal manner under the Local Rules of this Court, but the Confidential Information contained, referred to, or otherwise disclosed therein shall be redacted (and bear the stamp "redacted") so that it does not appear in the publicly filed copy of the pleading or filing; and

    ii. Unless otherwise permitted by statute, rule or prior court order, the party shall electronically file the unredacted document under seal, along with a contemporaneous motion for leave to file those documents under seal, consistent with and following the court's electronic filing and service procedures in Local Rule IA 10-5.

       iii.    Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010).

6. <u>Challenges to Confidential Information</u>

   a.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-one (21) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the material is entitled to protection.

   b.    Notwithstanding any challenge to the designation of material as Confidential Information, all documents so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

       i.    The party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

       ii.    The party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

       iii.    The Court rules the material is not confidential.

    c.    No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

7. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, including through all appeals, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than sixty (60) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within sixty (60) days that the documents have been destroyed. The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

8. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

9. This Order shall survive the termination of this Action and continue in full force and effect thereafter, ~~and the Court shall retain jurisdiction to enforce this Order.~~

10. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

11. The parties agree to be bound by the terms of this Stipulated Protective Order pending its approval by the Court.

Respectfully submitted this 2nd day of August, 2021.

| | |
|---|---|
| s/ *Dominic M. Carollo*<br>DOMINIC M. CAROLLO (Or. Bar. No. 093057), *Pro Hac Vice*<br>dcarollo@carollolegal.com<br>Carollo Law Group LLC<br>P.O. Box 2456<br>630 SE Jackson Street, Suite 1<br>Roseburg, Oregon 97470<br>Ph: (541) 957-5900<br>Fax: (541) 957-5923<br><br>O. KENT MAHER (Nev. Bar No. 316)<br>kent@winnemuccalaw.com<br>PO Box 130<br>33 W Fourth Street<br>Winnemucca, Nevada 89446<br>Ph: (775) 623-5277<br>Fax: (775) 623-2468<br><br>*Attorneys for Plaintiffs Bartell Ranch, LLC, and Edward Bartell*<br><br>s/ *Christopher Mixson* (NV Bar#10685)<br>KEMP JONES, LLP<br>3800 Howard Hughes Parkway, Suite 1700<br>Las Vegas, Nevada 89169<br>702-385-6000<br>c.mixson@kempjones.com | TODD KIM<br>Assistant Attorney General<br>United States Department of Justice<br>Environment and Natural Resources Div.<br><br>s/ *Arwyn Carroll*<br>ARWYN CARROLL (Mass. Bar # 675926)<br>LEILANI DOKTOR (HI Bar # 11201)<br>Trial Attorney<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Phone: 202-305-0465<br>Fax: 202-305-0506<br>arwyn.carroll@usdoj.gov<br>leilani.doktor@usdoj.gov<br><br>*Attorneys for Federal Defendants* |

| | |
|---|---|
| Attorney for Plaintiffs Great Basin Resource Watch, Basin and Range Watch, Wildlands Defense, and Western Watersheds Project | *s/ Laura K. Granier* (SBN 7357)<br>Erica K. Nannini, Esq (SBN 13922)<br>Holland & Hart LLP<br>5441 Kietzke Lane, 2nd Floor<br>Reno, Nevada 89511<br>Tel: 775-327-3000 |
| *s/ Roger Flynn* (CO Bar#21078) Pro Hac Vice<br>Jeffrey C. Parsons (CO Bar#30210), Pro Hac Vice<br>WESTERN MINING ACTION PROJECT<br>P.O. Box 349, 440 Main St., #2<br>Lyons, CO 80540<br>(303) 823-5738<br>wmap@igc.org | lkgranier@hollandhart.com<br>eknannini@hollandhart.com<br><br>Attorneys for Lithium Nevada Corp. |

Attorneys for Plaintiffs Great Basin Resource Watch, Basin and Range Watch, and Wildlands Defense

*s/ Talasi B. Brooks* (ISB#9712), Pro Hac Vice
Western Watersheds Project
P.O. Box 2863
Boise ID 83714
(208) 336-9077
tbrooks@westernwatersheds.org

Attorney for Plaintiff Western Watersheds Project

Julie Cavanaugh-Bill (State Bar No. 11533)
Cavanaugh-Bill Law Offices
Henderson Bank Building
401 Railroad Street, Suite 307
Elko, NV 89801
(775) 753-4357
julie@cblawoffices.org

*s/ William Falk*
William Falk, Esq (Utah Bar No. 16678), Pro Hac Vice
2980 Russet Sky Trail
Castle Rock, CO 80101

**Stipulated Protective Order** 9

(319) 830-6086
falkwilt@gmail.com

Terry J. Lodge, Esq. (Ohio Bar No. 29271)
316 N. Michigan St., Suite 520
Toledo, OH 43604-5627
(419) 205-7084
tjlodge50@yahoo.com

Co-Counsel for Plaintiff-Intervenors

The Court's jurisdiction over this protective order shall cease upon termination of this case.

IT IS SO ORDERED

_____        August 2, 2021
UNITED STATES MAGISTRATE JUDGE        Date

**Stipulated Protective Order**                                                                 10

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Bartell Ranch LLC, et al. v. McCullough et al.*, Civil No. 3:21-cv-80-MMD-CLB. I have been given a copy of that Order and have read it. I agree to be bound by the Order.

I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information –- including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information.

I hereby consent to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

DATED:_____.

_____