Julie Cavanaugh-Bill (State Bar No. 11533)
Cavanaugh-Bill Law Offices
Henderson Bank Building
401 Railroad Street, Suite 307
Elko, NV 89801
(775) 753-4357
julie@cblawoffices.org

William Falk (Utah Bar No. 16678)
2980 Russet Sky Trail
Castle Rock, CO
(319) 830-6086
falkwilt@gmail.com

Terry J. Lodge (Ohio Bar No. 29271)
316 N. Michigan St., Suite 520
Toledo, OH 43604-5627
(419) 205-7084
tjlodge50@yahoo.com

Attorneys for Reno-Sparks Indian Colony and Atsa koodakuh wyh Nuwu

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH LLC, et al., | Case No.: 3:21-cv-80-MMD-CLB |
| Plaintiffs, | (**LEAD CASE**) |
| v. | **SUPPLEMENTAL ARGUMENT IN SUPPORT OF PRELIMINARY INJUNCTION REPLY** |
| ESTER M. MCCULLOUGH, et al., | |
| Defendants, | |
| and | |
| LITHIUM NEVADA CORPORATION, | |
| Intervenor-Defendant. | |
| | |
| WESTERN WATERSHEDS PROJECT, et al., | Case No.: 3:21-cv-103-MMD-CLB |
| Plaintiffs, | (**CONSOLIDATED CASE**) |
| RENO SPARKS INDIAN COLONY, et al., | |

| | |
|---|---|
| Intervenor-Plaintiffs, | ) |
| | ) |
| and | ) |
| | ) |
| BURNS PAIUTE TRIBE, | ) |
| | ) |
| Intervenor-Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) |
| | ) |
| Defendants, | ) |
| and | ) |
| | ) |
| LITHIUM NEVADA CORPORATION, | ) |
| | ) |
| Intervenor-Defendant. | ) |

Intervenor-Plaintiffs Reno-Sparks Indian Colony (RSIC) and Atsa Koodakuh wyh Nuwu/People of Red Mountain respectfully file this supplement to their Reply in Support of their Motion for Preliminary Injunction. A few hours before Intervenor-Plaintiffs' Reply deadline, counsel for the Bureau of Land Management (BLM) emailed Intervenors' counsel about supplementing their opposition to Plaintiff-Intervenors' Motion for Preliminary Injunction with an April 14, 2021 letter from the BLM, conveying the Historic Properties Treatment Plan (HPTP). BLM also wanted to supplement with a May 29, 2015 letter from the Reno-Sparks Indian Colony informing BLM of its "official areas of cultural interests." Intervenor-Plaintiffs agreed not to oppose the supplementation in exchange for being allowed to file their own 2-page supplement.

First, Intervenor-Plaintiffs note that the version of the May 29, 2015 letter that the BLM attached is missing an important page: Page 2 of RSIC's Resolution No. 2015-RS-

29 (Exhibit 1 hereto). On that page, RSIC stated that the area of interest map attached to the letter was not the exclusive region for which it needed to be consulted. The last "Whereas," clearly states: "…while the area of interest map identifies the primary interest there may be projects or circumstances that require consultation on projects outside of the areas of interest."

Additionally, RSIC Chairman Arlan D. Melendez wrote in the May 29, 2015 letter:

"The attached map identifies the primary interest of the RSIC; *however there may be projects or circumstances that may occur outside of the official area*. At the discretion of RSIC that this map identifies, there may be other projects [sic] may request consultation with the federal agencies outside these areas." (emphasis added)

The National Historic Preservation Act (NHPA) requires the BLM to engage in a reasonable and good faith effort to identify Indian tribes which attach religious and cultural significance to historic properties. BLM's incomplete last-minute document purporting to excuse the lack of consultation that omits exculpatory language is unreasonable and in bad faith, especially coming after BLM claimed ignorance of a 19th century massacre that, as it turns out, was documented in BLM's own records.

     Apparently, BLM was not even aware of the Resolution until a few days ago. BLM found the May 29, 2015 letter "after Federal Defendants' opposition was filed." (ECF 72, pg. 2). The opposition was filed on August 12 and the letter was brought to the attention of Plaintiff-Intervenors on August 19. For BLM to now argue that it did not attempt to consult with RSIC because of the letter, BLM employees had to be aware of the letter. Producing it while preparing the record months after the BLM declared that NHPA, Section 106 consultation was finished, and then offering it as a reason RSIC was not consulted, is a *post hoc* rationale.

The April 14, 2021 letter to the Fort McDermitt Tribe confirms that BLM failed to adequately consult tribes who attach religious and cultural significance to Peehee mu'huh "prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license," as 36 CFR § 800.1(c) requires. BLM has stated that the NHPA consultation ended on November 5, 2020. Hall Declaration, ECF 30-1, p. 4. Sending a consultation letter 6 months after the BLM decided NHPA consultation was concluded and 3 months after the Record of Decision was issued violates the NHPA's implementing regulations and raises another serious question going to the merits.

Respectfully submitted this 25th day of August 25, 2021.

By: /s/ William Falk
William Falk (Utah Bar No. 16678)
2980 Russet Sky Trail
Castle Rock, CO 80108
(319) 830-6086
falkwilt@gmail.com

Julie Cavanaugh-Bill (State Bar No. 11533)
Cavanaugh-Bill Law Offices
Henderson Bank Building
401 Railroad Street, Suite 307
Elko, NV 89801
(775) 753-4357

Terry J. Lodge (Ohio Bar No. 29271)
316 N. Michigan St., Suite 520
Toledo, OH 43604-5627
(419) 205-7084
tjlodge50@yahoo.com

**Certificate of Service**

I hereby certify that on August 25, 2021, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

By: /s/William Falk
William Falk (Utah Bar No. 16678)

**Exhibits**

**#1**   Reno-Sparks Indian Colony           2 pages
         Resolution No. 2015-RS-29