UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>ESTER M. MCCULLOUGH, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-00080-MMD-CLB<br><br>SUPPLEMENTAL DISCLOSURE ORDER |

As noted at the hearing on Environmental Plaintiffs'[1] motion for a preliminary injunction, Federal Defendants[2] and Lithium Nevada Corporation have separately advanced a narrative within this case about the United States' need for a domestic lithium supply to meet the demand created by the electrification of the transportation sector and the United States' broader goal of reducing carbon emissions without compromising national security. *See Western Watersheds Project, et al. v. Bureau of Land Management of the U.S. Department of the Interior, et al.*, Case No. 3:21-cv-00103-MMD-CLB, ECF No. 47 (D. Nev. Jul. 21, 2021) (since consolidated into this case). The need for alternative sources of energy supply in the United States does not appear to be in dispute. However, in light of the parties' references to lithium's importance to batteries for electric vehicles, the Court disclosed owning an electric vehicle at that hearing. *See id.* But the Court further found that this fact did not present a conflict warranting recusal, nor could the Court's impartiality reasonably be questioned in light of that disclosure to warrant recusal under

---

[1]Western Watersheds Project, Wildlands Defense, Great Basin Resource Watch, and Basin and Range Watch.

[2]Bureau of Land Management of the U.S. Department of Interior, Ester M. McCullough, the District Manager of BLM's Winnemucca office, and the Department of the Interior.

1  28 U.S.C. § 455(a). Moreover, the parties present at that hearing did not object to the Court continuing to preside over the case.

The Court now supplements its disclosure regarding ownership of an electric vehicle with additional information that did not occur to the Court to share at the time of the hearing. In particular, the Court held less than $15,000 in shares of stock in Nio from February 22, 2021, to November 16, 2021, and since November 16, 2021, the Court holds less than $15,000 in shares of stock in Rivian. Both Nio and Rivian are involved in the development and manufacture of electric vehicles. But like its disclosure regarding ownership of an electric vehicle, the Court finds ownership of stock in these two entities does not create a conflict of interest warranting recusal, nor could the Court's impartiality reasonably be questioned to warrant recusal under 28 U.S.C. § 455(a).

DATED THIS 4th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE