UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*, <br><br>　　　　　　　　　Plaintiffs, <br>　　v. <br>ESTER M. MCCULLOUGH, *et al.*, <br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00080-MMD-CLB <br><br>ORDER |

Plaintiffs[1] and Intervenor-Plaintiffs[2] in this consolidated case challenge the Bureau of Land Management of the U.S. Department of Interior's[3] ("BLM") approval of Intervenor-Defendant Lithium Nevada Corporation's ("Lithium Nevada") plan to build a lithium mine near Thacker Pass, Nevada (the "Project") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-61, the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 1701-1787, and the National Historic Preservation Act ("NHPA"), 54 U.S.C. §§ 300101. (ECF Nos. 1, 46, 83.) *See also Western Watersheds Project, et al. v. Bureau of Land Management of the U.S. Department of the Interior, et al.*, Case No. 3:21-cv-00103-MMD-CLB, ECF No. 1 (D. Nev. Filed Feb. 26, 2021) (since consolidated into this case). Before

---

[1] Bartell Ranch LLC and Edward Bartell (collectively, the "Rancher Plaintiffs"), along with Western Watersheds Project, Wildlands Defense, Great Basin Resource Watch, and Basin and Range Watch (collectively, the "Environmental Plaintiffs").

[2] Reno-Sparks Indian Colony ("RSIC"), Atsa Koodakuh Wyh Nuwu/People of Red Mountain (the "People"), and the Burns Paiute Tribe.

[3] Ester M. McCullough, the District Manager of BLM's Winnemucca office, along with the Department of the Interior, are also named Defendants.

the Court is RSIC and the Burns Paiute Tribe's motion for a stay pending appeal. (ECF No. 156 ("Motion").)[4] As further explained below, the Motion is denied.[5]

To start, the Motion is not really a motion for a stay pending appeal. A stay would maintain the status quo, and the status quo is that the Court denied Intervenor-Plaintiffs' motion for a preliminary injunction (ECF No. 92), and motion for reconsideration of that order (ECF No. 117). There is currently no injunction in place in this case.

RSIC and the Burns Paiute Tribe are really asking for an injunction pending appeal. (ECF No. 156 at 2-3.) RSIC and the Burns Paiute Tribe "request this Court to issue an Order staying any ground disturbing activities at the Project pending the Ninth Circuit's resolution" of their appeal. (*Id.* at 3.) "To determine whether to grant an injunction pending appeal, [the Ninth Circuit Court of Appeals] applies the test for preliminary injunctions." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 (9th Cir. 2021) (citation omitted). In their Motion, RSIC and the Burns Paiute Tribe primarily "incorporate and reallege the arguments submitted in the previous briefing" on their motion for preliminary injunction and motion for reconsideration to seek an injunction pending appeal. (ECF No. 156 at 2.) They

---

[4]Defendants (ECF No. 159) and Lithium Nevada (ECF No. 164) filed responses. RSIC and the Burns Paiute Tribe have not yet filed a reply, but their deadline for doing so was yesterday, January 11, 2022. *See* LR 7-2(b) (providing that replies are due seven days after a response is served). (*See also* ECF No. 159 (filed and served January 4, 2022).)

[5]RSIC and the Burns Paiute Tribe wrote "Immediate Attention Requested" in the caption of their Motion. (ECF No. 156 at 1.) This request is denied. It does not comply with the Court's Local Rule governing emergency motions. *See* LR 7-4. Moreover, the Court issued its order denying the motion for reconsideration on November 8, 2021. (ECF No. 117.) RSIC and the Burns Paiute Tribe filed their Motion on January 3, 2022 (ECF No. 156) and ultimately filed their notice of appeal on January 6, 2022 (ECF No. 161). Because a federal government agency is a defendant, RSIC and the Burns Paiute Tribe had 60 days to appeal the Court's November 8, 2021, order. *See* Fed. R. App. P. 4(a)(1)(B)(ii) (extending time to appeal to 60 days when a federal government agency is a defendant), (4)(A) (extending time to appeal until order on motion for reconsideration); *see also* 28 U.S.C. § 1292(a)(1) (providing that orders denying motions for preliminary injunctions are appealable). By the Court's calculation, that means they had to appeal by January 7, 2022—only several days after they filed the Motion. But a "party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency." LR 7-4(b). Thus, the Court would not have granted the request for expedited review even if it had been filed in compliance with the Local Rules.

otherwise note that the Ninth Circuit will review important legal and factual issues as part of their appeal and argue that any ground disturbing activities will harm them. (*Id.* at 2-3.)

As Defendants counter, the Motion "provides no basis for the Court to revisit or alter its earlier conclusions, or issue an order enjoining any ground-disturbing activities." (ECF No. 159 at 3.) The Court explained why it denied the pertinent motions for preliminary injunction and reconsideration in its orders. (ECF Nos. 92, 117.) Like RSIC and the Burns Paiute Tribe, the Court incorporates by reference those orders here. As to harm, the Court specifically refers to the pertinent portions of its orders. (ECF Nos. 92 at 18-22, 117 at 8-10.) And RSIC and the Burns Paiute Tribe do not explain how the fact that the Ninth Circuit will consider "important legal and factual issues" fits into the four-factor framework governing injunctions pending appeal. (ECF No. 156 at 2.) Nor do they explain how the importance of the issues the Ninth Circuit will consider affects any of the four factors the Court must consider before granting an injunction pending appeal. In sum, RSIC and the Burns Paiute Tribe have not met their burden to show they are entitled to the extraordinary remedy of an injunction pending appeal.

It is therefore ordered that the Motion (ECF No. 156) is denied.

DATED THIS 12th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE