Vicky Oldenburg (Nevada Bar No. 4770)
Oldenburg Law Office
P.O. Box 17422
Reno, NV 89511
(775) 971-4245
vicky@oldenburglawoffice.com

William Falk (Utah Bar No. 16678)
2980 Russet Sky Trail
Castle Rock, CO
(319) 830-6086
falkwilt@gmail.com

Terry J. Lodge (Ohio Bar No. 29271)
316 N. Michigan St., Suite 520
Toledo, OH 43604-5627
(419) 205-7084
tjlodge50@yahoo.com

Attorneys for Reno-Sparks Indian Colony

Louis M. Bubala III (Nevada Bar No. 8974)
KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada  89501
Telephone: (775) 852-3900
Facsimile:  (775) 327-2011
Email:  lbubala@kcnvlaw.com

Rick Eichstaedt (Washington Bar No. 36487 *Admitted Pro Hac Vice*)
WHEAT LAW OFFICES
25 West Main Avenue, Suite 320
Spokane, Washington 99201
Telephone:  (509) 251-1424
Email:  rick@wheatlawoffice.com

Attorneys for the Burns Paiute Tribe

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH LLC, et al., | Case No.: 3:21-cv-80-MMD-CLB |
| | (**LEAD CASE**) |
| Plaintiffs, | |
| | |

|  |  |
|---|---|
| v. | |
| ESTER M. MCCULLOUGH, et al., | **TRIBAL PLAINTIFFS'** |
| | **FIRST MOTION TO EXTEND** |
| Defendants, | **TIME TO REVIEW** |
| and | **NEWLY-SUPPLEMENTED** |
| | **ADMINISTRATIVE RECORD** |
| LITHIUM NEVADA CORPORATION, | **AND SUBMIT OPENING** |
| | **SUMMARY JUDGMENT** |
| Intervenor-Defendant. | **MOTIONS** |
| | |
| WESTERN WATERSHEDS PROJECT, et al., | Case No.: 3:21-cv-103-MMD-CLB |
| | (**CONSOLIDATED CASE**) |
| Plaintiffs, | |
| | |
| RENO SPARKS INDIAN COLONY, et al., | |
| | |
| Intervenor-Plaintiffs, | |
| | |
| and | |
| | |
| BURNS PAIUTE TRIBE, | |
| | |
| Intervenor-Plaintiff. | |
| | |
| v. | |
| | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | |
| | |
| Defendants, | |
| and | |
| | |
| LITHIUM NEVADA CORPORATION, | |
| | |
| Intervenor-Defendant. | |

The Burns Paiute Tribe ("BPT") and Reno-Sparks Indian Colony ("RSIC") (together "Tribal Plaintiffs") submit their First Motion to Extend Time for filing opening motions for summary judgment. For the reasons set forth below, Tribal Plaintiffs respectfully request an additional 60-days to review the revised

2

1 administrative record and to file any objections and, then, 30-days to file their
2 opening briefs once any new objections have been resolved by this Court or if no
3 objections are filed. Parties to this case have attempted to reach an agreement
4 on adjustment of the schedule, but have been unable to reach an agreement.

On November 24, 2021, the Court ordered: "If the Court grants all or part of the motions to complete the administrative record, the parties agree that opening motions for summary judgment shall be filed within 30 days of Federal Defendants lodging of the new administrative record with the Court and all parties."

On February 11, 2022, Defendant Bureau of Land Management ("BLM") mailed new thumb drives, pursuant to the Court's December 27, 2021 Order, ECF No. 155, containing "any materials previously withheld as deliberative" and "any documents still withheld as deliberative when Defendants supplement the AR in a privilege log." *Id.* at 5-6.

RSIC's co-counsel Will Falk received his thumb drive on Tuesday, February 15, 2022. BPT's counsel Rick Eichstaedt received his thumb drive on Wednesday, February 16. As of the time of filing this Motion, RSIC's co-counsel Terry Lodge has still not received his thumb drive.

The "new" administrative record contained a staggering amount of new documents – BLM added over 30,000 new pages to the EIS Decision File (which nearly doubled the the EIS Decision File), over 2,000 new pages in the NHPA Decision File (which more than doubled the NHPA Decision File), and added

nearly 9,000 new pages to the privilege log. Given the volume of this new documentation, Tribal Plaintiffs need an additional 60-days from the date this Motion is filed (February 25, 2022) to review the nearly 40,000 new pages supplementing the administrative record. Then, if no new motion practice is needed, Tribal Plaintiffs need 30-days to file their opening summary judgment motions or 30-days from the date this Court resolves any new record disputes.

Reviewing the nearly 40,000 is no easy task.  Attorneys need to review each of the documents, including the privilege log, to determine what documents may be missing while coordinating with Tribal staff and leadership.   Given the nature of the case (consultation and coordination with Tribes), close coordination with Tribal officials is essential.

Tribal Plaintiffs are sensitive to the Court's aspiration to rule on the merits before the 2022 construction season. The Court has stated that it seeks to resolve this case on the merits before the 2022 construction season begins. It relied on this aspiration to limit what it would consider as irreparable harm to carrying out the HPTP in denying the Tribes' motion for preliminary injunction (ECF 92-20). It relied on this aspiration to deny RSIC's motion for leave to amend its complaint (ECF 167-5). It ordered BLM to produce materials previously withheld as deliberative and to supplement the AR with a privilege log within 30-days because "the Court hopes to resolve this case on the merits before the 2022 construction season begins…" (ECF 155-6.)

Given the volume of the new documents provided to the parties, Tribal Plaintiffs respectfully submit that ruling on the merits before the start of construction season is likely no longer possible in a manner that is fair to the parties.

Assuming that construction season begins in April or May, BLM's doubling of the administrative record has made a merits ruling by April or May virtually impossible. BLM's attempts to withhold so much documentation suggests that there may be items in the supplemented record that prove BLM's violations of the permitting process.

The current schedule to rule on the merits before construction season without an opportunity to fully review the record would prejudice the Tribal Plaintiffs. At the heart of the Tribal Plaintiffs' claims is that BLM arbitrarily and capriciously rushed this Project through the permitting process, *precisely to limit Tribal, public, and judicial review of the Project.*

BLM appears to be banking on the Court's intention to issue a spring 2022 dispositive ruling to make it extremely difficult for the parties to absorb the supplemental items in the record. BLM withheld nearly 40,000 pages of documents and allowed the parties to negotiate a schedule for summary judgment briefing that made summary judgment motions due 30 days after BLM lodged those new 40,000 pages. BLM likely hoped that the Court's aspiration to rule on the merits would either force the parties to adhere to their original schedule or that this Court would limit the time the Plaintiffs would get to review

5

the new documents. From the Tribes' perspective, rushing to the merits, at this point, restricts the Tribes' ability to challenge BLM's consultation violations. It favors BLM and Lithium Nevada and prejudices the Tribes.

The parties were afforded more than 30-days by the Court to review the previous version of the record (which was nearly half the size). It is not reasonable to assume that the parties can review around 40,000 pages of new documents, assemble record objections, and file them in the next 30-days. Moreover, it was no fault of Tribal Plaintiffs that such an enormous new record was filed – this falls entirely on the BLM. Had Tribal Plaintiffs anticipated such a volume of new documents, they would not have agreed to the previous schedule. Accordingly, it is imperative for the Court to grant an extension of time to review the new items and to entertain the potential for more motion practice on the administrative record.

For these reasons, Tribal Plaintiffs respectfully request 60-days from the date this Motion is filed to review the supplemented administrative record and 30-days to file opening briefs once record disputes are resolved, if necessary.

Respectfully submitted,

s/Will Falk
Utah Bar No.: 16678
2980 Russet Sky Trail
Castle Rock, CO 80108
(319) 830-6086

Vicky Oldenburg (Nevada Bar No. 4770)
Oldenburg Law Office

```
 1  P.O. Box 17422
 2  Reno, NV 89511
 3  (775) 971-4245
 4  vicky@oldenburglawoffice.com
 5
 6
 7  Terry J. Lodge
 8  Ohio Bar No.: 29271
 9  316 N. Michigan St., Suite 520
10  Toledo, OH 43604-5627
11  (419) 205-7084
12
13  Attorneys for Reno-Sparks Indian Colony
14
15  s/Rick Eichstaedt (Washington Bar No. 36487 *Admitted Pro Hac Vice*)
16  WHEAT LAW OFFICES
17  25 West Main Avenue, Suite 320
18  Spokane, Washington 99201
19  Telephone:  (509) 251-1424
20  Email: rick@wheatlawoffice.com
21
22  Louis M. Bubala III (Nevada Bar No. 8974)
23  KAEMPFER CROWELL
24  50 West Liberty Street, Suite 700
25  Reno, Nevada   89501
26  Telephone:  (775) 852-3900
27  Facsimile:    (775) 327-2011
28  Email:  lbubala@kcnvlaw.com
29
30  Attorneys for the Burns Paiute Tribe
```

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, February 25, 2022, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

                                              /s/Will Falk
                                              Utah Bar No. 16678