Laura K. Granier (SBN 7357)
Erica K. Nannini (SBN 13922)
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511-2094
(775) 327-3000
(775) 786-6179 fax
lkgranier@hollandhart.com
eknannini@hollandhart.com

Hadassah M. Reimer, Esq (Wyo. Bar No. 6-3825)
*Admitted Pro Hac Vice*
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor
Lithium Nevada Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARTELL RANCH, LLC, et al., | **Lead Case:** |
| Plaintiffs, | **Case No. 3:21-cv-00080-MMD-CLB** |
| v. | |
| ESTER M. McCULLOUGH, et al., | **LITHIUM NEVADA CORP.'S OPPOSITION TO TRIBAL PLAINTIFFS' MOTION TO EXTEND TIME TO REVIEW THE ADMINISTRATIVE RECORD** |
| Defendants, | |
| WESTERN WATERSHEDS PROJECT, et al., | |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | |
| Defendants, | |
| and | |
| LITHIUM NEVADA CORP., | |
| Defendant-Intervenor. | |

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

1

Defendant-Intervenor Lithium Nevada Corporation ("Lithium Nevada") files this opposition to the Burns Paiute Tribe ("BPT") and Reno-Sparks Indian Colony's ("RSIC", together, "Tribal Plaintiffs") motion to extend time to review the administrative record and file their opening motion for summary judgment.  ECF 183.

## INTRODUCTION

This case has now been pending a year and already has experienced delay because the Tribal Plaintiffs waited five months to seek intervention, filing their emergency motion on the eve of the first hearing on Plaintiffs' Motion for Preliminary Injunction.  Now they exaggerate the burden of reviewing the updated record in multiple ways and transparently do so to delay this Court's decision on the merits of this case.  The Tribal Plaintiffs' current posture that the previously agreed-upon schedule is "virtually impossible," Mot. at 5, is a clear about-face from their initial position in their motion to intervene where they promised the Court that the other "parties will not be prejudiced" and that granting their intervention "would not delay relief." ECF 43 at 8.  The Court should not countenance their unsubstantiated request for additional delay.  Furthermore, the Court previously only allowed the addition of deliberative documents to the National Historic Properties Act ("NHPA") record.  ECF 155 at 14–15.  As analyzed below, only a small portion of those deliberative records produced relate to the Tribes' claims.[1]

The Tribes' claimed harms from a three-week review period are also dramatically embellished.  The Tribes highlight as a burden the privilege log's description of the number of pages, including the page numbers of all the entirely withheld documents—documents that by virtue of that designation in the privilege log are not available for review.  Rather, there are only 18 redacted documents in the privilege log that BLM classified as relating to Tribal

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

---

[1] The Tribes suggest yet another new claim in their motion, arguing that they are opposing BLM's attempts "to limit Tribal, public, and judicial review of the Project."  Mot. at 5.  As exhaustively briefed, the Tribes did not raise claims regarding the public consultation process nor bring their claims as members of the public only.  *See, e.g.*, ECF 92 at 17.  Furthermore, the Tribes have never before claimed that BLM is attempting to rush *judicial* review of their claims, and impliedly cast the court as an opposing party.  This is inappropriate, impugns the neutrality of the Court, and ignores that it is the lack of any likelihood of success on the merits that puts them in their current position.

2

consultation.  The privilege log itself contains only 84 entries and is not difficult to read or understand.  *See* Exhibit 1.[2]

The Tribes' protestations omit that many of the newly-added documents to the NHPA record were received from the Tribes themselves.  Finally, focusing on pages rather than documents obscures the fact that the increased page volume in the EIS decision record is due to the inclusion of documents that do not pertain to the Tribes' claims under the National Environmental Protection Act ("NEPA") which all relate to either Tribal consultation or archaeological and cultural resource impacts, and a few earlier drafts of large documents already included in the initial record.  The additional documents added to the NHPA and EIS Decision Records will not require the Tribes spend 60 days reviewing the record and Lithium Nevada urges the Court to consider the factual realities of the record and deny the Tribes' motion to extend time to review.

<u>**ARGUMENT**</u>

**A.    The Newly Produced Documents in the NHPA Record Include Documents from the Tribes Themselves.**

The Tribes maintain that the 139 documents added to the NHPA record functionally "double" the record, but do not take into account the substance of those documents.  Sixteen (about 12% of the total new documents) are documents that were sent from or to the Tribes, meaning they include information that the Tribes themselves produced or received already.  These documents require no review for the Tribes.  Additionally, the Tribes' previously asserted need to review deliberative documents only encompasses a minimal number of the additional documents.  The Tribes previously asserted in their motion to supplement the record

---

[2] The Tribes further raise the specter of possible "objections" prompted by the final record. Mot. at 3, 6.  But they do not identify any grounds for those objections, and hypothetical further actions to delay this litigation are not substantive reasons for the Court to extend time to review the record.  The Court previously denied inclusion of the Tribes' proffered documents, BLM affirmatively included certain requested documents, and the Court granted the Tribes' motion to supplement request for deliberative documents.  *See* ECF 155 at 14–15.  BLM certified that it provided all of those relevant deliberative documents, and none of the entirely withheld documents in the privilege log are indicated as relating to the Tribal Plaintiffs' claims.  *See* Ex. 1.  Where no factual basis exists to make further objections to the record and the parties already have fully briefed objections to completeness this Court should not allow a further delay before briefing on the merits for what Plaintiffs appear to seek as an endless record dispute process.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

3

their interest in specific deliberative documents, namely the Preliminary Draft EIS (174 pages), the Bengston Report (326 pages), and meeting notes, *see* ECF 155 at 11–13, which comprise a mere 30 additional documents (ranging from one to eleven pages each) in the final NHPA record.

Furthermore, a full 28 documents added to the NHPA record (20% of the new documents) are exhibits from letters sent by Plaintiff Edward Bartell regarding his water claims, and have nothing to do with the NHPA tribal consultation process or the Tribes' claims. Omitting those documents, the NHPA record only grew by 95 documents, none of which are over 20 pages in length and average 6 pages per document. And significantly, the only voluminous documents in the NHPA record (aside from Mr. Bartell's emails) are the draft EIS (174 pages) and the draft HPTP (88 pages), documents that the Tribes have already reviewed the final drafts of and would not need significant time to review.

The Tribes cannot rely on the number of pages alone to justify an extension that the Tribes anticipate will delay the Project by a year, particularly where Lithium Nevada would be harmed by further delay. *See* ECF 167 at 11 (noting that "delay would unduly prejudice the other parties to this case"). A meaningful review of the additional documents in the NHPA record demonstrate that only a subset of the documents are pertinent to the Tribes' claims and new to the Tribes, meaning the burden to review will be minimal and achievable in the three weeks currently allocated. The Tribes have had over four full months to prepare their opening motion for summary judgment. *See* ECF 113 at 2. There is no reasonable justification to delay their filing by another three months for a review of these additional documents that they knew were being produced.

**B.    The Vast Majority of the Newly Produced Documents in the EIS Decision Record do not Pertain to the Tribes' Claims.**

Of the additional 696 entries to the EIS Decision record, there are only *19 document entries* indicated by BLM as relating to tribal consultation, the longest of those documents amounting to only 13 pages. This data demonstrates that the Tribes do not need an additional 60 days to review the EIS Decision record—they will only need to substantively review 19

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

additional documents and will simply scan the remaining document descriptions in the index to determine whether any further documents could be relevant to the subject matter of their claims. Each document entry is labeled and categorized in the record index and the majority of the EIS Decision record entries are clearly not relevant to the Tribes' claims. If a document entry in the record index is categorized by BLM as a "Water" document, labeled as an email transmitting three copies of Water-related documents for the EIS's NEPA analysis, it should not be assumed that the Tribes will need to review the Water document's pages in its review of the EIS Decision record. The burden to the Tribes to review the EIS Record should be evaluated based on what documents in that record actually pertain to the Tribes' claims.

## CONCLUSION

Where the Tribes' motion exaggerates the burden of reviewing the supplemental documents BLM produced for the record by claiming it will need time to review documents withheld in the privilege log and documents they themselves provided to the BLM, the Court should look closely at the actual nature of the documents produced. When evaluated against the Tribes' pending claims on the merits, the result is that the Tribe will only substantively need to review 162 additional documents (the 111 documents in the NHPA record, omitting the Bartell documents and the Tribes' own documents, combined with the 19 documents in the EIS Decision record and 32 redacted documents in the Privilege Log). That review cannot be assumed to take longer than the three weeks already allotted following over four months the Tribe has had to review the rest of the record and prepare its opening motion for summary judgment in a case that has been pending for more than a year. For all these reasons, the Court should deny the Tribes' motion to extend time to file summary judgment briefing.

Dated: March 3, 2022.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)
Erica K. Nannini (SBN 13922)
HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511

*Attorneys for Defendant-Intervenor*
*Lithium Nevada Corp.*

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)

## TABLE OF EXHIBITS

| Exhibit # | Document |
|---|---|
| 1. | Privilege Log |

17744492_v1

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094