TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ARWYN CARROLL (MA Bar 675926)
LEILANI DOKTOR (HI Bar 11201)
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0465
Fax: (202) 305-0506
arwyn.carroll@usdoj.gov
leilani.doktor@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ESTER M. MCCULLOUGH, *et al.,*<br><br>    Defendants.<br><br>─────────────<br><br>WESTERN WATERSHEDS PROJECT, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.,*<br><br>    Defendants. | Case No. 3:21-cv-80-MMD-CLB<br>Related Case No. 3:21-cv-103-MMD-CLB<br>(Consolidated)<br><br><br><br><br><br><br><br>**FEDERAL DEFENDANTS' RESPONSE TO RENO SPARKS INDIAN COLONY AND THE BURNS PAIUTE TRIBE'S MOTION TO EXTEND TIME** |

**Fed. Defs.' Resp. to Mot. to Extend Time**

Plaintiff Intervenors, the Burns Paiute Tribe and Reno-Sparks Indian Colony moved on February 25, 2022, requesting 60 days to review the new record and an additional 30 days for filing opening motions for summary judgment in this action.[1] *See* ECF No. 183. Plaintiffs, Bartell Ranch and Western Watersheds Project et. al., filed a similar motions on February 28, 2022 requesting 30 days to review the new record and file motions on the administrative record and 30 days after resolution of those motions to prepare briefs on summary judgment. ECF Nos. 186, 188. Federal Defendants oppose these motions on the basis that a shorter schedule can accommodate Plaintiffs and Plaintiffs Intervenors concerns and avoid prejudice to Federal Defendants from Plaintiffs and Plaintiffs Intervenors disproportionate amount of time to file their motions for summary judgment. Moreover, judicial review of this agency action must be limited to "the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (citation omitted).

Federal Defendants are open to a reasonable extension of time to review the additional documents prior to resolution of the existing claims in this case. Accordingly, taking account of the several pending motions before this Court and

---

[1] It is unclear whether the Court may entertain Plaintiffs-Intervenors dipositive motions in light of their pending appeal and the fact that "the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885–86 (9th Cir. 2001). To the extent Plaintiff-Intervenors wish to bifurcate their schedule, they should provide a proposed schedule for the Parties and Court's consideration.

based on the existing parameters of the joint scheduling order, Federal Defendants propose the following schedule[2]:

1. On **April 1, 2022**, Plaintiffs and Plaintiffs Intervenors shall file their opening motions for summary judgment and brief in support of their motion for summary judgment, limited to 40 pages for Plaintiff Bartell Ranch, et al., 40 pages for Plaintiff WWP, et al., 25 pages for Plaintiff Intervenors Reno Sparks Indian Colony and 25 pages for Plaintiff Intervenors the Burns Paiute Tribe;

2. Federal Defendants and Lithium Nevada shall file their separate cross-motions for summary judgment (combined with their opposition to Plaintiffs' and Plaintiff Intervenors' motions), limited to 40 pages in response to Plaintiffs Bartell Ranch, et al., 40 pages in response to Plaintiff WWP, et al., and 50 pages in response to Plaintiff Intervenors', by no later than **45 days** after filing of Plaintiffs' and Plaintiff Intervenors' opening briefs.

3. Plaintiffs and Plaintiff Intervenors shall file their combined opposition to Federal Defendants' and Lithium Nevada's motions for summary judgment and reply in support of their motions for summary judgment, limited to 40

---

[2] Federal Defendants take the position that no further motions on the administrative record are appropriate because the record is complete with all deliberative and non-deliberative documents pertaining to the Thacker Pass Lithium Project and a privilege log for any materials redacted or withheld was provided. Should the Court determine time for further motions on the administrative record is necessary, Federal Defendants request the Court set a deadline for any motions on the administrative record or objections to the privilege log on **March 18, 2022.** If such a motion is filed, Federal Defendants request the schedule for filing summary judgment motions be stayed **30 days until April 18, 2022** to accommodate time for briefing the motions.

pages each for Plaintiffs Bartell Ranch, et al., and Plaintiffs WWP, et al., and 25 pages each for Plaintiff Intervenors Reno Sparks Indian Colony and the Burns Paiute Tribe, by no later than **30 days** after filing of Federal Defendants and Defendant Intervenors;

4. Federal Defendants and Lithium Nevada shall file their separate replies in support of their motions for summary judgment, limited to 25 pages in reply to Plaintiffs Bartell Ranch, et al., 25 pages in reply to Plaintiff WWP, et al., and 40 pages in reply to Plaintiff Intervenors' motions, by no later than **30 days** after filing of Plaintiffs' and Plaintiff Intervenors' responses and replies.

I. **Background on Production of the Administrative Record**

BLM produced its initial record for the environmental claims in this matter on July 30, 2021. *See* ECF No. 122 at 1-2. After the Plaintiff Intervenors intervention, BLM compiled additional documents for those new NHPA claims and produced a record to the parties on October 1, 2021. *Id.* The Parties were unable to resolve their disputes on the record and all parties filed motions for Federal Defendants to complete or supplement the record.

After parsing through four motions to complete or supplement the administrative record and twelve responses and replies, this Court ordered BLM complete the record "with any materials previously withheld as deliberative, or alternatively identify any documents still withheld as deliberative when Defendants supplement the AR in a privilege log." ECF No. 155 at 5-6. BLM duly undertook the task and lodged a revised Administrative Record ("revised AR") with the Court on

**Fed. Defs.' Resp. to Mot. to Intervene** 3

February 11, 2022. ECF No. 178. BLM also mailed copies of the revised AR to the parties that same day. BLM included all the materials related to its decision on the Thacker Pass Project in the revised AR, including several thousand non-substantive emails and documents previously excluded from the record on the basis that they were not directly or indirectly considered by the agency in making its decision and were thus deliberative. The Parties conferred on February 17, 2022 and Federal Defendants agreed to a three-week extension of the deadline for summary judgment briefing to accommodate review of the additional documents. The parties conferred again on February 23, 2022 and were unable to come to an agreement on a proposed schedule.

## II.   Further Motions on the Administrative Record are not Appropriate

It is Federal Defendants position that the time for motions on the administrative record has passed. Plaintiffs and Plaintiff-Intervenors have had the opportunity to challenge the record and the record has since been revised with both deliberative internal agency materials and some of their requested documents. *See generally* ECF No. 178. Plaintiffs and Plaintiff-Intervenors request for another round of briefing on the revised AR runs counter to the principles of judicial review under the APA and risks miring this litigation in a perpetual state of motions on the sufficiency of the record rather than one focused on final resolution on the merits.

The scope of judicial review under the APA is limited to the administrative record. *See* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party[.]"). The "focal point" for such "judicial review should be the administrative record already in existence, not some new record made initially in the

reviewing court." *Fla. Power & Light Co.*, 470 U.S. at 743 (citation omitted); *see also Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988), *amended*, 867 F.2d 1244 (9th Cir. 1989) (same). Accordingly, Plaintiffs and Plaintiff-Intervenors should not be permitted to request the addition of their desired documents that are not currently in the administrative record. The revised AR consists of all documents related to the Thacker Pass Lithium Project held by the BLM. It has been certified by the agency as complete and that certification is entitled to a presumption of regularity. *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (this presumption is derived from recognition that "[i]t is the agency that did the 'considering,' and . . . therefore is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'" (citation omitted)). Plaintiffs and Plaintiff Intervenors have already had an opportunity to request the addition of their desired documents to the administrative record and they are not entitled to another opportunity based on the agency's inclusion of thousands of documents not directly or indirectly considered by it in the revised AR.

BLM produced its initial administrative record consistent with District of Nevada holdings that deliberative documents, i.e. internal agency communications and materials, are not a part of the administrative record in the first instance for reasons unrelated to any assertion of privilege. *United States v. Carpenter*, No. 3:99-CV-00547-RLH, 2011 WL 4763675, at *3 (D. Nev. Oct. 7, 2011). There has been no evidence of bad faith on the part of BLM. Yet, Plaintiffs and Plaintiff Intervenors lob

accusations that the production of many documents in accordance with this Court's order "indicate[s] that Federal Defendants are likely still withholding documents that should be part of the AR," ECF No. 186 at 4-5, or "appear[] to have been a[n] [] attempt by BLM to conceal records." *Id*. at 6; *see also* ECF No. 183 at 5 ("BLM's attempts to withhold so much documentation suggests that there may be items in the supplemented record that prove BLM's violations of the permitting process.").[3] BLM has not purposefully withheld documents that belong in the revised AR and any accusations to the contrary should be abandoned.

### III.  CONCLUSION

Federal Defendants request this Court adopt the above-proposed schedule and limit any further motions on the administrative record to allow for the timely resolution of this case.

Respectfully submitted this 2nd day of March, 2022.

        TODD KIM
        Assistant Attorney General
        United States Department of Justice
        Environment and Natural Resources Div.

        */s/ Leilani Doktor*
        LEILANI DOKTOR (HI Bar 11201)

---

[3] Plaintiffs also contend that BLM "knew and willfully withheld records which should have properly been in the [record] in the first instance," ECF No. 186 at 4-5, and that BLM "never implied that it was withholding so many documents." ECF No. 188 at 4. But the deliberative documents, now included in the revised AR, were excluded on the basis that deliberative documents do not belong in the record in the first instance—the documents inclusion now does not indicate any change to the substantive claims of this case.

Fed. Defs.' Resp. to Mot. to Intervene          6

Arwyn Carroll (MA Bar 675926)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: 202-305-0465
Fax: 202-305-0506
leilani.doktor@usdoj.gov
arwyn.carroll@usdoj.gov

*Attorneys for Federal Defendants*