Laura K. Granier (SBN 7357)
Erica K. Nannini (SBN 13922)
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511-2094
(775) 327-3000
(775) 786-6179 fax
lkgranier@hollandhart.com
eknannini@hollandhart.com

Hadassah M. Reimer, Esq (Wyo. Bar No. 6-3825)
*Admitted Pro Hac Vice*
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor*
*Lithium Nevada Corp.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH, LLC, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>ESTER M. McCULLOUGH, et al.,<br><br>     Defendants,<br><br>WESTERN WATERSHEDS PROJECT, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>     Defendants<br><br>and<br><br>LITHIUM NEVADA CORP.,<br><br>     Defendant-Intervenor. | *Lead Case:*<br>**Case No. 3:21-cv-00080-MMD-CLB**<br><br>**LITHIUM NEVADA CORP.'S OPPOSITION TO BARTELL & WESTERN WATERSHEDS PROJECT, et al. PLAINTIFFS' MOTION FOR AN ORDER TO SET A NEW BRIEFING SCHEDULE** |

1

Defendant-Intervenor Lithium Nevada Corporation ("Lithium Nevada") files this opposition to Plaintiffs Edward Bartell and Bartell Ranch LLC's (collectively, "Bartell Plaintiffs") motion to set a new case schedule, ECF 186, and Plaintiffs Western Watersheds Project, Great Basin Resource Watch, Basin and Range Watch, and Wildlands Defense's (collectively, "WWP Plaintiffs") to alter or amend the briefing schedule, ECF 188. The Bartell Plaintiffs continue to advance unsupported wild theories regarding the BLM's development of the Environmental Impact Statement ("EIS") Decision record that this Court should disregard. The WWP Plaintiffs incorrectly state that documents ordered produced were withheld and both motions exaggerate the burden of reviewing the updated records in multiple ways.

After the Court declined to adopt the Bartell Plaintiffs' baseless conspiracy theory that a "shroud of secrecy" existed over the water data, *see* ECF 108 at 17–18, ECF 155 at 7, the Bartell Plaintiffs now contend, once again, without any support, that BLM "deliberat[ely] attempt[ed] … to conceal records properly within the" administrative record ("AR") by initially omitting documents it deemed deliberative. ECF 186 at 6. This allegedly "improper" choice to withhold deliberative documents, *id.* at 8, cannot demonstrate malfeasance because government agencies in many district courts within this circuit have taken that approach with the Court's approval. *See* ECF 121 at 10 (observing Nevada district courts previously affirmed agency decisions to exclude deliberative documents). Nor does BLM's initial decision to not include deliberative documents in the AR that it determined it did not rely on for its decision-making substantiate the Bartell Plaintiffs' asserted need to file further motions to complete the record. BLM complied with the Court's order to produce or log all deliberative documents related to the Thacker Pass Project ("Project"). There is nothing more to brief and the Plaintiffs do not get a second bite at disputing the completeness of the AR—particularly where, as here, there is nothing left to argue as BLM has produced everything in its possession. BLM justified the few documents it withheld in a privilege log and has no motive that Bartell or the WWP Plaintiffs can identify to "hide" any aspect of the decision-making process.

While BLM attempted to keep the administrative record focused on documents it actually relied upon for its decision, Plaintiffs insisted on having everything and, now that they

2

got exactly that, complain and seek further delay of the case and more motion practice on the record. The Bartell and WWP Plaintiffs' claimed harms from a three-week review period (following the several months that they had to review the existing AR and prepare their summary judgment motions) are also dramatically embellished. The Bartell Plaintiffs highlight as a burden the privilege log's description of the number of pages, but that number includes the pages of all the entirely withheld documents—documents that by virtue of that designation in the privilege log are not available for review. The privilege log itself contains only 82 entries and is not difficult to read or understand. *See* ECF 189, Ex. 1. The Bartell Plaintiffs also point to the pages included in the NHPA record, which included just 28 documents that pertain to the Bartell Plaintiffs' claims. *See* Exhibit 1 (final NHPA Index). Finally, focusing on pages rather than documents obscures the fact that the increased page volume in the EIS decision record is due to the inclusion of documents submitted by either the Bartell Plaintiffs or the WWP Plaintiffs and a few earlier drafts of large documents already included in the initial record.

The additional documents added to the EIS Decision Records will not require the Bartell or WWP Plaintiffs time in excess of the previously agreed-upon schedule to review the record, particularly given that they have had over seven months to review the administrative record and prepare their opening summary judgment brief. Lithium Nevada urges the Court to consider the factual realities of the record and deny the Bartell and WWP Plaintiffs' motions to set a new case schedule.

**ARGUMENT**

**A.     The Bartell Plaintiffs Cannot Demonstrate that BLM Intentionally Prejudiced their Review of the Record by Initially Excluding Deliberative Documents.**

BLM's decision to follow prior precedent in the Nevada district court and other circuits and not include deliberative documents in the administrative record ("AR") first produced in July 2021 does not demonstrate that the BLM's initial production "willfully withheld records." *See* ECF 186 at 5. As BLM explained in its briefing on the AR dispute, it was following prior

3

precedent in the Nevada district court and other circuits' conclusions drawn from Supreme Court precedent. ECF 122 at 4–9. And the documents BLM excluded and then produced following the Court's decision on the AR dispute *were* clearly deliberative. *See* Exhibit 1 at TPNHPA-0177 (including records from meetings that were cancelled); Exhibit 2, EIS Decision Record Index at TPEIS-1346 (emails in which the BLM staff deliberated over which image to put on the cover of the Draft EIS). BLM's decision to produce in full the large majority of its "materials previously withheld as deliberative" in the final record, ECF 155 at 6, demonstrates its effort to produce everything in its possession relating to the decision at issue to avoid allegations that BLM unnecessarily asserted the deliberative process privilege over any documents withheld in the final privilege log.

BLM explained that it interpreted caselaw to conclude that its internal deliberative conversations and drafts were "not 'considered'" in making the final decision and withheld those documents. ECF 122 at 9. But when this Court issued its interpretation, instead of choosing to assert the deliberative process privilege over all the documents added to the final record, BLM disclosed most of the conversations and documents in its possession related to the Project. In fact, of the 84 entries in the privilege log designating documents that BLM redacted or withheld, only *8 documents* were "identif[ied as] … documents still withheld" on the basis of deliberative process privilege alone. *See* ECF 189, Ex. 1, *see also* ECF 155 at 6. BLM's sincere effort to produce all documents possibly related to the Project demonstrates that BLM chose not to assert privilege over all of the communications and drafts it initially omitted due to their deliberative nature and then subsequently included in the final record in the interest of full transparency and in accordance with the Court's order. ECF 155 at 4–6. The Bartell Plaintiffs' continued efforts to turn a dispute about the record into "bad faith" is factually baseless and does not justify further record supplementation or more time for them to review the record.

4

**B. The Bartell Plaintiffs Cannot Point to Legitimate Grounds for further Motion Practice.**

Nor is BLM's initial choice to follow prior court precedent a reason to distrust the BLM's subsequent certification of the final record after complying with the Court's order. The BLM's effort to provide *everything in its possession* following the Court's order shows its good faith and effort to avoid any possible question or further dispute. BLM redacted or withheld only 82 documents and produced an additional 696—meaning the privilege logged documents account for just barely over 10% of the total. *See* Ex. 2. The Bartell Plaintiffs claim that they believe BLM is "likely still withholding documents," and point to emails claiming certain documents are "missing" from the record when, in fact, those documents are identified as produced in the final EIS Decision record. ECF 186 at 7.[1] The Bartell Plaintiffs contend that the final record omits communications Bartell claims exist—namely, further communications amongst BLM's contractors. *See* ECF 188, Ex. 1 at 1–2. But this Court exhaustively addressed the Bartell Plaintiffs' request for those exact documents and denied it, concluding that the Bartell Plaintiffs "have not carried their heavy burden to show BLM considered these types of documents in deciding to approve the Project." ECF 155 at 7. The Court should not consider the Bartell Plaintiffs' request for more time to file further motions on the record, particularly when they demonstrate they will be re-raising the same meritless arguments already rejected. The Plaintiffs suggest an endless process of AR dispute resolution wherein after supplementation, there is further motion practice on disputes of what was produced even when BLM has produced everything in its possession required under the Court's order. This second (third, or fourth) bite at the apple would unreasonably and unnecessarily delay this Court's decision on the merits of the case.

---

[1] While this detailed analysis of the record belies the Bartell Plaintiffs' claims that they need more time to understand the record, their allegations of missing documents are unfounded. For example, the scoping comments from TPEIS-1110 sought by Bartell Plaintiffs in their subsequent correspondence are clearly included in record at TPEIS-0905. *See* Ex. 2.

5

### C. The WWP Plaintiffs Cannot Point to Legitimate Grounds for Further Motion Practice.

The WWP Plaintiffs similarly do not demonstrate grounds for further motion practice. Their sole claim in their motion is that they believe BLM omitted specific documents from the final record that the Court ordered included. ECF 188 at 3; *see* ECF 155 at 11–12 (ordering production of the Preliminary Draft EIS, the Nevada Department of Wildlife ("NDOW") comment letter, and the Nevada Division of Environmental Protection ("NDEP") letters from October and December 2020). This is demonstrably false. The Preliminary Draft EIS is included in the AR at TPEIS-1050. *See* Ex. 2. The NDOW comment letter is included at TPEIS-1090. *Id.* The two NDEP Letters are included at TPEIS-1494 and -1498. *Id.* BLM did not "improperly withhold documents" that the Court ordered produced, ECF 188 at 5, and the WWP Plaintiffs thus do not identify reasonable grounds to file further motions on the record.

### D. The Bartell and WWP Plaintiffs Exaggerate the Burden of Further Record Review.

The additional documents added to the Final record do not require significant time to review. The Bartell Plaintiffs artificially inflate the number of pages they need to review by pointing both to withheld documents in the privilege log (that are not available for their review) and documents added to the NHPA record, which do not pertain to Bartell's pending claims. The privilege log provided 82 entries, 45 of which indicate withheld documents—decreasing both the Bartell and WWP Plaintiffs' asserted page count by about 6,500 pages. *See* ECF 189, Ex. 1. Of the redacted documents produced and noted in the privilege log, 16 are specifically related to Tribal cultural resources issues, eliminating another 1,500 pages of review. *Id.*

And the additional 139 entries in the NHPA record also largely pertain to arguments unique to the Tribes. *See* Ex. 1. Only 28 documents added to the NHPA record reference the Bartell Plaintiffs' NEPA claims, but they are all exhibits from *letters sent by Plaintiff Edward Bartell*—meaning, documents the Bartell Plaintiffs already had access to and do not need to review again. *Id.* Of the remaining additional 696 entries to the EIS Decision record, a full

44 documents are again emails and information provided by the Bartell Plaintiffs themselves, decreasing their review by another 1,700 pages. *See* Ex. 2. And, a single additional document that includes an EIS from a different project submitted by the Environmental Group Plaintiffs constitutes 4,000 pages, which the Bartell Plaintiffs do not need to review to make claims about the water impacts of *this* Project. *Id.*

Due to inclusion of the WWP's submitted comments, the WWP Plaintiffs' review burden is even smaller. Of the additional 696 entries in the EIS Decision record, 116 entries—or **8,795** pages in total—represent documents which WWP Plaintiffs themselves previously provided to the BLM in their comments. *Id.* Thus, nearly a third of the alleged 30,000 new pages pertaining to the environmental claims are documents which Conservation Group Plaintiffs *have already thoroughly reviewed* sufficient to rely upon them in support their arguments during the environmental review process, undermining Conservation Group Plaintiffs' argument that their counsel will need to "read in detail, send to clients for their review, [and] consult on any issues raised" with respect to these documents. ECF 188 at 5.

Ultimately, based on the factual characterization of additional documents to be reviewed as detailed above, the additional entries in the EIS Decision record can be reviewed in the allotted three weeks, leaving plenty of time to incorporate any changes necessary to their briefing that they have had six months to be preparing following BLM's initial production of the AR on July 30, 2021. *See* ECF 36 at 2; ECF 91 at 2. This reality, considered in light of this Court's goal "to resolve this case on the merits before the 2022 construction season begins," in part to ensure that any relief granted to plaintiffs would be meaningful and in consideration that delay would "prejudice all parties," ECF 167 at 5, 10–11, suggests that the three weeks currently allotted for record review is sufficient particularly after these Plaintiffs have had seven months since BLM first produced the administrative record to be working on their opening motions for summary judgment. There is no justification for another 60–90 day or more delay as these Plaintiffs request.

7

## CONCLUSION

Where the Bartell and WWP Plaintiffs' motion plainly exaggerates the burden of reviewing the supplemental documents BLM produced claiming they will need time to review documents withheld in the privilege log and documents they themselves provided to the BLM, the Court should look closely at the request. The additional documents are thousands of pages less to review than either the WWP or Bartell Plaintiffs claim, and are provided after they have had more than seven months to be preparing their opening motion for summary judgment following BLM's production of the initial record. In the alternative, should the Court determine that additional time is warranted, Lithium Nevada requests that the Court limit the extension to one week, which would be more than sufficient to allow WWP Plaintiffs to review the newly-produced deliberative documents for the reasons outlined in this brief. For all these reasons, the Court should deny both the Bartell and WWP Plaintiffs' motions to set a new case schedule.

Dated: March 3, 2022.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)
Erica K. Nannini (SBN 13922)
HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511

*Attorneys for Defendant-Intervenor Lithium Nevada Corp.*

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2022, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)

**TABLE OF EXHIBITS**

| Exhibit No | Document |
|---|---|
| 1 | EIS Decision Record Index |
| 2 | NHPA Record Index |

17744492_v1

18360222_v1

9