Christopher Mixson (NV Bar#10685)
KEMP JONES, LLP
3800 Howard Hughes Parkway, Suite 1700
Las Vegas, Nevada 89169
702-385-6000
c.mixson@kempjones.com

Attorney for Plaintiffs

Roger Flynn, (CO Bar#21078) *Pro Hac Vice*
Jeffrey C. Parsons (CO Bar#30210), *Pro Hac Vice*
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main St., #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

Attorneys for Great Basin Resource Watch, Basin and Range Watch, and Wildlands Defense

Talasi B. Brooks (Idaho Bar #9712), *Pro Hac Vice*
Western Watersheds Project
P.O. Box 2863
Boise ID 83714
(208) 336-9077
tbrooks@westernwatersheds.org

Attorney for Western Watersheds Project

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| BARTELL RANCH LLC, et al., | Case No.: 3:21-cv-80-MMD-CLB |
| Plaintiffs, | (**LEAD CASE**) |
| | CONSERVATION PLAINTIFFS' REPLY TO FEDERAL DEFENDANTS' AND LNC'S RESPONSES TO MOTION TO ALTER/AMEND BRIEFING SCHEDULE |
| ESTER M. MCCULLOUGH, et al., | |
| Defendants, | |
| | (ECF Nos. 190 & 191) |
| LITHIUM NEVADA CORPORATION, | |
| Intervenor-Defendant. | |

1

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> RENO SPARKS INDIAN COLONY, et al., ) <br> ) <br> Intervenor-Plaintiff, ) <br> ) <br> BURNS PAIUTE TRIBE, ) <br> ) <br> Intervenor-Plaintiff, ) <br> ) <br> WINNEMUCCA INDIAN COLONY, ) <br> ) <br> Proposed Intervenor-Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF THE ) <br> INTERIOR, et al., ) <br> ) <br> Defendants, ) <br> ) <br> LITHIUM NEVADA CORPORATION, ) <br> ) <br> Intervenor-Defendant. ) | Case No.: 3:21-cv-103-MMD-CLB <br> (**CONSOLIDATED CASE**) |

The controversy here boils down to a question of whether the parties should build time into the litigation schedule for review and possible motions practice regarding the 30,000+ pages of newly-disclosed record documents and seven-page privilege log Federal Defendants (collectively, "BLM") recently filed (and if so, how much time), or whether the adequacy of those materials to comply with this Court's order and other law should essentially be accepted without question.

In their oppositions to Conservation Plaintiffs' (collectively, "WWP") motion to extend time, BLM and LNC propose that no plaintiff should be afforded an opportunity to challenge the adequacy or completeness of the 30,000+ pages of newly disclosed records, including whether records claimed privileged have been properly withheld. LNC brazenly accuses WWP and Bartell Ranches of advancing "wild theories" regarding BLM's development of the Environmental Impact Statement at issue here, when all WWP has asked for is a fair opportunity to review, evaluate, and,

2

if necessary, challenge the new record production and potential improper withholding apparent in the privilege log. *See, e.g.,* ECF Nos. 178-4 (Privilege log showing that TPEIS-0304 through TPEIS-0308 consisting of the PDEIS, an internal draft EIS, and cooperating comments on the PDEIS were withheld); 186-1 (2/22/22 Brooks email questioning withholding of TPEIS-0304, 0305, 0307, and others). The Court should not endorse this attempt by BLM and LNC to engineer these proceedings to their advantage by denying Plaintiffs and Plaintiff-Intervenors access to the whole record, and denying them adequate time to brief their claims.

As this Court has recognized, "[i]f the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless." Order at 5, ECF No. 155, quoting *Ksanka Kupaqa Xa'lcin v. U.S. Fish & Wildlife Serv.*, No. CV 19-20-M-DWM, 2020 WL 4193110, at *2 (D. Mont. Mar. 9, 2020). Consequently, this Court specifically ordered BLM produce a privilege log so that the Court could tell whether BLM properly withheld documents. *See* Order at 5-6.

In its order, the Court recognized the right of the parties to ascertain the correctness of the new record and privilege log: "The privilege log must be sufficiently descriptive such that the Court and the parties are able to determine exactly what Defendants are choosing to withhold." Order at 6. BLM and LNC ignore this, and instead argue that the parties should not have a full opportunity to review the new record and log. Like before, LNC and BLM ask the Court and the parties to trust BLM's promises that no further improper withholdings have occurred.

Yet, BLM's own privilege log reflects that it withheld copies of the PDEIS and cooperating agency comments on the PDEIS, which this Court ordered it to include. Or. at 11 ("the Court orders Defendants to supplement the AR with the Preliminary Draft EIS"), *id.* at 14 (ordering Defendants to complete the record with NDOW and NDEP comment letters). For instance, the privilege log indicates that BLM withheld the "Thacker Pass Lithium Mine Project Preliminary Draft Environmental Impact Statement (Cooperating Agency Review Draft)." Privilege Log at TPEIS-0305, ECF No. 178-4. It also reflects that BLM withheld "Cooperating Agency comments on Thacker Pass Preliminary Draft EIS submitted in June 2020" from BLM, the Environmental Protection Agency, NDOW, and the U.S. Fish and Wildlife Service. Privilege Log at TPEIS-0307.

3

  While LNC argues that the privilege log's statement that these have been withheld is "demonstrably false," BLM has yet to respond to the concerns WWP raised on February 22, 2022 about these privilege log entries. *See* WWP Motion at 3 (ECF No. 188). While it is possible that the inclusion of these documents in the privilege log may be an inadvertent error by BLM, there is no evidence to suggest that is the case, as BLM specifically listed them in the privilege log. If the Court holds that no motions may be filed regarding the new materials or privilege log, there will be no incentive for BLM to respond to WWP's concerns, and no opportunity for the Court to evaluate the materials through in camera review, if necessary.

  When BLM responds to WWP's concerns, it may contend that it does not need to provide any cooperating agency comments other than the one NDOW comment letter and two NDEP comment letters this Court specifically ordered it to include, even though the Court's rationale would apply equally to comment letters from other cooperating agencies that have been withheld. *See* Order at 11 (finding agency comment letters that were before BLM at the time of the decision and that were germane to environmental concerns were part of the complete record). If BLM takes that position, WWP may need to file an additional motion to complete the Record with these documents. WWP would have moved for the Court to order BLM to complete the Record with all other cooperating agency comments in the first instance, but it did not know they existed until after BLM filed the new record.

  Further, WWP has not finished thoroughly reviewing the 30,000+ pages of new records yet, but its initial review indicates some additional issues may exist. LNC faults WWP for purportedly not demonstrating reasonable grounds for further motions on the record while brushing off the legitimate concerns WWP has already raised. LNC Resp. at 6. But to identify specific grounds justifying further record motions just to obtain an extension of time to review the record and file its opening brief, as LNC demands it must, WWP would have to already have reviewed the record and identified all the issues potentially warranting a record motion. Because WWP's energies have been diverted by having to file a motion for adequate time to review the new materials before filing its opening brief, WWP has not completed that process. WWP cannot state with certainty that such a motion will be required, but it wants to preserve its right to seek relief from this Court if it cannot

4

amicably resolve any additional issues it may identify with BLM.

Moreover, LNC contends that BLM bears no fault for the delay to the proceedings due to problems with the record because all of the records BLM initially withheld were "clearly deliberative." LNC Resp. Br. at 4, ECF No. 191. Yet, at the same time, LNC contends that reviewing the records imposes no burden on Plaintiffs because some of the records are records WWP and Bartell Ranch provided BLM with their comments. *Id*. at 7. Records provided to BLM with public comments are not deliberative. LNC's own argument supports that some of the records BLM withheld were deliberative and some were not, further undermining the argument that the new production makes it certain that BLM has now disclosed the full record. Time to review the additional record production and file record motions, if necessary, must be built into the schedule for this case, and WWP has proposed a very reasonable time of 30 days for that process.

WWP's proposal is an equitable compromise, especially given that BLM had 44 days to lodge the supplemental Administrative Record—which was comprised of documents its counsel must have reviewed to determine they were deliberative. Yet, BLM now proposes that Plaintiffs and Plaintiff-Intervenors should have only half that time to review documents, most of which they have never seen before. In addition, the parties agreed to three months for Plaintiffs to review and raise objections to the 50,000-page record BLM originally lodged, and the additional materials add another 30,000 pages to that record. Now, BLM proposes that Plaintiffs must review the 30,000 pages in only three weeks.

BLM also proposes to shortchange Plaintiffs on the briefing timeline. Whereas Plaintiffs—according to BLM's proposal—would have less than a month after this Court resolves these motions to prepare their opening summary judgment motions, BLM and LNC would have a full 45 days to prepare theirs. *See* BLM Resp. to Mots. To Extend Time at 2 ¶2, ECF No. 190. And, BLM and LNC reserve for themselves hundreds of pages of briefing space to respond to Plaintiffs' opening briefs while allowing Plaintiffs only 40 pages each to respond and reply to those hundreds of pages of briefing. Although WWP previously stipulated to these bloated page limits to avoid the need for getting the Court involved with such minutia, they illustrate how BLM and LNC have endeavored to prevent Plaintiffs from fairly presenting their cases.

5

The Court should not allow BLM and LNC to game the proceedings to their advantage. While WWP is sensitive to the urgency of getting this matter fully briefed and decided before LNC wants to being construction, the matter must be resolved based upon the *whole record*. See *Thompson v. U.S. Dept. of* Labor, 885 F.2d 551, 555 (9th Cir. 1989). BLM ran a risk of delaying the proceedings when it decided to withhold 30,000+ pages of purportedly deliberative documents from the record without a privilege log or other justification. If expediting the proceedings was truly the objective, the agency should have simply filed the whole record to begin with. If it had done so, there would be no need for further record motions. But it did not. BLM cannot use that failed gamble as yet another excuse to prejudice Plaintiffs by denying them a fair opportunity to ensure the whole record is before the Court and to have reasonable time to fully present their arguments.

In conclusion, WWP respectfully requests that the Court grant WWP's proposal, which is:

(1) The current deadline for opening summary judgment motions be vacated;[1]

(2) Plaintiffs have until March 18, 2022, or until such later date this Court orders, to review the new record and file any motion on the record, if needed;

(3) If such a record motion is filed, the filing of opening summary judgment motions be stayed until this Court has resolved all motion(s) on the record, the Court and the parties have reviewed any new documents, and a new briefing schedule is established;

(4) if no motions on the record are filed by any party:

    i. Plaintiffs' summary judgment motions would be due on April 17, 2022, or such later date as this Court orders;

    ii. Defendants' summary judgment and response briefs should be due 30 days after Plaintiffs' summary judgment motions;

    iii. Plaintiffs' response/reply briefs should be due 30 days after Defendants'

---

[1] At a minimum, if this Court denies the Plaintiffs' and Plaintiff-Intervenors' motions to amend the schedule, WWP requests that the Court set the due date for opening summary judgment motions on April 5, 2022. Although BLM proposes April 1, this is due to BLM's initial misunderstanding that the three weeks for review that BLM agreed to ran from the date of lodging of the record with the Court and not from the date it was received by "all parties." Stipulated Schedule at 2, ECF No. 138.

summary judgment/response briefs;

Respectfully submitted this 4th day of March, 2022.

/s/ Talasi Brooks
Talasi B. Brooks (ISB #9712)
Western Watersheds Project
P.O. Box 2863
Boise ID 83701
(208)336-9077
tbrooks@westernwatersheds.org

Attorney for Plaintiff WWP

/s/ Christopher Mixson
Christopher Mixson (NV Bar#10685)
KEMP JONES, LLP
3800 Howard Hughes Parkway, Suite 1700
Las Vegas, Nevada 89169
702-385-6000
c.mixson@kempjones.com

Attorney for Conservation Group Plaintiffs

/s/ Roger Flynn
Roger Flynn, (Colo. Bar #21078)
Jeffrey C. Parsons, (Colo. Bar #30210)
WESTERN MINING ACTION PROJECT
P.O. Box 349, 440 Main St., #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

Attorney for Plaintiffs GBRW, BRW, and WD

Certificate of Service

I, Talasi Brooks, certify that I served the foregoing on this date, by filing it with this Court's ECF filing system, where all parties are represented.

/s/ Talasi Brooks