	Will Falk <falkwilt@gmail.com>

## Requested Motion to Extend Filing deadline for AR in Thacker Pass

**Doktor, Leilani (ENRD)** <Leilani.Doktor@usdoj.gov>	Mon, Jan 24, 2022 at 7:50 PM
To: Will Falk <falkwilt@gmail.com>, Rick Eichstaedt <rick@wheatlawoffices.com>
Cc: Roger Flynn <Roger@wmaplaw.org>, Dominic Carollo <dcarollo@carollolegal.com>, "Laura K. Granier" <LKGranier@hollandhart.com>, Talasi Brooks <tbrooks@westernwatersheds.org>, Chris Mixson <c.mixson@kempjones.com>, Terry Lodge <tjlodge50@yahoo.com>, "Carroll, Arwyn (ENRD)" <Arwyn.Carroll@usdoj.gov>

Thanks Dominic, Laura and Roger on your positions on our two week extension request.

Will and Rick – Can you let us know your positions by noon EST tomorrow (1/25)?

For the numbering of the additional documents. BLM's plan is to keep the bates numbers the same as the previous versions, but the added deliberative documents will be added to the environmental index and bates numbered starting at the end of those existing documents. Both of the previously separate indices will be combined into one spreadsheet with two tabs. A separate privilege log will be provided.

As to Rogers email, I believe there is a misunderstanding of BLM's review of its records for the AR in this case. Since December 27, 2021, BLM has been conducting a thorough review of its records to ensure that all documents ordered included in the record by the Court and all deliberative documents withheld on that basis or under another privilege are appropriately logged, as the Court required. In searching its records it found around 8,000 documents – mostly emails – that may relate to the Thacker Pass Lithium project decision. It then reviewed those 8,000 documents. The purpose of the review is to exclude duplicate, or non-substantive ("thank you") emails and combine emails of the same thread into single documents/files for inclusion into the AR and entry onto the AR index. All of these emails and documents will be included in the next production of the AR but the number of total entries will likely be less because of the elimination of duplicates and combining process. During that review BLM determined that an additional privilege review of 800 documents for inclusion is also necessary, those documents need to be reviewed by attorneys and logged in the privilege log with reasons, which is part of why we have requested additional time.

Plaintiffs will accordingly receive a copy of the record that contains all documents that BLM considered, directly or indirectly, in rendering its decision, including deliberative documents – as ordered by the Court – with any withheld documents appropriately logged for Plaintiffs' and the Court's review. Plaintiffs are not entitled to review BLM documents that were not considered, directly or indirectly, in rendering its decision, and BLM is not required to log those documents. To the extent Plaintiffs believe they have such a right, their counsel should provide authority.

We are open to discussing any further time the parties need after the parties have received their AR and have taken a look at the numerous additions. In the meantime, we intend to file our request for an extension. Thank you to the counsel that have provided their positions and we will look out for the final positions shortly.

Best,

Leilani Doktor

Trial Attorney, Natural Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

(202) 305-0447 (office)

(202) 598-9583 (mobile)

leilani.doktor@usdoj.gov


**From:** Will Falk <falkwilt@gmail.com>
**Sent:** Friday, January 21, 2022 6:33 PM
**To:** Rick Eichstaedt <rick@wheatlawoffices.com>

[Quoted text hidden]

[Quoted text hidden]