

Will Falk <falkwilt@gmail.com>

# Request to meet and confer over further supplementation of BLM AR in lithium mine case

**Doktor, Leilani (ENRD)** <Leilani.Doktor@usdoj.gov>　　　　　　　　　　　　Mon, Mar 28, 2022 at 6:30 PM
To: Terry Lodge <tjlodge50@yahoo.com>, "Carroll, Arwyn (ENRD)" <Arwyn.Carroll@usdoj.gov>
Cc: "Laura K. Granier" <lkgranier@hollandhart.com>, Roger Flynn <roger@wmaplaw.org>, Talasi Brooks <tbrooks@westernwatersheds.org>, Rick Eichstaedt <rick@wheatlawoffices.com>, Norberto Cisneros <ncisneros@mic-law.com>, Barbara McDonald <bmcdonald@mic-law.com>, Will Falk <falkwilt@gmail.com>, Dominic Carollo <dcarollo@carollolegal.com>

Terry,

In response to your March 25, 2022 request to meet and confer Defendants provide the following responses. First, the post decisional documents that are currently in the record were inadvertently included. As recognized by the Court in its order on the administrative record, post-decisional documents did not inform the agencies decision and therefore are not properly a part of the administrative record. Therefore, BLM will not supplement the record with the 2021 letters from Winnemucca Indian Colony to BLM listed as they postdate the decision, namely the: April 19, 2021 letter to BLM; July 14, 2021 letter to EPA and BLM; October 4, 2021 letter to BLM regarding the ARPA permit; or October 11, 2021 letter to BLM.

BLM also will not supplement the record with "All emails from 2021 between BLM-Winnemucca's Native American Consultation team members Shannon Deep and Mark Hall that pertain to or describe their actions in response to RSIC's Motion to Intervene in this litigation, which prompted BLM to look at history books for records of massacres in or near Thacker Pass. These emails were provided to RSIC in a March 3, 2022 FOIA fulfillment and are attached." These emails also post-date the decision and do not belong in the administrative record.

BLM will not supplement the administrative record in this case with documents concerning the ARPA permit because the ARPA permit is not subject to this litigation. As recognized in the Courts order denying RSIC's motion to amend its complaint and reiterated in its order on Winnemucca Indian Colony's motion to intervene, any claims regarding the ARPA permit are not before the court and must be brought as a separate action. Because the ARPA permit is not the challenged agency decision, documentation of that decision is not a part of this administrative record.

Finally, the 2006 Ethnographic Assessment is properly listed in the privilege log for containing sensitive cultural information and location data. Moreover, it was produced to the parties under the protective order in this case, so BLM does not need to produce it for RSIC again.

Thanks,

Leilani Doktor

Trial Attorney, Natural Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

(202) 305-0447 (office)

(202) 598-9583 (mobile)

leilani.doktor@usdoj.gov

---

**From:** Terry Lodge <tjlodge50@yahoo.com>
**Sent:** Friday, March 25, 2022 5:21 PM
**To:** Carroll, Arwyn (ENRD) <Arwyn.Carroll@usdoj.gov>; Doktor, Leilani (ENRD) <Leilani.Doktor@usdoj.gov>
**Cc:** Laura K. Granier <lkgranier@hollandhart.com>; Roger Flynn <roger@wmaplaw.org>; Talasi Brooks <tbrooks@westernwatersheds.org>; Rick Eichstaedt <rick@wheatlawoffices.com>; Norberto Cisneros <ncisneros@mic-law.com>; Barbara McDonald <bmcdonald@mic-law.com>; Will Falk <falkwilt@gmail.com>; Dominic Carollo <dcarollo@carollolegal.com>

[Quoted text hidden]

[Quoted text hidden]