

Will Falk <falkwilt@gmail.com>

# Thacker Pass summary judgment timing

**Talasi Brooks** <tbrooks@westernwatersheds.org>                    Tue, Feb 22, 2022 at 11:38 AM
To: "Laura K. Granier" <LKGranier@hollandhart.com>
Cc: Roger Flynn <Roger@wmaplaw.org>, "Doktor, Leilani (ENRD)" <Leilani.Doktor@usdoj.gov>, "rick@wheatlawoffices.com" <rick@wheatlawoffices.com>, Dominic Carollo <dcarollo@carollolegal.com>, Will Falk <falkwilt@gmail.com>, Terry Lodge <tjlodge50@yahoo.com>, "Carroll, Arwyn (ENRD)" <Arwyn.Carroll@usdoj.gov>, Norberto Cisneros <ncisneros@mic-law.com>, Barbara McDonald <bmcdonald@mic-law.com>

Dear Leilani,

Roger and I have begun our review of the 40,000+ pages of new documents in the Environmental Claims record, the roughly 3,000 pages in the new NHPA record, and the 7-page privilege log we received from BLM last week. In interests of raising and addressing issues with the new materials as soon as possible, we wanted to bring up some issues we identified with the new production.

First, in the Court's order on the Administrative Record, the Court ordered BLM to complete the Record with the Nevada Department of Wildlife's comments on the PDEIS. Yet, the privilege log at TPEIS-0307 and TPEIS-0304 indicate that cooperating agency comments on the Preliminary EIS from EPA, NDOW, and USFWS have been withheld. Why have these cooperating agency comments been withheld, especially when the Court ordered BLM to include the comments from NDOW?  Please provide copies of the cooperating agency comments in the Record.

BLM also agreed to provide a copy of the Preliminary DEIS, and it appears that a copy is in the Record at TPEIS-1048 and elsewhere. Yet, it also appears that a copy of the Preliminary DEIS was withheld at TPEIS-0305. Similarly, a draft of the Preliminary EIS Chapter 1 and BLM's comments on that document were also withheld (TPEIS-0090, TPEIS-0109). BLM should not have withheld these documents when it promised to include the Preliminary DEIS in the Record. Please include these documents in the Record.

Finally, in reviewing the Supplemented Record, we have generally been assuming that the Bates numbering for the supplemental materials begins where the Bates numbering for the previous Administrative Record ended, at TPEIS- 0729. Can you confirm that this is the case?  Or have other new documents (other than those listed as "protected") been added to fill in the gaps in the numbering that existed in the previous Record?

Thanks for your attention to this, Leilani.  Our clients would like to avoid having to file any additional motions about the adequacy of the Record, so I hope we can resolve these issues. However, if BLM's position is that these records were properly withheld, we may want to have the Court do an in camera review to confirm that that was the case.

As we continue to review the new Record, additional issues may arise and we will also bring those up with you as soon as we can.

Thanks,

Talasi

[Quoted text hidden]
--
Talasi Brooks
(208)336-9077
tbrooks@westernwatersheds.org
pronouns: she/her



Will Falk <falkwilt@gmail.com>

## Thacker Pass summary judgment timing

**Dominic Carollo** <dcarollo@carollolegal.com>                                                   Wed, Feb 23, 2022 at 1:18 PM
To: "Doktor, Leilani (ENRD)" <Leilani.Doktor@usdoj.gov>
Cc: Roger Flynn <Roger@wmaplaw.org>, "rick@wheatlawoffices.com" <rick@wheatlawoffices.com>, Will Falk <falkwilt@gmail.com>, Terry Lodge <tjlodge50@yahoo.com>, "Carroll, Arwyn (ENRD)" <Arwyn.Carroll@usdoj.gov>, Norberto Cisneros <ncisneros@mic-law.com>, Talasi Brooks <tbrooks@westernwatersheds.org>, Barbara McDonald <bmcdonald@mic-law.com>, "Laura K. Granier" <LKGranier@hollandhart.com>

Leilani:

We would like to echo Talasi's concerns, and we also have several concerns of our own. Like everybody I assume, we haven't made it all the way through the 40,000 new pages of records included in the AR and described in the privilege log. So our concerns now are just what we have identified thus far, and may change as our review of the new record continues.

We have identified some records in the privilege log which either are incorrectly described or which we think should not be in the privilege log. For instance, there appear to be records, such as TPEIS 0942, TPEIS 1241, TPEIS 1245, TPEIS 1103, and more where the attorney-client privilege is being asserted but the subject of the record does not appear to be legal in nature. i.e., nothing indicates the Solicitor's office was providing legal advice in these records, making us question why a privilege is being asserted. As you know, including the Solicitor's office in a communication does not automatically make those communications privileged. There must be some sort of "express or clearly implied request for legal advice or with the provision thereof." *See, e.g., Riverkeeper v. U.S. Army Corps of Engineers*, 38 F.Supp.3d 1207 (2014). We object to the assertion of privilege for these records to the extent it does not meet the requisite standard. Along this same line, the attorney-client privilege is asserted for TPEIS 1359, TPEIS 1392, and TPEIS 1375 despite no attorney apparently being included in the email. From the privilege log, we fail to see how these emails are a "privileged communication between attorney and client." Accordingly, we object to the assertion of privilege. Please include all these documents in the record or clarify the privilege log to better explain the nature of the privilege being claimed.

There are instances where documents transmitted by email are not included in the record, but the email chain is. For instance, TPEIS 1405 provides emails that show Mr. Newman transmitted an excel spreadsheet showing current BLM responses "side by side" with Piteau responses to public comments. However, this spreadsheet does not appear to be included in the record or privilege log. This is the type of document that BLM and/or ICF clearly "considered" when preparing/approving the comment responses for the FEIS, so it should be in the record. Please include this spreadsheet in the record for consideration. Similarly, TPEIS 1110 shows Mr. Newman transmitted a copy of a "scoping comment table" which is not in the record. Such original emails from ICF to BLM, and their attachments, should be part of the AR.

The record still appears to be missing communications from and between the BLM contractors who prepared the EIS. Mr. Andrew Newman (ICF) appears to have played a significant role in the preparation of the EIS. As BLM's NEPA contractor, ICF was acting in the role of the agency during this NEPA process. Therefore, any communications or records considered by ICF, including Mr. Newman, should be included in the record in the same manner that communications or records considered by BLM itself. However, relatively few communications from ICF are included in the record despite ICF being charged with preparing the EIS. For instance, in TPEIS 1110 and TPEIS 1405, emails from Mr. Newman appear in the email chain, but the original email from Mr. Newman was excluded from the record. These original emails, and many more I suspect, should be included in the record. Furthermore, it does not appear that a privilege is being asserted for these ICF communications, because the privilege log also does not contain a record of many ICF communications. Please include all communications by or to ICF in the record—even those where BLM was not included. If a privilege is being asserted, please include these communications in the privilege log. This may require ICF to search their own records for these communications.

Along the same vein, communications from Plumley Associates, another NEPA contractor, also appear to be missing. Plumley appears to have been under contract with ICF. Please include all communications from Plumley Associates—even those where BLM was not included—in the record. This may require Plumley to search their own records for these communications.

During our prior record motion, we requested communications from Piteau Associates. This request was denied on the basis that we couldn't prove such communications existed. Since that time, we have received additional evidence, including in the new AR records now produced, concerning the relationship between the parties who undertook the water resources analysis demonstrating that there was communication between BLM and Piteau or ICF/Plumley and Piteau. Yet, many communications were excluded both from the record and the privilege log. We reassert that these communications, which given the evidence in the record appear certain to exist, should be included in the record. Please include all communications between BLM, ICF, and Plumley Associates with Piteau Associates.

There are also a few more-specific issues we identified. TPEIS 0336 is listed in the record, but is missing. Please include this document in the record.

TPEIS 0367 states it includes an email and attachment from Mr. Grandy to Mr. Loda. While the attachment is in the record, the email is not. Please include this email in the record.

TPEIS 1482 states that some comments may need to be addressed by LNC's consultant, Air Sciences. If these comments were turned over to LNC for their consultant to consider and answer, some record of this transaction should be included in the AR. This same issue is referenced in TPEIS 0355. Please provide a record of LNC's consultant's consideration and preparation of comment responses for Hydrology, Air Quality, and HazMat (referenced in TPEIS 0355).

TPEIS 1434 states that an email from Mr. Plumley was attached to the email chain now in the record. But this email from Mr. Plumley is not in the record. Please include the referenced email in the record.

The record appears to be missing communications wherein BLM obtained a figure, "Figure 1," that was stated to be in an early draft of "Piteau 2020c," the "Additional Fate and Transport Sensitivity Analyses for the Thacker Pass Project." The Court ordered that these communications and the draft document be included in the record, as this "Figure 1" does not appear in the Additional Fate and Transport Sensitivity Analysis currently in the record. *See* TPEIS-0443 at AR-052410, AR-052414,. Although some documents were added, the record still does not contain the original document from which this "Figure 1" was obtained nor does the record include emails demonstrating how BLM obtained this "Figure 1." Please include these communications related to this document, as well as any other communications relating to where and how BLM obtained "Figure 1," and the original draft of the "Piteau 2020c" document that contained this "Figure 1." If neither BLM, ICF, nor Plumley Associates is in possession of the "Piteau 2020c" document containing the disputed "Figure 1" and have no record of it, please admit that to be true.

The record still appears to be missing communications between Mr. Bartell and BLM. The Court ordered that these communications, which were identified in our record motion, be added to the record. It appears that at least one, and perhaps more of these communications are still missing from the record. Please include in the record all emails sent by or to Mr. Bartell that are in the possession of BLM or contractors to the NEPA process. To the extent that there were communications by or to Mr. Bartell which were not identified in our record motion, please also include these in the record.

In addition, we still plan to offer excerpts from transcript of the water rights protest hearing before the Nevada State Engineer into the record. I have previously described the relevance of the transcript. In short, though, it shows that

assertions of fact made by Piteau in its reports, on relied upon by BLM, were materially inaccurate—which goes directly to the accuracy and reliability of the hydrological baseline and impacts assessments.

Unless BLM satisfactorily addresses all of the above concerns, and agrees to the addition of the transcript excerpts, it appears likely that another AR motion will be necessary.  Please let me know if you'd like to schedule a time to discuss.  In the meantime, I think the issues that have been raised about the AR more than justifies the scheduling modification the plaintiffs have jointly requested.

Finally, as to Laura's suggestion that AR motions are not appropriate, that is not what the Court has said.  The Court contemplated that litigation about the privilege log, specifically, may be appropriate.  ECF 167 at 5. More broadly, though, BLM cannot shirk its responsibility to produce a full and complete record merely by only producing half of it upfront and producing the other half after a first round of AR motions.  BLM should have, at the very least, produced the current record and privilege log initially, giving the parties the opportunity to raise the kind of issues outlined above.  Not doing so has created inefficiencies of the agency's making, not plaintiffs.  I repeatedly warned of this problem in our AR conferrals—insisting that expedited briefing was dependent on BLM providing a full and complete record that erred on the side of over-inclusiveness rather than under-. To not allow the parties the opportunity to scrutinize the completeness of the AR based on the substance of the 40,000 pages of new documents would be patently unfair and, further, would incentivize BLM and other agencies to be less than forthcoming with their initial AR submissions, hoping to avoid serious scrutiny of the more vulnerable parts of the record.

In short, BLM and LNC need to recognize that the doubling of the AR is a big deal.  Vast numbers of relevant and material records were improperly withheld and the parties have a right to inspect these records and ensure that additional pertinent records were not omitted or withheld and, further, that the privilege log's claims of privilege are appropriate. A one week extension to our current schedule is not a serious good faith offer or discussion point under these circumstances.  Plaintiffs' proposed schedule adjustment is more than justified and appropriate and I look forward to BLM's position on it.

Thanks.


DOMINIC M. CAROLLO


CAROLLO LAW GROUP LLC

PO Box 2456

630 SE Jackson Street

Suite 1

Roseburg, OR 97470

PH: 541-957-5900

FAX: 541-957-5923

dcarollo@carollolegal.com

[Quoted text hidden]

 Gmail                                                                                           Will Falk <falkwilt@gmail.com>

## Thacker Pass summary judgment timing

**Doktor, Leilani (ENRD)** <Leilani.Doktor@usdoj.gov>                                       Thu, Mar 17, 2022 at 2:53 PM
To: Talasi Brooks <tbrooks@westernwatersheds.org>, Terry Lodge <tjlodge50@yahoo.com>
Cc: "rick@wheatlawoffices.com" <rick@wheatlawoffices.com>, "Laura K. Granier" <LKGranier@hollandhart.com>, Dominic Carollo <dcarollo@carollolegal.com>, Will Falk <falkwilt@gmail.com>, "Carroll, Arwyn (ENRD)" <Arwyn.Carroll@usdoj.gov>, Norberto Cisneros <ncisneros@mic-law.com>, Barbara McDonald <bmcdonald@mic-law.com>, Roger Flynn <Roger@wmaplaw.org>

Hi Talasi,

Please find our responses from BLM on your requests about the record. Following the Court's decision on the schedule, ECF no. 197, we do not expect to see any further record motions. But, we are providing the following answers about the record in blue. Notably, we are planning to provide documents that you requested that were withheld under privilege because we would like to avoid any further disputes over the record at the merits stage of this case. Due to the previous issues with mailing the AR, the BLM is bates stamping the additional documents and revising the index/privilege log and we will provide those electronically via email to the parties.

First, in the Court's order on the Administrative Record, the Court ordered BLM to complete the Record with the Nevada Department of Wildlife's comments on the PDEIS. Yet, the privilege log at TPEIS-0307 and TPEIS-0304 indicate that cooperating agency comments on the Preliminary EIS from EPA, NDOW, and USFWS have been withheld. Why have these cooperating agency comments been withheld, especially when the Court ordered BLM to include the comments from NDOW?  Please provide copies of the cooperating agency comments in the Record.

**Response**: TPEIS-0307 and TPEIS-0304 were not included on the flash drive because they were withheld under deliberative process privilege.  After further review, BLM has determined not to assert the deliberative process privilege as to TPEIS-0304 and TPEIS-0307 and will provide electronic copies of these documents to the parties.

BLM also agreed to provide a copy of the Preliminary DEIS, and it appears that a copy is in the Record at TPEIS-1048 and elsewhere. Yet, it also appears that a copy of the Preliminary DEIS was withheld at TPEIS-0305. Similarly, a draft of the Preliminary EIS Chapter 1 and BLM's comments on that document were also withheld (TPEIS-0090, TPEIS-0109). BLM should not have withheld these documents when it promised to include the Preliminary DEIS in the Record. Please include these documents in the Record.

**Response**: TPEIS-0305 and TPEIS-0109 were similarly not included on the flash drive because they were withheld under deliberative process privilege. After further review, BLM has determined not to assert the deliberative process privilege as to TPEIS-0305, TPEIS-0090 and TPEIS-0109 and will provide electronic copies of these to the parties.

Finally, in reviewing the Supplemented Record, we have generally been assuming that the Bates numbering for the supplemental materials begins where the Bates numbering for the previous Administrative Record ended, at TPEIS- 0729. Can you confirm that this is the case?  Or have other new documents (other than those listed as "protected") been added to fill in the gaps in the numbering that existed in the previous Record?

**Response:** Yes, the Bates numbers were continued from where the previous November 2021 Administrative Record ended. Bates numbers are from AR-000001 to AR-112195 for the Environmental Claims Project Record, and AR-000001 to AR-004735 for the NHPA Claims Project Record. Due to the addition of documents after the first bates numbering, the bates numbers are the consistent consecutive markers of the record so the Parties should refer to the Bates numbers in all their filings.

TPEIS-1115: TPEIS-1115 includes a spreadsheet that appears to be cut off. Please provide the full spreadsheet.

**Response:** TPEIS-1115 is the complete version of the document in BLM's files. BLM does not have another version of this document.

TPEIS-1116: This is a comment matrix; is the comment letter from EPA it summarizes in the Record?

**Response:** BLM will provide the EPA comment letter electronically.

TPEIS-1339: Where is the attached spreadsheet this email refers to at AR-101790?

**Response:** The BLM is asserting privilege over this document.

Thanks,

Leilani Doktor

Trial Attorney, Natural Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

(202) 305-0447 (office)

(202) 598-9583 (mobile)

leilani.doktor@usdoj.gov

[Quoted text hidden]



Will Falk <falkwilt@gmail.com>

## Thacker Pass summary judgment timing

**Doktor, Leilani (ENRD)** <Leilani.Doktor@usdoj.gov>	Fri, Mar 25, 2022 at 7:29 PM
To: Talasi Brooks <tbrooks@westernwatersheds.org>
Cc: Terry Lodge <tjlodge50@yahoo.com>, "rick@wheatlawoffices.com" <rick@wheatlawoffices.com>, "Laura K. Granier" <LKGranier@hollandhart.com>, Dominic Carollo <dcarollo@carollolegal.com>, Will Falk <falkwilt@gmail.com>, "Carroll, Arwyn (ENRD)" <Arwyn.Carroll@usdoj.gov>, Norberto Cisneros <ncisneros@mic-law.com>, Barbara McDonald <bmcdonald@mic-law.com>, Roger Flynn <Roger@wmaplaw.org>

Counsel,

Please find the following documents for inclusion in the administrative record. Defendants plan to provide the Court with an amended AR but given the previous difficulties we have had mailing copies to the parties, Plaintiffs impending briefing deadline, and the limited number of documents, Defendants are conveying the bates stamped documents to the parties via email. I may need to convey the documents via multiple emails due to file size but all the documents have been added to the revised index attached here. And for your reference the incoming files are named:

1. TPEIS-1434
2. TPEIS-1339
3. TPEIS-1116
4. TPEIS-1103
5. TPEIS-0942
6. TPEIS-0918
7. TPEIS-0336
8. TPEIS-0307
9. TPEIS-0305
10. TPEIS-0304
11. TPEIS-0109
12. TPEIS-0090
13. TPEIS-1499
14. TPEIS-1500

Please let me know if you do not receive the emails and I will try to convey the files digitally another way.

Thanks,

Leilani Doktor

Trial Attorney, Natural Resources Section

Environment & Natural Resources Division

U.S. Department of Justice

(202) 305-0447 (office)

(202) 598-9583 (mobile)

leilani.doktor@usdoj.gov

[Quoted text hidden]

📊 TPEIS_Final_ProjectandNHPARecord_2022.03.23_HighlightChange.xlsx
416K