# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*, | Case No. 3:21-cv-00080-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| ESTER M. MCCULLOUGH, *et al.*, | |
| Defendants. | |

Plaintiffs[1] and Plaintiff Intervenors[2] in this consolidated case challenge the Bureau of Land Management of the U.S. Department of Interior's[3] approval of Intervenor-Defendant Lithium Nevada Corporation's plan to build a lithium mine near Thacker Pass, Nevada via a January 15, 2021 Record of Decision under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, the National Environmental Policy Act, 42 U.S.C. §§ 4321-61, the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701-1787, and the National Historic Preservation Act, 54 U.S.C. § 300101, *et seq.* (ECF Nos. 1, 46, 83.) *See also Western Watersheds Project, et al. v. Bureau of Land Management of the U.S. Department of the Interior, et al.*, Case No. 3:21-cv-00103-MMD-CLB, ECF No. 1 (D. Nev. Filed Feb. 26, 2021) (since consolidated into this case). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 222), recommending the People be dismissed without prejudice for failure to retain counsel. The People had until May 19, 2022, to file an

---

[1]Bartell Ranch LLC and Edward Bartell, along with Western Watersheds Project, Wildlands Defense, Great Basin Resource Watch, and Basin and Range Watch.

[2]Reno-Sparks Indian Colony, the Burns Paiute Tribe, and Atsa Koodakuh Wyh Nuwu/People of Red Mountain (the "People").

[3]Ester M. McCullough, the District Manager of BLM's Winnemucca office, along with the Department of the Interior, are also named Defendants.

objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the People from this case without prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends that the People be dismissed because they have not retained counsel, despite prior warnings that they must retain counsel to remain in this case as a party. (ECF No. 222 at 1-2.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 222) is accepted and adopted in full.

It is further ordered that Atsa Koodakuh Wyh Nuwu/People of Red Mountain is dismissed without prejudice.

DATED THIS 20th Day of May 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE