Laura K. Granier (SBN 7357)
Erica K. Nannini (SBN 13922)
Jessica Freitas (SBN 16079))
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511-2094
(775) 327-3000
(775) 786-6179 fax
lkgranier@hollandhart.com
eknannini@hollandhart.com

*Attorneys for Defendant-Intervenor
Lithium Nevada Corp.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; GREAT BASIN RESOURCE WATCH; BASIN AND RANGE WATCH; and WILDLANDS DEFENSE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; and ESTER M. McCULLOUGH, District Manager, BLM's Winnemucca Office,<br><br>Defendants,<br><br>and<br><br>LITHIUM NEVADA CORP.,<br><br>Defendant-Intervenor. | Case No. 3:21-cv-00103-MMD-CLB<br><br>**DEFENDANT-INTERVENOR LITHIUM NEVADA CORP.'S MOTION TO STRIKE PORTIONS OF EXHIBITS A, B, C, AND D TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Fed. R. Civ. P. 12(f), Defendant-Intervenor Lithium Nevada Corp. respectfully moves the Court to strike certain paragraphs of four exhibits to plaintiffs Western Watersheds Project, Great Basin Resource Watch, Basin and Range Watch, and Wildlands Defense's (collectively, "Plaintiffs") motion for summary judgment: Paragraphs 13 and 14 of Exhibit A (Declaration of John Hadder, ECF 202-1), Paragraphs 13, 18, 19, and 28 of Exhibit B (Declaration of Kelly Fuller, ECF 202-2), Paragraphs 31 and 32 of Exhibit C (Declaration of Katie

1

Fite, ECF 202-3), and Paragraphs 11 and 17 of Exhibit D (Declaration of Kevin Emmerich, ECF 202-4).

## INTRODUCTION

Plaintiffs moved for summary judgment on their claims challenging the Thacker Pass Lithium Mine Project ("Project") proposed by Lithium Nevada. The Project would leverage domestic lithium reserves to secure our nation's critical supply chain—something the current administration emphasizes as important in their efforts to address climate change and national security issues. Plaintiffs submitted four declarations in support of their motion. ECF 202-1, 202-2, 202-3, 202-4. Portions of those declarations; however, violate Fed. R. Civ. P. 56(c)(4)'s admonition that "[a]n affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence" and also Ninth Circuit case law that prohibits the inclusion of legal argument in declarations. *See, e.g., G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994). Plaintiffs do not attempt to justify these declarations under the *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) exceptions to admit extra-record evidence and paragraphs at issue constitute inadmissible evidence and should be stricken.

Furthermore, under Rule 12(f), the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Although Rule 12(f) specifically refers to striking a "pleading," the Court has "inherent power to strike a party's submissions other than pleadings." *Mazzeo v. Gibbons*, 2010 U.S. Dist. LEXIS 105798, at *3 (D. Nev. Sept. 30, 2010); *Bank of N.Y. Mellon v. Meister Park Homeowners Ass'n*, 2021 U.S. Dist. LEXIS 40431, at *19–20 (D. Nev. Mar. 2, 2021). This inherent authority extends to striking improper content in declarations. *See, e.g.*, *High Sierra Hikers Ass'n v. Powell*, 150 F. Supp. 2d 1023, 1045 (N.D. Cal. 2001) (striking summary judgment declarations as extra-record evidence that is inadmissible in connection with the final agency action except to the extent they are explanatory of those actions), *rev'd in part on other grounds*, 390 F.3d 630 (9th Cir. 2004); *Amalgamated Transit Union Local 1637 v. Veolia Transp. Servs.*, 2012 U.S. Dist. LEXIS 164035, at *10 (D. Nev. Nov. 15, 2012) (striking declaration and its exhibits as immaterial and impertinent).

2

Here, Paragraphs 13 and 14 of Exhibit A (Declaration of John Hadder, ECF 202-1), Paragraphs 13, 18, 19, and 28 of Exhibit B (Declaration of Kelly Fuller, ECF 202-2), Paragraphs 31 and 32 of Exhibit C (Declaration of Katie Fite, ECF 202-3), and Paragraphs 11 and 17 of Exhibit D (Declaration of Kevin Emmerich, ECF 202-4) should be stricken for two main reasons.

*First*, they improperly refer to asserted evidence that is outside the administrative record for this case, including asserted evidence that post-dates the federal defendants' decision to approve the Project. *See High Sierra Hikers Ass'n*, 150 F. Supp. 2d at 1045. Judicial review under the Administrative Procedure Act ("APA") is generally limited to the administrative record. Certain paragraphs of the declarations, as discussed in detail below, go well beyond the administrative record as they relate to other BLM projects and post-date the BLM's Record of Decision ("ROD") at issue here. Plaintiffs cannot establish, and made no effort to establish, that this extra-record evidence falls within the Ninth Circuit's limited exceptions for the admission of extra-record evidence in an administrative record review case.

*Second*, the identified paragraphs of the declarations improperly assert legal argument and conclusions in excess of the pages allotted by this Court. *See G.F. Co.*, 23 F.3d at 1507 n.6 (striking affidavits that improperly make legal arguments, conclusions, or otherwise were "attempting to introduce law as evidence"). Certain paragraphs of the declarations, as discussed in detail below, purport to make legal arguments and conclusions concerning the legality of BLM's NEPA review and public participation opportunities. But "declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations . . . by including legal arguments outside of the briefs." *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (affirming district court's grant of motion to strike such declaration). Plaintiffs cannot circumvent the agreed-upon length of their brief to insert further argumentation in their declarations.

For these reasons, and those below, this motion to strike should be granted.

# ARGUMENT

## I. The Identified Paragraphs of Plaintiffs Exhibits Should Be Stricken Because They Contain Inadmissible Extra-Record Evidence.

This Court's orders have been clear: "the Court rejects Plaintiffs and Plaintiff Intervenors' request for innumerable rounds of litigation regarding the contents of the administrative record as unworkable." ECF 197 at 20.  Despite months of motion practice on this exact issue, Plaintiffs do not even attempt to justify their declaration under *Lands Council* or explain why they waited to submit this information for inclusion in the record until summary judgment.  As such, Plaintiffs' attempt to expand the record by including non-standing paragraphs within their proffered declarations—unrelated to a particular *Lands Council* exception—demonstrate that those paragraphs are improper, unnecessary to the Court's review and should be struck.  Fundamental administrative law requires that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 419–20 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977) (judicial review "is to be based on the full administrative record that was before the [agency] at the time [it] made [its] decision").

Under this well-settled rule, information not within the administrative record, "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (internal citations omitted).  When a party improperly submits and relies on material outside the record, the appropriate remedy is to strike the extra-record materials and all arguments based on them.  *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006); *Nw. Envtl. Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1144 (9th Cir. 2006); *Sw. Ctr. for Biological Diversity*, 100 F.3d at 1451; *Rybachek v. U.S. Env't Prot. Agency*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990); *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986) (all upholding district court decisions to strike extra-record materials and all portions of the parties' briefs that referred to those documents).

Exhibit B improperly attempts to advance extra-record evidence that relates to other BLM decisions or events that allegedly took place after BLM made its decision to approve the ROD for the Project, in violation of the above well-established rules. Exhibit B describes the public scoping process for different mines in different areas inside and outside Nevada, attempting to compare those processes to this Project. ECF 202-2, ¶ 18. Exhibit B also attempts to introduce post-ROD comments from "members of the Fort McDermitt" Tribe, possibly referencing comments from the recently-dismissed party the People of the Red Mountain, a subset of the Fort McDermitt Tribe. *Id.* at ¶ 19. Plaintiffs do not have standing to make claims on behalf of consulted Tribes, *see* ECF 117 at 6, and these comments improperly attempt to bring in information generated post-ROD. Plaintiffs also attempt to incorporate generalized crime and violence statistics into the record that were not included in their DEIS comments, *see, e.g.*, TPEIS-0531, or anywhere else in the record. ECF 202-2 ¶ 28.

Plaintiffs' declarants make no attempt to cite to the administrative record to support these assertions, and nor could they. The information in Paragraph 18 about other BLM projects had no bearing on BLM's approval of the ROD for the Project. The assertions in paragraph 19 relate to alleged events that post-date the ROD. And, Paragraph 28 is speculation of what might happen in the future, based on uncited and unidentified "research" that is not part of the record. Thus, there is no question that the assertions in these paragraphs are *not* within the administrative record and, thus, are not properly before this Court. *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. Zinke*, 889 F.3d 584 (9th Cir. 2018) ("Because the Meister Declaration is not necessary to determine whether the agency has considered all relevant factors and has explained its decision, and because the analysis contained within it post-dates the IGRA ROD, the district court did not abuse its discretion when it granted the motion to strike." (internal citation omitted)); *High Sierra Hikers Ass'n*, 150 F. Supp. 2d at 1045 (striking summary judgment declarations as extra-record evidence that is inadmissible in connection with the final agency action except to the extent they are explanatory of those actions).

5

Moreover, Plaintiffs have made no attempt to argue that these assertions in Exhibit B should be considered as extra-record evidence under the Ninth's Circuit's applicable exceptions allowing consideration of such evidence. *See* ECF 202 at 5 (citing to declarations without argument). A court may allow supplementation of an administrative record in only four circumstances: (1) "if admission [of extra-record evidence] is necessary to determine whether the agency has considered all relevant factors and has explained its decision," (2) "if the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," and (4) "when plaintiffs make a showing of agency bad faith." *Lands Council*, 395 F.3d at 1030 (internal quotations omitted). These four circumstances are to be "narrowly construed and applied." *Id.*; *see also id.* (explaining that the scope of the exceptions "is constrained, so that the exception does not undermine the general rule," because "were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making").

None of the exceptions apply here. The assertions in Exhibit B are not necessary to determine whether the BLM considered all relevant factors—the assertions relate to other BLM-approved projects or post-date the BLM's decision. Nor are the assertions necessary to determine whether BLM has explained its decision for the same reasons. There are no possible arguments that these assertions relate to documents BLM relied on that are outside the record, technical or complex terms, or bad faith. Accordingly, the Court should strike these assertions from Exhibit B. *See Cachil Dehe Band of Wintun Indians*, 889 F.3d at 601; *High Sierra Hikers Ass'n*, 150 F. Supp. 2d at 1045.

**II.     The Identified Paragraphs of Plaintiffs Exhibits Should Be Stricken Because They Contain Improper Legal Arguments and Conclusions.**

Declarations submitted in support of parties' motions or briefs cannot make legal arguments, conclusions, or otherwise "attempt[ ] to introduce law as evidence." *See G.F. Co.*, 23 F.3d at 1507 n.6. In addition, "declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations . . . by

including legal arguments outside of the briefs." *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (citation omitted) (affirming district court's grant of motion to strike such declaration). The Ninth Circuit has "condemned the practice" of making legal arguments and conclusions in declarations because those "[m]atters of law are for the court's determination." *G.F. Co.*, 23 F.3d at 1507 n.6; *see also Spice v. Puyallup Hous. Auth.*, 1994 U.S. App. LEXIS 35716, at *4 n.2 (9th Cir. Aug. 10, 1994) (affirming "district court did not abuse its discretion in striking plaintiff's affidavit in opposition to summary judgment" where the affidavit contained "improper legal argument")

Here, the following paragraphs from Exhibits A, B, C, and D improperly attempt to advance legal arguments or conclusions about BLM's NEPA public participation process, the adequacy of BLM's NEPA review and analysis, and the compatibility of locatable mineral development with sage-grouse presence. These questions are the issues squarely before the Court for review and decision. The declarants' attempts to introduce their legal conclusions as declaratory evidence is improper and in violation of the above well-established rules. Exhibit A asserts legal conclusions that BLM failed to uphold multiple aspects of federal statutes regarding the development of the EIS, the extent of public involvement, and whether the agency sufficiently considered the Project's impacts. *See* ECF 202-1, ¶¶ 13–14. Exhibit B incorrectly contends that the Project is incompatible with applicable sage grouse protections, *see* ECF 202-2, ¶ 13, and Exhibit C repeats arguments that BLM's review of the Project was lacking under applicable federal statutes. *See* ECF 202-3, ¶¶ 31–32. Lastly, Exhibit D reasserts that BLM should have provided better public notice, contending that the process utilized failed to fulfill NEPA's requirements. *See* ECF 202-4, ¶¶ 11, 17.

The above assertions repeatedly conclude that BLM "failed to comply" with the law. These declarants; however, have no place making legal arguments before the Court. *G.F. Co.*, 23 F.3d at 1507 n.6. Moreover, the insertion of such legal arguments is improper, and adds arguments to Plaintiffs' briefs, which improperly expands the page limit allotted to Plaintiffs' arguments by this Court. *See* ECF 197 at 22 (ordering that "motions for summary judgment [are]

7

limited to 40 pages for Rancher Plaintiffs"); ECF 202 (Plaintiffs' motion for summary judgment uses all 40 pages allowed). These page limits were agreed upon by the parties prior to the Court's order. ECF 137 at 2. The Court should strike these inappropriate legal arguments and conclusions. *King County*, 299 F.3d at 1082.

## CONCLUSION

Lithium Nevada's motion should be granted, and the Court should strike the above identified portions of Exhibits A, B, C, and D to Plaintiffs' motion for summary judgment, and disregard any argument relying on those exhibits. When deciding plaintiffs' motion for summary judgment, the Court must limit judicial review to the administrative record and argument properly presented by the parties.

Dated: June 3, 2022.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)
Erica K. Nannini (SBN 13922)
Jessica Freitas (SBN 16079)
HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511

*Attorneys for Defendant-Intervenor Lithium Nevada Corp.*

8