Laura K. Granier (SBN 7357)
Jessica L. Freitas (SBN 16079)
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511-2094
(775) 327-3000
(775) 786-6179 fax
lkgranier@hollandhart.com
jlfreitas@hollandhart.com

Hadassah M. Reimer, Esq (Wyo. Bar No. 6-3825)
*Admitted Pro Hac Vice*
Holland & Hart LLP
P.O. Box 68
Jackson, WY 83001
Tel: 307-734-4517
hmreimer@hollandhart.com

*Attorneys for Defendant-Intervenor*
*Lithium Nevada Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARTELL RANCH, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ESTER M. McCULLOUGH, et al.,<br><br>    Defendants,<br><br>and<br><br>LITHIUM NEVADA CORP.,<br><br>    Defendant-Intervenor. | *Lead Case:*<br>**Case No. 3:21-cv-00080-MMD-CLB**<br><br>**LITHIUM NEVADA CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EDWARD BARTELL'S DECLARATION** |

//

//

//

//

//

//

Defendant-Intervenor Lithium Nevada Corp. ("Lithium Nevada") files this Reply in support of its motion to strike Paragraphs 13 to 42 of Edward Bartell's ("Mr. Bartell's") Declaration, ECF 206 ("Bartell Decl."), submitted in support of Mr. Bartell's and Bartell Ranch, LLC's (collectively, "BRL") motion for summary judgment ("MSJ"). ECF 204.

## I. INTRODUCTION

BRL does not substantively respond to Lithium Nevada's contentions regarding the content of Mr. Bartell's Declaration, and instead attempts to recast the Declaration's 42 paragraphs as a lengthy recitation of facts relating to Mr. Bartell's standing and his efforts to administratively exhaust his concerns from the Administrative Record ("AR"). As discussed herein, BRL's citations to the Bartell Declaration in BRL's MSJ themselves demonstrate BRL's attempt to improperly use extra-record evidence to support substantive arguments beyond standing. In addition, the information within Mr. Bartell's Declaration in Paragraphs 13–42 is extra-record because it "elaborates," or adds to, what is already in the record regarding Mr. Bartell's exhaustion of his complaints.[1] The caselaw cited in Lithium Nevada's motion explained that such repetition of record evidence in a declaration is inappropriate and BRL does not contend that the case law is incorrect, conceding the argument. Furthermore, exhaustion in an Administrative Procedure Act ("APA") case is not demonstrated through a declaration—it is demonstrated by the record alone, which is why the courts struck declarations in the cases that Lithium Nevada cited.

BRL additionally does not try to justify the Declaration under any exceptions to the record-review requirement, contending that the Declaration should be interpreted by the Court

---

[1] Contrary to BRL's assertions, Lithium Nevada's motion to strike does not constitute "busy work" or an "attempt … to sabotage [the] record." ECF 236 at 1. Lithium Nevada has not filed additional motions to expand the AR in conjunction with its motion for summary judgment, ECF 207, nor attempted to raise new arguments in its reply briefs. *See, e.g.*, ECF 235. And Lithium Nevada has demonstrated that it understands relevant standing principles in the Ninth Circuit. As demonstrated herein, contrary to BRL's conjecture, ECF 236 at 9, Lithium Nevada indeed read Mr. Bartell's declaration prior to filing its 20-page motion to strike which extensively cited to specific paragraphs of the declaration. *See United States v. Young*, 470 U.S. 1, 9 (1985) (observing that counsel "must not be permitted to make unfounded and inflammatory attacks on the opposing advocate," and where such personal attacks are made that "kind of advocacy … has no place in the administration of justice and should neither be permitted nor rewarded").

1

as only addressing standing. But a Declaration is properly used for standing to make factual statements that cannot be drawn from the record. It cannot also make legal arguments to support the standing elements of "causation" and "redressiblity." If BRL could simply submit a declaration asserting that BLM caused harm to Mr. Bartell by approving the Thacker Pass Mine ("the Project"), there would no need for MSJ briefs at all—the Court would just decide whether to accept or reject BRL's unsupported assertions. That is why declarations are limited to statements of fact and cannot be used to expand the number of pages in the brief allotted to the parties to make legal argument. And the argumentative nature of the Declaration is clear—the challenged Paragraphs 13–42 are only cited (if cited at all) within BRL's "Argument" section of its motion. Because BRL does not substantively respond to Lithium Nevada's arguments and Mr. Bartell's Declaration makes legal arguments, not factual assertions, the challenged Paragraphs 13–42 should be stricken.

## II. ARGUMENT

### A.     Mr. Bartell's Declaration is Extra-Record Evidence.

BRL contends Lithium Nevada conceded that Mr. Bartell's Declaration was *not* extra-record by citing the contention that Mr. Bartell "further elaborate[s] on his comments filed during the [National Environmental Policy Act ("NEPA")] process." ECF 226 at 7. But elaboration means "the addition of more information to … something that you have said," meaning the Declaration included both redundant and inappropriate re-statements of record evidence and also *additional*, extra-record commentary in a document not logged in the AR. *Elaboration*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/elaboration (last visited June 10, 2022). BRL itself does not argue that everything in the Declaration is in the record, and only protests that "the Bartell Decl. relies *primarily* on evidence already in the record." ECF 236 at 5 (emphasis added). But a new non-record document containing additional commentary *is* extra-record evidence. The extra-record character of the Declaration is evidenced throughout but most clearly at Paragraph 16, where Mr. Bartell describes his post-Record of Decision protest hearing before the Nevada State Engineer, which literally is the contents of BRL's motion for extra-record evidence. The Declaration is extra record evidence because it

2

impermissibly attempts to add into the record the evidence that it cites. Furthermore, BRL's response to Lithium Nevada's Motion to Strike does not attempt to justify Paragraphs 13–42 of the Declaration under the *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) factors and those Paragraphs should be stricken. *Headwaters v. Forsgren*, 219 F. Supp. 2d 1121, 1125 (D. Or. 2002) (concluding that "[p]ost-decision declarations offered to either justify or attack an agency decision already made should not be considered" and striking Declarations "offered for [that] purpose … based upon the record already established").

Furthermore, BRL does not respond to Lithium Nevada's contention that "[w]hen the documents plaintiffs seek to include 'would duplicate and recharacterize matters already in the record' they do not 'address issues not already there' and are properly stricken by the Court," regardless of their content. ECF 226 at 7 (quoting *Slockish v. U.S. FHA*, No. 3:08-cv-01169-YY, 2020 U.S. Dist. LEXIS 250527, at *79, 83 (D. Or. Apr. 1, 2020) *aff'd in relevant part*, 2021 U.S. Dist. LEXIS 32449, at *4 (D. Or. Feb. 21, 2021)). When a declaration points to record documents that it contends "supports [its] position and is argumentative rather than informative," then "the declaration's contents can be 'extracted from the record,' [and] striking the Declaration is warranted." *Ctr. for Sierra Nev. Conservation v. Berry*, 2005 U.S. Dist. LEXIS 55330, at *25 (E.D. Cal. Feb. 15, 2005) (citation omitted). BRL concedes this issue, and all paragraphs where Mr. Bartell cites to his comments and elaborates should be stricken. *See* ECF 226 at 8 (citing cases); *Robertson v. County of Alameda*, No. 15-cv-03416-TEH, 2015 U.S. Dist. LEXIS 146364, at *6 (N.D. Cal. Oct. 28, 2015) ("Robertson failed to respond to several arguments in Defendants' motion, thus conceding those issues.").

Moreover, each of the challenged paragraphs in Mr. Bartell's Declaration includes additional commentary on the comments included in the record, rather than direct quotes— meaning, his elaboration is "extra record." *See e.g.*, Bartell Decl. ¶ 30(e) ("Piteau asserts … yet my hydrologist and I documented …. I informed BLM of this fact in my DEIS Comments"). Mr. Bartell also goes beyond describing his prior comments to complaining about the "short shrift" given his comments, Bartell Decl. ¶ 17, explaining that his "hydrologist ['s] independent[] calculat[ions]" differed from Piteau's, and asserts an "over 50% decline in Lower Pole Creek."

3

*Id.* ¶ 23. Mr. Bartell claims he knows that Piteau mischaracterized Lower Pole Creek because he both "understand[s] flow patterns" and is "intimately familiar with the flow patterns of Pole … Creek[]." *Id.* ¶ 24. By pointing to uncited, extra-record evidence and asserting both his own and his expert's authority as evidence to support the same claims made within the Declaration, Mr. Bartell attempts to supplement the comments he submitted in the record. His additional commentary in Paragraphs 13–42 should be stricken because BRL did not justify the extra-record evidence under any exception. *See Sequoia Forest Keeper v. La Price*, 270 F. Supp. 3d 1182, 1227 (E.D. Cal. 2017) ("These exceptions are to be narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies." (citation omitted)).

### B.     Exhaustion is Properly Demonstrated by the AR, Not by Declaration.

BRL contends that "[i]t is common practice in federal courts … to consider a declaration for … exhaustion purposes," but cites no relevant APA case. ECF 236 at 5, 9–10. Instead, BRL points to two cases addressing a motion "to dismiss ... for failure to exhaust administrative remedies in a non-enumerated 12(b) motion," which allowed the use of declarations to demonstrate administrative exhaustion of complaint procedures in prison litigation. *Morris v. Barra*, No. 10-CV-2642-AJB (BGS), 2012 U.S. Dist. LEXIS 148156, at *17 (S.D. Cal. Oct. 15, 2012); *Puente v. County of Los Angeles*, No. CV 07-5809 PSG (FMOx), 2008 U.S. Dist. LEXIS 139486, at *14 (C.D. Cal. July 3, 2008) ("In an 'unenumerated Rule 12(b)' motion based on failure to exhaust administrative remedies, the Court may look beyond the pleadings to decide disputed issues of fact." (quoting *Wyatt v. Terhune*, 315 F.3d 1108, 1119–20 (9th Cir. 2003)). While Declarations may be necessary to "describe[] the complaint process in the jail," *Albino v. Baca*, 747 F.3d 1162, 1167 (9th Cir. 2014) (en banc) (overturning *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)), APA litigation reviews the evidence in the AR. This is demonstrated in the only APA case BRL cites, wherein a party attempted to "claim[] in his affidavit in support of standing that his organization" exhausted its claims. *Methow Forest Watch v. U.S. Forest Serv.*, 383 F. Supp. 2d 1263, 1268 (D. Or. 2005). The Court declined to address the admissibility of the Declaration and instead "dismissed [the party] as a plaintiff" because "*the Administrative*

4

*Record does not support this claim.*" *Id.* (emphasis added). Exhaustion in an APA case is demonstrated through participation in the administrative process as reflected in the AR, not through a declaration. *Chilkat Indian Klukwan v. BLM*, 399 F. Supp. 3d 888, 912 (D. Alaska 2019) (exhaustion requires parties to "structure their participation [during the administrative process] so that it … alerts the agency to the parties' position and contentions," pointing to "Plaintiffs' comments" as "satisfy[ing] this requirement").

BRL's own citations in its MSJ belie BRL's assertions that it was simply seeking to support its standing. BRL cited in its MSJ to the Declaration's Paragraph 30 as support for its argument that BLM did not conduct an independent evaluation of Piteau's work and instead "simply adopted the[][Piteau's] surveys." ECF 204 at 7. But BRL now argues that it was not providing evidence for its argument but *impliedly* providing evidence that the argument was exhausted, ECF 236 at 7 n.3, even though the sentence in the MSJ citing Paragraph 30 makes no reference to exhaustion. BRL also ignores that Paragraph 30 includes many sub-paragraphs that are simply argument without references to the record. *See* Bartell Decl. ¶ 30(b), (g), (l), (o), (p). In fact, the MSJ does not reference exhaustion at all. *See* ECF 204. Thus, BRL's assertion that the declaration enables it to imply new arguments beyond the text of the MSJ demonstrates BRL violated the Court's ordered page limits by using the declaration as further argument. *Singh v. Soraya Motor Co.*, No. C17-0287-JCC, 2017 U.S. Dist. LEXIS 178240, at *11 (W.D. Wash. Oct. 26, 2017) ("Declarations should not be used as a vehicle for legal argument.").

In an APA case, "[c]laims must be raised with sufficient clarity to allow the decision maker to understand and rule on the issue raised." *Idaho Sporting Cong. v. Rittenhouse*, 305 F.3d 957, 965 (9th Cir. 2002). When evaluating whether a party in a NEPA case "exhaust[ed] their administrative remedies," the Court looks to the "comments on the draft EIS." *Or. Nat. Desert Ass'n v. Jewell*, 840 F.3d 562, 571 (9th Cir. 2016). As such, the paragraphs where Mr. Bartell cites or explains his comments in the record are unnecessary extra-record characterizations of his previous comments that should be stricken. *See* ECF 226 at 7 (citing Bartell Decl. ¶¶ 15, 17, 30(a), 30(c)–(f), 30(h)–(k), 30(m)–(n), 31–35, 37, 39–40); ECF 236 at 7

5

n.3 (citing Bartell Decl. ¶¶ 15–18, 30–42 as paragraphs cited in the MSJ for exhaustion purposes).[2]

### C. Standing Declarations May Assert Facts, Not Legal Arguments.

BRL acknowledges that it cited to Mr. Bartell's Declaration "in the 'Argument' section of Plaintiffs' motion for summary judgment," ECF 236 at 7, but contends that it is Lithium Nevada's "fundamental fail[ure] to understand the *legal* requirements of … standing" that leads to the presumption that those portions of the Declaration are unrelated to standing. *Id.* at 9 (emphasis added). Lithium Nevada acknowledged that a declaration could be considered relative to standing only and, therefore, did not seek to strike Paragraphs 1–12 of Mr. Bartell's Declaration that could be considered relative to standing. BRL repeats throughout its motion that the Declaration simply addresses the three elements of standing—injury in fact, causation, and redressibility. *Id.* at 10–20. Lithium Nevada acknowledges that Paragraphs 1–12 set forth facts that Mr. Bartell points to in his MSJ to demonstrate the injury he believes will result and that those paragraphs are appropriate in a standing Declaration. But a Declaration may only be used to "set forth … specific facts" to "establish[] that [the party] has suffered an injury in fact." *Beck v. U.S Dep't of Commerce*, 982 F.2d 1332, 1340 (9th Cir. 1992); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 563 (1992) (noting "respondents had to submit affidavits or other evidence showing, through specific facts … that one or more of respondents' members would thereby be 'directly' affected"). Where a "statement is argumentative" it is not appropriately considered a statement of fact and is inappropriate in a declaration. *Cf. Hells Canyon Pres.*

---

[2] BRL contends Mr. Bartell made statements relating to exhaustion in an attempt address Lithium Nevada's Answer to the Complaint, which contended that "[s]ome or all of Plaintiffs' claims are barred because they failed to exhaust administrative remedies." ECF 21 at 14. But again, actually addressing that argument requires BRL to point to evidence in the AR that BRL exhausted its remedies. Furthermore, Lithium Nevada does not dispute that BRL exhausted the claims made in Mr. Bartell's DEIS comments, which are the large majority of the comments cited in the Declaration. But crucially, the paragraphs in the Declaration that only cite to Mr. Bartell's post-FEIS comments do not establish that Mr. Bartell exhausted those issues, but rather demonstrate that Mr. Bartell continued to make comments after the public comment period concluded. Mr. Bartell did not exhaust those post-FEIS claims simply by repeating them in a declaration, because exhaustion in APA cases can only be shown through record evidence and comments timely raised for BLM's consideration prior to the FEIS—not those raised for the first time following completion of the FEIS.

6

*Council v. Jacoby*, 9 F. Supp. 2d 1216, 1230 n.22 (D. Or. 1998) (striking from a statement of facts as argumentative the phrase "The FHWA has refused to prepare an environmental assessment or environmental impact statement for the project….").

The Court should strike all portions of Mr. Bartell's Declaration that do not pertain to attempts to provide facts relevant to Mr. Bartell's standing. The "Standing" section of BRL's MSJ almost entirely relies only on Paragraphs 1–12 of Mr. Bartell's Declaration, and Lithium Nevada did not seek to strike those Paragraphs. *See* ECF 204 at 3–7 (citing Bartell. Decl. ¶¶ 1–12).[3] BRL's own citations in its MSJ perhaps demonstrate best that BRL attempts to use Paragraphs 13–42 as improper extra-record evidence to try to support substantive MSJ arguments. BRL does not specifically cite to the contents Paragraphs 13–42 in support of its standing claims within the "Standing" section of the MSJ. Instead, the only specific references to Paragraphs 13–42 occur, often as the sole support for sentences describing BRL's NEPA and FLMPA claims, within the "Argument" section of BRL's brief. *See id.* at 13–14, 18–19, 23–24, 27, 30, 34, 36, 38–40.

BRL contends that any time it cited to the Declaration in the Argument section it simply "cited to the Bartell Decl. instead of record evidence because Declarations are properly used to establish standing." ECF 236 at 8 n.4. But BRL relied solely on the Declaration as evidence to support its legal contentions regarding BLM's process, its decision, and the impact of the decision—legal arguments under an APA claim. Mr. Bartell's Declaration claims that BLM conducted a "hasty, shortsighted, ignorant, and wanting 'environmental review,'" ECF 204 at 13 (citing only Bartell Decl. ¶¶ 22–42), that BLM "vastly undermeasured springs," *id.* at 14 (citing only "*See generally* Bartell Decl."); and again that "Piteau deliberately and consistently mismeasured springs," *id.* at 23 (citing only "Bartell Decl. ¶¶ 1–30). BRL never specifically

---

[3] There is a single citation to a sentence within a later Declaration paragraph asserting that, among other arguments, any "pollution will adversely affect … enjoyment of … public and private lands." ECF 204 at 5 (citing Bartell Decl. ¶ 27). But the sentence before explains that the pollution referenced relates to Mr. Bartell's Declaration-only claims that "air, water, light or noise pollution will" result from the Project. Bartell Dec. ¶ 27. In context, this paragraph makes new arguments that are not discussed in the MSJ, *see infra* Section II.C., and should still be stricken, notwithstanding BRL's attempt to cite to it as evidence of standing.

7

cites to Paragraphs 14–17 in its MSJ, further demonstrating that those Paragraphs are unnecessary and argumentative. Where BRL cited the Declaration in support of argument statements, those statements had nothing to do with standing or exhaustion. Instead, the MSJ attempts to rely on the contentions in the Declaration as further evidence to support BRL's NEPA and FLPMA claims, not to justify BRL's standing to bring those claims.[4] The Declaration therefore "*does* make [] arguments" and intentionally "*is* … offered to support the merits of Plaintiffs' brief," contrary to BRL's protestations. ECF 236 at 8 n.5 (emphasis added).

BRL's detailed examination of the Declaration further demonstrates the argumentative nature of the Declaration. BRL admits that Paragraph 13 "is not particularly necessary," and does not pertain to standing, meaning it should be stricken. *Id.* at 12. Paragraph 14 newly contends that the Project will prevent Mr. Bartell's "ability to access and enjoy [his] own private lands and grazing allotments," an access claim that does not appear in the MSJ. Bartell Decl. ¶ 14; *see generally* ECF 204. BRL acknowledges that Paragraphs 15–17 simply chronicle, with new commentary, "Mr. Bartell's extensive participation in the NEPA process," which is extra-record and unnecessary. *Citizens for a Better Way v. U.S. DOI*, No. 2:12-cv-3021-TLN-AC, 2015 U.S. Dist. LEXIS 78705, at *15–16 (E.D. Cal. June 16, 2015) (striking a Declaration where the substance of the Declaration was already included in comments within the record because agency "has already taken this into consideration"). Where BRL argues Paragraphs 18–29 "establish how the [Project] will injure [its] various interests," ECF 236 at 13, the Declaration continues to add to the MSJ's claims that the Project "may … destroy habitat" by making new claims regarding "light … pollution," Bartell Decl. ¶ 18; that BRL "will be affected by … guard shacks, weather stations, and fencing," *id.* ¶ 19, which is not mentioned in the MSJ, ECF 204;

---

[4] BRL additionally cites to the Declaration as part of string cites of evidence to support other arguments unrelated to standing or exhaustion. *See* ECF 204 at 18 n.11 (claiming "the quantity of imported sulfur was kept hidden," citing "TPEIS-0429; Bartell Decl. ¶ 39"); *id.* at 18–19 (averring "BLM failed to provide the mitigation plan," citing "TPEIS-0443; TPEIS-0484; Bartell Decl. ¶¶ 35, 39"); *id.* at 37–38 (contending "[t]he errors in the baseline prevent BLM from effectively mitigating the Mine's impacts," citing "*ONDA v. Jewell*, 840 F.3d at 571; *see generally* Bartell Decl."). None of these statements imply that the citation to the Declaration incorporated a standing or exhaustion argument, rather the declaration is treated just like record evidence—even though BRL persists in claiming it does not need to justify inclusion of the Declaration in the record. ECF 236 at 5.

pointing to uncited evidence from Mr. Bartell's hydrologist, Bartell Decl. ¶ 23; contending the Project will "destroy … big game habitat," *id.* ¶ 24, not cited in the MSJ, ECF 204 at 36, expands on new claims of air, light, and noise pollution, *id.* ¶¶ 25–27; uncited claims of effects to water levels on an unnamed well, *id.* ¶ 28; and concludes with the legal argument that BLM's "shortcuts" resulted in a legally insufficient FEIS, *id.* ¶ 29. These new claims combined with legal contentions regarding the sufficiency of the FEIS constitute extra-record evidence that Mr. Bartell uses in the Declaration to make new arguments in addition to those made in the MSJ. Therefore, they are improper and should be stricken.

BRL objects that the MSJ did make arguments regarding air, light, and noise pollution, but the cited material does not support the belated claims. Mr. Bartell made one DEIS comment regarding noise and it was unrelated to sage grouse, solely regarding "[]value" of Mr. Bartell's "private property" that was not repeated in the MSJ. TEPIS-01489 at AR-106750 ("The final EIS must include mitigation to private property owners if, in fact, plant odors and noise reaches private property and devalues it."). BRL proposes that its Visual Resource Management ("VRM") claim within the MSJ encompassed Mr. Bartell's statements about light and air pollution, but "[t]he process for analyzing impacts to visual resources involves … using the basic design elements of form, line, color, and texture." TPEIS-0384 at AR-045647. While light impact discussions are included in the record, BRL did not mention light impacts in either the MSJ or in comments on the DEIS. TPEIS-1489 at AR-106756 (general argument regarding VRM classification with no reference to light); ECF 204 at 39 (same). And lastly, claims regarding air pollution do not fall under VRM designations but are separately evaluated under the FEIS's environmental impacts section. TPEIS-0384 at AR-045841–42. BRL does not raise air quality claims in its MSJ. *See generally* ECF 204. Thus, the paragraphs within Mr. Bartell's Declaration that make *new* arguments in addition to the MSJ should be stricken as argumentative and exceeding the allotted page limit. Bartell Decl. ¶¶ 18, 25–27.

Where the remainder of the Declaration makes statements related to arguments that *are* included in the MSJ, Bartell Decl. ¶¶ 20–21, 30–42, they are unnecessary for standing and simply argue BRL should win the substantive claims in its MSJ. Parties must make legal arguments

9

within the Court-allotted number of pages for their MSJ and, in an APA case, support the arguments with reference to evidence in the AR. BRL cannot use Mr. Bartell's Declaration to make its *legal argument* regarding standing, it may only provide facts relevant to standing that are not obtainable from the AR. Thus, Paragraphs 13–42 "should be stricken as improper legal argument outside the court-approved page limit" because BRL's Declaration, "while couched in factual assertions, contains significant argument regarding why several of [BLM or Lithium Nevada's] assertions are erroneous. Such argument goes beyond what is appropriate for a Declaration." *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 U.S. Dist. LEXIS 112792, at *33–34 (W.D. Wash. June 25, 2018). Paragraphs 13–42 make arguments, not factual statements, that clearly address the merits of BRL's NEPA and FLPMA claims. *See, e.g.*, Bartell Decl. ¶ 24 (asserting "BLM and LNC … mischaracterize[ed] these lower stream reaches as ephemeral instead of intermittent," relating to his NEPA claim); *id.* ¶ 37 (claiming Lithium Nevada did not demonstrate the required "discovery of valuable minerals," relating to his FLMPA claim). And because "[d]eclarations . . . should not be used to make an end-run around the page limitations …by including legal arguments outside of the briefs," *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002), the Court should strike those paragraphs of the Declaration.

### D.  BRL Concedes the Arguments it Does Not Address.

BRL agrees that Mr. Bartell's paragraphs making arguments concerning BLM's scientific methods and data cannot be used to challenge those methods and data. ECF 236 at 6 ("The Court need not consider the Bartell Decl. for any independent evidentiary value outside standing and exhaustion purposes."). This concedes Lithium Nevada's argument that any aspect of the Declaration "target[ing] the [agency's] science" is improper and should be stricken. *Native Ecosystems Council v. Erickson*, 330 F. Supp. 3d 1218, 1231 (D. Mont. 2018). BRL also concedes that the Declaration attempts to repeat and rephrase record evidence, suggesting that it "could replace citations to the Bartell Decl. with citations to the record without changing the substance of the pleading at all." ECF 236 at 7–8. This concedes Lithium Nevada's argument that challenged portions of the Declaration *are* "redundant and unnecessary" and should be

10

stricken. *Front Range Equine Rescue v. BLM*, No. 3:16-cv-149-AC, 2017 U.S. Dist. LEXIS 62842, at *13 (D. Or. Mar. 13, 2017). And where the Declaration makes legal arguments (whether arguments regarding the legal elements of standing or other legal burdens considered on summary judgment), the Declaration goes beyond the Court-ordered page limits and should be stricken under the Court's "inherent authority to strike [a] fugitive document." *Mazzeo v. Gibbons*, 2010 U.S. Dist. LEXIS 105798, at *9 (D. Nev. Sept. 30, 2010). BRL does not contest any of these arguments directly and simply tries to change the character of the words already on the page. Where arguments are not contested they are conceded, *Robertson*, 2015 U.S. Dist. LEXIS 146364, at *6, and in light of the argumentative character of the Declaration being clear through BRL's use of the Declaration in the MSJ, this Court should strike the offending Paragraphs 13–42.[5]

### III. CONCLUSION

The "district court[] [has] inherent power over the administration of its business, which includes the "inherent authority to strike [a] fugitive document." *Mazzeo*, 2010 U.S. Dist. LEXIS 105798, at *8–9 (citation omitted). The non-standing paragraphs of Mr. Bartell's Declaration improperly attempt to increase BRL's number of pages allotted for its summary judgment motion, and are inadmissible under *Lands Council*. As such, Mr. Bartell's argumentative paragraphs within his Declaration addressing the BLM's decision "are not appropriately before the Court and, therefore, are fugitive documents that [should] be struck." *Johnson v. Holms*, No. 2:18-cv-00647-GMN-EJY, 2020 U.S. Dist. LEXIS 104074, at *4 (D. Nev. June 12, 2020). For all these reasons, Paragraphs 13 to 42 in Mr. Bartell's Declaration

---

[5] Were the Court to take BRL's suggestion to limit consideration of the Declaration to only standing and exhaustion, ECF 236 at 7, Lithium Nevada would continue to object that exhaustion is not properly supported by declaration in APA cases and that legal arguments that could be construed as relating to standing in the Declaration still inappropriately expand BRL's allotted pages for argument. The only appropriate course of action is to strike the offending Paragraphs 13–42 and strike references to them in the MSJ. BRL should also not be allowed to additionally edit the citations in their MSJ. *Id.* at 7–8. If BRL felt that it needed evidentiary support for arguments in the Argument section of the brief, it should have cited to record evidence, per the APA.

in support of BRL's motion for summary judgment do not pertain to his standing and should be stricken.

Dated: June 17, 2022.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)
Jessica L. Freitas (SBN 16079)
HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511

*Attorneys for Defendant-Intervenor Lithium Nevada Corp.*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)

17744492_v1