Laura K. Granier (SBN 7357)
Jessica Freitas (SBN 16079)
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511-2094
(775) 327-3000
(775) 786-6179 fax
lkgranier@hollandhart.com
jlfreitas@hollandhart.com

*Attorneys for Defendant-Intervenor Lithium Nevada Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; GREAT BASIN RESOURCE WATCH; BASIN AND RANGE WATCH; and WILDLANDS DEFENSE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; U.S. BUREAU OF LAND MANAGEMENT; and ESTER M. McCULLOUGH, District Manager, BLM's Winnemucca Office,<br><br>Defendants,<br><br>and<br><br>LITHIUM NEVADA CORP.,<br><br>Defendant-Intervenor. | Case No. 3:21-cv-00103-MMD-CLB<br>Consolidated with: 3:21-cv-00080-MMD-CLB<br><br>**DEFENDANT-INTERVENOR LITHIUM NEVADA CORP.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF EXHIBITS A, B, C, AND D TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant-Intervenor Lithium Nevada Corp. ("Lithium Nevada") respectfully files this Reply in support of its motion to strike Paragraphs 13 and 14 of Exhibit A (Declaration of Mr. Hadder, ECF 202-1), Paragraphs 13, 18, 19, and 28 of Exhibit B (Declaration of Ms. Fuller, ECF 202-2), Paragraphs 31 and 32 of Exhibit C (Declaration of Ms. Fite, ECF 202-3), and Paragraphs 11 and 17 of Exhibit D (Declaration of Mr. Emmerich, ECF 202-4), attached to Plaintiffs Western Watersheds Project, Great Basin Resource Watch,

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

Basin and Range Watch, and Wildlands Defense's (collectively, "Plaintiffs") motion for summary judgment.

**INTRODUCTION**

Plaintiffs admit that certain paragraphs within their declarations filed to establish standing on summary judgment could be "irrelevant to [their alleged] injuries," because the paragraph explicitly raises claimed injuries to unrepresented parties. ECF 263 at 8. Plaintiffs' response also highlights that the other challenged paragraphs do not evince evidence of injury but rather attempts to bring in the declarants' "knowledge of [uncited, extra-record] research" and attempt to compare the Thacker Pass Lithium Mine Project ("Project") to "BLM's NEPA process for other [uncited] mines." *Id.* at 7. And while Lithium Nevada appreciates that the Plaintiffs did not "rel[y] upon" any challenged paragraphs in their motion for summary judgment, *id.* at 3, that correct choice does not change the argumentative nature of the challenged paragraphs that Plaintiffs included beyond their allotted briefing page limits or that it is extraneous and improper extra-record evidence that should be struck.

Lithium Nevada demonstrably acknowledges that parties may use declarations to establish standing because it does not challenge the majority of the paragraphs in Plaintiffs' declarations. Plaintiffs may catalogue their values, personal activities, and individual concerns. *See, e.g.*, *Nw. Env't Def. Ctr v. Bonneville Power Admin.*, 117 F.3d 1520, 1529 n.6 (9th Cir. 1997) (considering standing declarations that stated the declarant "visited and intend to continue visiting sites," "enjoy[s] watching" relevant animals, "have personally fished for sport," and "consistently advocated [environmental] reform[s]"). Those statements are akin to the unchallenged paragraphs within Plaintiffs' declarations. *See, e.g.*, ECF 202-2 ¶ 3 ("I grew up hiking and camping in the American west ...."). But in the challenged paragraphs, Plaintiffs misuse their standing declarations to incorporate additional information that is not part of the Administrative Record ("AR"), going beyond the bounds created by caselaw for standing declarations. And while factual assertions to establish standing are permitted in standing declarations, Fed. R. Civ. P. 56(c)(4), argumentative statements of legal conclusions are not. *Conservation Cong. v. U.S. Forest Serv.*, 409 F. Supp. 3d 861, 873 (E.D. Cal. 2019) ("grant[ing] Plaintiff's Motion to Strike and exclud[ing]

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

the identified portions of … [the] declaration" that "offer[ed] post-decisional rationalizations[ and] legal conclusions"). Therefore, the identified paragraphs in Plaintiffs' Exhibits A, B, C, and D should be stricken. ECF 202-1, 202-2, 202-3, 202-4. The cited paragraphs are immaterial to Plaintiffs' standing requirements and should be stricken under Rule 12(f) and the Court's inherent authority. *See Amalgamated Transit Union Local 1637 v. Veolia Transp. Servs.*, No. 2:11-cv-01986-JCM-CWH, 2012 U.S. Dist. LEXIS 164035, at *10 (D. Nev. Nov. 15, 2012) (striking a declaration and its exhibits as immaterial and impertinent).

## ARGUMENT

### I. Standing Declarations May Not Incorporate Extra-Record Evidence.

Plaintiffs state a truism in their assertion that a declaration supporting a party's standing is technically not included in the AR and is therefore itself "extra-record evidence" that this Court may review. ECF 263 at 5. But Lithium Nevada does not challenge Plaintiffs' ability to submit standing declarations—the motion to strike very specifically challenges paragraphs that cite to extra-record information to justify the statement made.[1] Because information outside the AR "may not be advanced … [to] attack[] an agency's decision," *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996), extra-record information cited within a declaration for such a purpose is properly stricken. *See Greater Hells Canyon Council v. Stein*, No. 2:17-cv-00843-SU, 2018 U.S. Dist. LEXIS 140858, at *16 (D. Or. June 11, 2018) (concluding

[1] Therefore, Plaintiffs' cited caselaw that makes the unobjectionable argument that standing declarations are allowed in APA cases does not address Lithium Nevada's contention. *See Sierra Club v. U.S. EPA*, 762 F.3d 971, 976 n.4 (9th Cir. 2014) (granting "leave to submit declarations to establish standing"); *Mont. Wildlife Fed'n v. Bernhardt*, No. 4:18-cv-69-GF-BMM, 2021 U.S. Dist. LEXIS 203287, at *4–5 (D. Mont. June 21, 2021) (denying a motion to strike after all parties agreed "that the declarations at issue could only be used for standing purposes"); *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002) (observing that Sierra Club did not file an affidavit with facts to establish standing and that "[h]enceforth, therefore, a petitioner whose standing is not self-evident should establish its standing by the submission of … affidavits" providing facts to establish standing). Furthermore, Plaintiffs' out-of-circuit caselaw is inapposite as it does not refer to standing declarations. *See Colo. Env't Coal. v. Office of Legacy Mgmt.*, 819 F. Supp. 2d 1193, 1203 & n.14 (D. Colo. 2011) (denying a motion to strike because the proffered documents demonstrated that the Court had jurisdiction, while expressly acknowledging such information was immaterial to the final decision); *Texas v. Biden*, No. 2:21-CV-067-Z, 2021 U.S. Dist. LEXIS 195393, at *22 (N.D. Tex. July 19, 2021) (denying the government's motion to strike Plaintiffs' Appendix filed concurrently with its motion for a preliminary injunction on multiple grounds, observing that ultimately Plaintiffs could not have "move[d] to 'supplement' … [the] record" because it "did not yet exist," as "Plaintiffs filed their Motion … on June 8" but "the Administrative Record was not filed until June 22").

that "plaintiffs' submissions"—consisting of a "declaration and website scientific evidence"—"are an attempt to provide an alternate and preferred version of the facts in order to persuade the Court that the [agency's] decision was in error").

Paragraphs 13,[2] 18, 19, and 28 of Exhibit B improperly attempt to advance extra-record evidence that relates to prior BLM decisions or events that allegedly took place after BLM made its decision to approve the Record of Decision ("ROD") for the Project, in violation of the above well-established rules. Plaintiffs in response contend that the identified paragraphs "detail the injury caused to Ms. Fuller." ECF 263 at 7. But that statement is incorrect on the face of the paragraphs, as evinced by Plaintiffs' quotations.

Paragraph 18's explanation regarding "BLM's NEPA process for *other mines in the region*," *id.*, cited specific projects without accompanying documentation and contends that for *this* Project "the public, including tribes" was preoccupied with COVID-19 and were unable to submit comments. ECF 202-2 ¶ 18 (emphasis added). Ms. Fuller does not say that she too, was preoccupied, because she submitted comments on behalf of WWP. *See* TPEIS-0498–502 (Draft EIS Comment and attachments from Kelly Fuller). Her discussion of prior projects' uncited public scoping processes do not reference this Project's AR and constitute extra record-evidence submitted without justification under *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir.

[2] Plaintiffs make much of the fact that Lithium Nevada explicitly identified four objectionable paragraphs in Exhibit B in its introduction, ECF 243 at 3 (citing ECF 202-2 ¶¶ 13, 18, 19, 28) and later made specific reference to only three paragraphs. *Id.* at 4–6 (citing ECF 202-2 ¶¶ 18, 19, 28). Plaintiffs claim that meant that Lithium Nevada did not clearly argue that Paragraph 13 introduced extra-record evidence. ECF 263 at 6. But Plaintiffs cannot argue they were unaware that Lithium Nevada was referring to Paragraph 13 when it stated generally, multiple times, that "Exhibit B improperly attempts to advance extra-record evidence" given that Paragraph 13 is one of the challenged paragraphs in Exhibit B. ECF 243 at 5–6. Particularly where Lithium Nevada challenges "uncited and unidentified 'research' that is not part of the record" in Paragraph 28, ECF 243 at 5, it is clear that the "expert scientist[] recommend[ation]" and the "recent research" cited in Paragraph 13, ECF 202-2 ¶ 13, are similarly inappropriate in a standing declaration. If the Court grants the motion to strike, it is only logical to also strike the identified paragraphs that make the same errors. But regardless of whether the Court applies the Lithium Nevada's arguments regarding "Exhibit B" to the previously-identified Paragraph 13, Paragraph 13 is similarly inappropriate as it makes improper legal arguments. *See infra* Section II.

Furthermore, Lithium Nevada notes that it did not challenge Paragraph 20 of the Fuller Declaration. *See generally* ECF 243. Therefore, Plaintiffs' arguments regarding the propriety of Paragraph 20 are inapplicable to the claims at issue and the Court may disregard them. *See* ECF 263 at 6–8 (defending paragraph 20 as "statements evidenc[ing] the injury to Ms. Fuller").

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

2005). Where Ms. Fuller applies her claimed past experience with or awareness of other projects to challenge BLM's public comment on this Project as "unusually short," ECF 202-2 ¶ 18, she is inappropriately providing "extra-record … opinion and argument submitted to undermine [the agency's] analyses and conclusions." *Conservation Cong. v. Heywood*, No. 2:11-cv-02250-MCE-CMK, 2015 U.S. Dist. LEXIS 120060, at *21, 23 (E.D. Cal. Sep. 8, 2015) (citation omitted) (granting a motion to strike from a standing declaration paragraphs where the declarant "opines on the potential danger … if the Project goes forward" based on her scientific opinion).[3] Furthermore, Plaintiffs cannot point to any part of this paragraph that discusses the impact of the Project's comment process on Ms. Fuller personally because she did not include herself as one harmed by the allegedly "short" public comment process. ECF 202-2 ¶ 18. This paragraph is therefore properly stricken as irrelevant to her standing.[4]

More explicitly, Ms. Fuller goes on in Paragraph 19 to commit the common error in this litigation of attempting to speak for unrepresented sovereign tribes. In Paragraph 19, Ms. Fuller does not allege "injuries from the rushed NEPA process …. to her concrete interests," ECF 263 at 7, because the entire paragraph purports to raise post-ROD complaints from "members of the Fort McDermitt and Shoshone Tribe" made by those members "in the last year," after BLM issued the ROD. ECF 202-2 ¶ 19. While Plaintiffs do not expressly acknowledge that they lack standing to make such claims per this Court's orders, *see* ECF 117 at 6, they concur that "[t]he Court should

---

[3] Importantly, Plaintiffs *do not make arguments on summary judgment* regarding the length of the public comment period. *See* ECF 202 at 21 (describing its own comments submitted during the comment period as "extensive"); *id.* at 33 (arguing (incorrectly) that "BLM never presented a [monitoring] plan for public review," but not contending the comment period was too short). Ms. Fuller's argument in Paragraph 18 is thus both unrelated both to her standing but also presents a new legal argument. Where the declaration provides arguments in addition to the briefing, it is no wonder the briefing does not cite to the declaration. ECF 263 at 3.

[4] Plaintiffs contend that "Ms. Fuller's personal knowledge of her research" allows her to cite to that research in her standing declaration, ECF 263 at 7, and cited caselaw they claimed allowed declarations that "seemingly offer[ed] expert testimony, [but] were limited to establish standing." *Id.* at 5. This sentence implies that the Court in that case interpreted expert testimony as standing-related, which is an incorrect characterization. Instead, the Court acknowledged that "those parts of the declarations that contain opinion testimony border on impermissible extra-record evidence," and therefore "expressly disavows reliance on the declarations" including the offending paragraphs "except as [other paragraphs] are relevant to standing." *Env't Prot. Info. Ctr. v. Blackwell*, 389 F. Supp. 2d 1174, 1221 (N.D. Cal. 2004). While not outright striking the offending paragraphs, the Court did not permit inclusion of the "opinion testimony about alleged harmful effects of the [Project]" in the Court's discussion of the merits. *Id.* at 1220.

strike paragraph 19 … if … not relevant to Plaintiffs' procedural injuries." ECF 263 at 8. Plaintiffs' sole argument against striking Paragraph 19 is that in restating extra-record "strong Indigenous interest" from unrepresented parties, ECF 202 ¶ 19, it "supports Ms. Fuller's statements about injury to her interests." ECF 263 at 8. But Paragraph 18, as previously explained, also says nothing about injuries to Ms. Fuller personally. Paragraph 19 simply cites to extra-record, post-ROD comments from unnamed individuals from a Tribe that has been involved in consultation with BLM for years and has chosen not to intervene in this case. This extra-record information should be stricken. *See Conservation Cong.*, 2015 U.S. Dist. LEXIS 120060, at *23 (striking material from a standing declaration "based on post-decision information").

Similar to Paragraphs 13 and 18, in Paragraph 28 Ms. Fuller references uncited general crime and violence statistics that were not included in her DEIS comments, *see, e.g.*, TPEIS-0548, or anywhere else in the record as supporting the alleged harm to herself from increased violence in rural areas. ECF 202-2 ¶ 28. Plaintiffs contend that this is not speculation but Ms. Fuller's "knowledge of research" and that the Court cannot simply "disbelieve a declarant's sworn statement." ECF 263 at 7–8. But where a declaration "fail[s] to identify the source of the notations" within a declaration, it "giv[es] no basis to the evidence [s]he is relying upon" and the Court may "strike[] these portions" of the declaration. *FTC v. Omics Grp.*, 374 F. Supp. 3d 994, 1009 (D. Nev. 2019). Lithium Nevada's request is not that Ms. Fuller be "disbelieve[d]," ECF 263 at 8, as "[i]t is axiomatic that a declarant have personal knowledge of the facts contained in his or her declaration." *Vondran v. McLinn*, Case No. C 95-20296 RPA, 1995 U.S. Dist. LEXIS 21974, at *11 (N.D. Cal. July 5, 1995). But "[i]t is not enough for a witness to tell all she knows; she must know all she tells." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). Where a declarant "speculat[es] or draw[s] conclusions about events … beyond the affiant's personal knowledge …. based 'on information'," like the uncited evidence here, such a declaration "indicates a *lack* of personal knowledge." *Pacesetter Consulting LLC v. Kapreilian*, No. CV-19-00388-PHX-DWL, 2021 U.S. Dist. LEXIS 139913, at *13 n.7 (D. Ariz. July 26, 2021) (emphasis added) (quoting 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 56, at 180 (2021)).

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

Ms. Fuller does not know that she will experience violence as a result of the Project's construction based on personal experience, she "knows" based on evidence depicting such violence occurred in other rural scenarios and is applying it to this case. Plaintiffs do not attempt to justify this uncited evidence as admissible under *Lands Council*, and the unsupported and speculative nature of Ms. Fuller's claimed harm makes this paragraph inappropriate for consideration and should be stricken. *Pacesetter Consulting LLC*, 2021 U.S. Dist. LEXIS 139913, at *13 ("The Court thus declines to consider portions of the declaration that are speculative, conclusory, and/or do not provide sufficient facts to show that [the declarant] has sufficient personal knowledge."). Ms. Fuller's contentions based on "research in the U.S. and Canada" would require Ms. Fuller to bring to court the evidence she relies upon. ECF 202-2 ¶ 28. And even then, the Plaintiffs did not make an argument in their briefing that this research could but support. This evidence is uncited, does not appear in the record, is unrelated to claims made in this litigation, and is therefore properly stricken.

Plaintiffs contend that they do not need to justify these portions of Ms. Fuller's declaration as extra-record evidence "none of the declarations were cited or relied upon by Plaintiffs on the merits." ECF 263 at 9. But therein lies the issue—the extra-record information cited within these declarations allows Plaintiffs to go *beyond* its allowed page limits in merits briefing to continue to make merits arguments within Ms. Fuller's declaration, ostensibly only in support of "standing." This is an improper use of standing declarations to incorporate extra-record evidence without justifying that evidence before this Court. The Court should therefore strike Paragraphs 13, 18, 19, and 20. *Greater Hells Canyon Council*, 2018 U.S. Dist. LEXIS 140858, at *16.

## II. The Identified Paragraphs of Plaintiffs Exhibits Should Be Stricken Because They Contain Improper Legal Arguments and Conclusions.

Plaintiffs repeat that all challenged paragraphs within the four submitted exhibits simply "establish [both] injury-in-fact to their uses and interests in the land" and their "procedural injury." ECF 263 at 8–9. But in Plaintiffs' defense of these statements, Plaintiffs' brief make the same legal arguments within their opposition and maintain, without citation, such statements claiming legal violations are simply asserting "harms to [the declarants'] concrete interests." *Id.* at 9

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

(explaining the paragraphs simply argue "BLM fail[ed] to conduct an adequate review under NEPA and FLPMA"—i.e., make a legal argument). While it is permissible to claim injury-in-fact,[5] Plaintiffs cannot also claim that injury-in-fact arises from a legal conclusion within a standing declaration. *Spice v. Puyallup Hous. Auth.*, Nos. 93-35424, 93-35562, No. 93-35644, 1994 U.S. App. LEXIS 35716, at *4 n.2 (9th Cir. Aug. 10, 1994) (affirming that "[t]he district court did not abuse its discretion in striking plaintiff's affidavit in opposition to summary judgment" where the affidavit contained "improper legal argument"). The caselaw Plaintiffs' cite in support of their position only serve to highlight the difference between permissible statements relating to standing and the legal conclusions in Plaintiffs' declarations. *See WildEarth Guardians v. U.S. Dept. of Agriculture*, 795 F.3d 1148, 1155 (9th Cir. 2015) (confirming a "concrete injury" includes "Molde's injury [in] his reduced recreational and aesthetic enjoyment of areas in Nevada," without reference to any asserted legal conclusions); *Summers v. Earth Island Inst.*, 555 U.S. 488, 495 (2009) (denying standing where the declaration "fail[ed] to allege that any particular timber sale … will impede a specific and concrete plan of [the declarant's] to enjoy the national forests"). Therefore, Lithium Nevada is *not* "assert[ing] that a … standing declaration cannot contain statements attesting to that person's injury," ECF 263 at 10, and Plaintiffs' assertions that the "members use and enjoy the lands, waters, and wildlife" are appropriate for inclusion in a standing declaration. *Id.* at 11. But Lithium Nevada *is* objecting that legal argumentation relating to alleged harms belongs in a merits brief, not a standing declaration.

In Exhibit A, Mr. Hadder contends in both Paragraphs 13 and 14 that BLM "fail[ed] … to prepare an adequate Environmental Impact Statement (EIS)" as required under NEPA and

[5] Plaintiffs contend "LNC does not challenge that Plaintiffs will suffer injury-in-fact from the Project," that the Project "will cause that injury, or that … vacating the [ROD] … will redress these injuries." ECF 263 at 9. But those issues are indeed contested. Lithium Nevada challenged those assertions in its motion in opposition and cross motion for summary judgment. ECF 237. If Plaintiffs meant to say that Lithium Nevada does not challenge the declarants' claims of injury in their declarations, that is because Lithium Nevada understands how standing declarations are supposed to function: standing declarations provide an opportunity to claim injuries not apparent from the AR. *See Cent. Sierra Envtl. Res. Ctr. v. U.S. Forest Serv.*, 916 F. Supp. 2d 1078, 1087 (E.D. Cal. 2013) (declining to strike paragraphs in a declaration "list[ing] specific roads and trails … they plan to visit that will be affected by the [Project]"). But where standing declarations attempt to "describ[e] [the declarant's] participation in the administrative process and opinions about the [agency's] decision," such information is properly stricken. *Id.* at 1086.

FLPMA, and "failed to adequately involve the public … under NEPA and federal law." ECF 202-1 ¶¶ 13–14. Plaintiffs contend these paragraphs simply assert Mr. Hadder's "right[] to an adequate NEPA process." ECF 263 at 11.[6] But asserting that BLM failed to follow the law is a legal conclusion that is within the Court's province to decide in an order, not for Plaintiffs to conclude in their standing declarations. *See, e.g.*, *W. Watersheds Project v. Bernhardt*, 543 F. Supp. 3d 958, 984 (D. Idaho 2021) (Court concluding that "BLM violated NEPA by failing to provide an adequate explanation" within the challenged EIS); *Sierra Nev. Forest Prot. Campaign v. Weingardt*, 376 F. Supp. 2d 984, 993 (E.D. Cal. 2005) (Court concluding "[t]he agency's failure to provide for effective pre-decisional public involvement in preparation of the EAs … is 'contrary to law' under the APA"). And as with Ms. Fuller, Mr. Hadder participated extensively in the NEPA process, attending scoping meetings, public comment meetings, and providing public comments. TPEIS-0124 at AR017838; TPEIS-1473. If Plaintiffs could make these legal conclusions in their standing declarations, they would replace their merits briefing (or improperly supplement it). These legal arguments regarding the sufficiency of BLM's compliance with NEPA are unrelated to standing and are only appropriate within the motions for summary judgment. Thus, Mr. Hadder's assertions that he "intend[s] on visiting and using the lands" within the Project area permissibly relate to his standing, ECF 202-1 ¶ 11, but the legal conclusions in Paragraphs 13 and 14 regarding BLM's responsibilities under statute do not.

Similarly, Exhibit B's Paragraph 13 is not objectionable simply because it claims "the Project will adversely affect sage-grouse," ECF 263 at 9, it is improper because it contends that, contrary to BLM's authorization, "locatable mineral development *is deemed incompatible* with sage-grouse," meaning that BLM's approval violated any and all state and federal sage-grouse protections. ECF 202-2 ¶ 13 (emphasis added). Ms. Fuller contends that, no matter the Project's avoidance measures or monitoring efforts in the EIS, the Project will "increase[] mortality risk" to sage grouse. *Id.* She argues that, regardless of planned mitigation, "sage-grouse habitat loss from

[6] Plaintiffs again state, without support, that the declarants assert an "*uncontested* imminent injury to [their] … on the ground uses and interests from Project development." ECF 263 at 11 (emphasis added). But again, Lithium Nevada obviously *does* contest whether that injury will occur in its cross-motion for summary judgment. ECF 242.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

mining is virtually permanent." *Id.* Ms. Fuller concludes by raising prior regulatory actions and associated litigation by referencing a "proposed … withdraw[al of] certain high value sage-grouse habitat from locatable mineral entry," implying those past legal efforts would have affected this Project. *Id.* Ms. Fuller does not explain in this paragraph how such legal machinations affected her personally, nor whether she shares the beliefs of the "scientists" and "research[ers]" she cites. *Id.* None of the information she provided is tied in the text to her own "personal knowledge and experience," ECF 263 at 9, in contrast to other paragraphs where Ms. Fuller identifies that "[i]n [her] experience" or "I frequently review" to demonstrate her personal knowledge. ECF 202-2 ¶¶ 12, 15. Lithium Nevada is not objecting to "Ms. Fuller's belief[s]," it is objecting to the inclusion of previous legal disputes and legal conclusions regarding the impact this Project will have on sage grouse. ECF 263 at 10. The "correct[ness]" of her concerns aside, *id.*, Ms. Fuller cannot assert that "mineral development is deemed incompatible with sage grouse," because it asserts the Project is in violation of various land use protections. ECF 202-2 ¶ 13. Such argumentation is appropriate in a merits brief, but simply does not assert a proper factual statement relating to standing, such as Ms. Fuller's "desire to … observe an animal species" or her interest in "environmental well-being." ECF 263 at 10 (citations omitted). Her declaration claims in Paragraph 13 that the Project as approved automatically violates any statutory or regulatory sage-grouse protections, and such legal argumentation is properly stricken from a standing declaration. *Tri-Valley Cares v. U.S. DOE*, No. C 03-3926 SBA, 2007 U.S. Dist. LEXIS 29437, at *4 n.1 (N.D. Cal. Apr. 6, 2007) (noting "[t]he Ninth Circuit affirmed this Court's exclusions [of eight declarations] because those statements contained impermissible legal conclusions [or] opinions from lay witnesses").

Exhibits C and D make the same arguments as Exhibit A, concluding again that BLM "fail[ed] … to prepare an adequate [EIS] and to fully involve the public," which is a violation of "NEPA and federal law." ECF 202-3 ¶¶ 31–32 (Exhibit C). Exhibit D similarly derides "BLM's failure to comply with the public notice" and "public information … requirements of NEPA … injur[ing] [his] rights." ECF 202-4 ¶¶ 11, 17. But as discussed above, asserting violations of statutes constitutes an impermissible legal argument within standing declarations. Such

"observations regarding alleged facial inadequacies of the" EIS are improper in standing declarations because "plaintiffs may simply use their legal memoranda to point the court to these types of alleged errors." *Or. Nat. Res. Council Fund v. BLM*, No. 03-478-HO, 2004 U.S. Dist. LEXIS 13980, at *3 (D. Or. Feb. 17, 2004). Ultimately, "the court does not require [Plaintiffs declarants'] opinion[s] on legal conclusions such as whether the [EIS] properly or adequately analyzes impacts of the … project." *Id.* at *3–4 (striking a declaration as "inadmissible extra-record evidence" where it made legal arguments).[7]

The challenged paragraphs from Exhibits A, B, C, and D improperly attempt to advance legal arguments or conclusions about issues squarely before the Court for its review and decision. The declarants' attempts to introduce their legal conclusions as declaratory evidence is improper and in violation of the above discussed well-established rules. Contending violations of law in a standing declaration inappropriately turns the declaration into an extension of the merits briefing, and such statements should be struck. *See G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994) ("Matters of law for the court's determination … are inappropriate subjects for expert testimony." (citation omitted)). Where "[d]eclarations … are supposed to 'set forth facts as would be admissible in evidence,' [they] should not be used to make an end-run around the page limitations ... by including legal arguments outside of the briefs." *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (citation omitted) (affirming district court's grant of motion to strike such a declaration). The identified paragraphs should be stricken because instead of describing Plaintiffs' standing, the paragraphs make additional legal argumentation outside the merits briefing. The Ninth Circuit has "condemned the practice" of making legal

[7] Plaintiffs "note[]" that Lithium Nevada did not challenge certain other paragraphs that made similar arguments to this Section's the challenged paragraphs. ECF 263 at 12. Lithium Nevada chose not to challenge the paragraphs Plaintiffs cite due to specific word choices within those paragraphs. *See* ECF 202-2 ¶ 20 (implying personal opinion by stating "[p]erhaps as a result" and personal injury by referencing the issues WWP (through Ms. Fuller) "raised in comments"); *id.* at ¶ 21 (asserting personal harm by claiming "I am harmed … by BLM's perfunctory approach to NEPA" without directly claiming a NEPA violation). But if the Court concludes that Plaintiffs' newly raised paragraphs are improper in the same way as the paragraphs challenged, *see supra* Section II, Lithium Nevada does not object to striking Exhibit B's Paragraphs 20 and 21 as well.

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

arguments and conclusions in declarations, *G.F. Co.*, 23 F.3d at 1507 n.6, and Lithium Nevada urges this Court to strike the identified paragraphs in Plaintiffs' exhibits.[8]

**CONCLUSION**

Lithium Nevada's motion should be granted, and the Court should strike the above identified portions of Exhibits A, B, C, and D to Plaintiffs' motion for summary judgment. When deciding plaintiffs' motion for summary judgment, the Court must limit judicial review to the administrative record and argument properly presented by the parties.

Dated: August 11, 2022.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)
Jessica Freitas (SBN 16079)
HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, Nevada 89511

*Attorneys for Defendant-Intervenor Lithium Nevada Corp.*

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094

[8] Plaintiffs' final two paragraphs in its response brief similarly make legal argumentation unrelated to the issues raised in this particular briefing specifically regarding the motion to strike. *See* ECF 263 at 13. The paragraphs describe NEPA, its EIS requirements, and makes the legal argument that BLM "defeat[ed] the purpose of NEPA" as discussed in "WWP['s] … comments." *Id.* Simply claiming that such argument is "not improper 'legal argument[]'" does not make it so—Plaintiffs have the entirety of their merits briefing to cite to the AR and make legal contentions regarding the quality of BLM's public comment period and EIS content. Neither this brief nor declarations filed for standing purpose are appropriate venues for such argumentation.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2022, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

/s/ *Laura K. Granier*
Laura K. Granier (SBN 7357)

18833727_v1

HOLLAND & HART LLP
5441 KIETZKE LANE, SUITE 200
RENO, NV 89511-2094