UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*, <br><br>   Plaintiffs, <br> v. <br> ESTER M. MCCULLOUGH, *et al.*, <br><br>   Defendants. | Case No. 3:21-cv-00080-MMD-CLB <br><br> ORDER |

**I.   SUMMARY**

Plaintiffs[1] and Plaintiff Intervenors[2] in this consolidated case challenge the Bureau of Land Management of the U.S. Department of Interior's[3] ("BLM") approval of Intervenor-Defendant Lithium Nevada Corporation's plan to build a lithium mine near Thacker Pass, Nevada (the "Project") via a January 15, 2021, Record of Decision ("ROD") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the National Environmental Policy Act, 42 U.S.C. §§ 4321-61 ("NEPA"), the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701-1787 ("FLPMA"), and the National Historic Preservation Act, 54 U.S.C. § 300101, *et seq.* ("NHPA"). (ECF Nos. 1, 46, 83.) *See also Western Watersheds Project, et al. v. Bureau of Land Management of the U.S. Department of the Interior, et al.*, Case No. 3:21-cv-00103-MMD-CLB, ECF No. 1 (D. Nev. Filed Feb. 26, 2021) (since consolidated into this case). Before the Court are the parties' dispositive motions seeking

---

[1] Bartell Ranch LLC and Edward Bartell (collectively, the "Rancher Plaintiffs"), along with Western Watersheds Project, Wildlands Defense, Great Basin Resource Watch, and Basin and Range Watch (collectively, the "Environmental Plaintiffs").

[2] Reno-Sparks Indian Colony ("RSIC") and the Burns Paiute Tribe. The Court refers to both tribes collectively as the Tribal Plaintiffs.

[3] Ester M. McCullough, the District Manager of BLM's Winnemucca office, along with the Department of the Interior, are also named Defendants. The Court refers to them collectively as the Federal Defendants.

judgment on the merits of their claims (ECF Nos. 202, 203, 204, 205, 241, 242), along with several motions seeking to either expand or restrict the evidence and argument the Court considers in resolving the dispositive motions (ECF Nos. 207, 226, 243, 248).[4] This case is approaching an in-person hearing on the merits motions on January 5, 2023. (ECF No. 273 ("Hearing").)

To help the parties prepare for the Hearing, the Court addresses below the pending motions regarding the scope of argument and evidence the Court will consider when it rules on the merits briefs. As further explained below, Rancher Plaintiffs' motion for extra record evidence is denied primarily because the evidence they ask the Court to consider is post-decisional, Lithium Nevada's motion to strike Rancher Plaintiffs' reply brief in support of that motion is accordingly denied as moot, and the Court denies Lithium Nevada's two other motions seeking to strike portions of Plaintiffs' standing declarations as challenging material that is insufficiently impertinent or immaterial and because the motions to strike are a waste of time. The Court also addresses below the threshold issue of Rancher Plaintiffs' standing, and finds they have standing.

**II.   DISCUSSION**

While Federal Defendants do not contest Rancher Plaintiffs' standing, Lithium Nevada does. (ECF Nos. 238 (declining to contest standing), 239 at 10-11 (contesting sanding).) The Court accordingly first addresses Rancher Plaintiffs and Lithium Nevada's standing arguments. The Court then addresses the evidentiary issues presented by the parties' motions regarding the scope of the record.

**A.  Standing**

Lithium Nevada argues that Rancher Plaintiffs lack prudential standing because they have economic interests in the land and water they use for their ranching operations.

---

[4]The Court also reviewed the pertinent responses and replies. (ECF Nos. 216, 224, 235, 236, 256, 257, 261, 263, 269.)

2

(ECF Nos. 239 at 10-11, 241 at 10-11.)[5] Rancher Plaintiffs counter they have prudential standing because they have—and have consistently alleged—both environmental and economic interests they seek to vindicate in this case. (ECF No. 262 at 49-51.) Rancher Plaintiffs further argue they have standing because the environment would benefit were they to obtain their requested relief, making their claims distinguishable from cases where courts have found ranchers lacked standing to assert NEPA claims. (ECF No. 204 at 16-18.) The Court agrees with Rancher Plaintiffs.

Indeed, Lithium Nevada does not adequately address this distinguishing feature between Rancher Plaintiffs and ranching plaintiffs that other courts—including this Court—have found to lack prudential standing. If Rancher Plaintiffs obtain their desired relief, further construction of the mine will be halted, at least temporarily. No party seriously disputes that this outcome would be more beneficial for the environment immediately surrounding the Project.[6] In contrast, in other cases involving ranching plaintiffs, the relief those parties sought would have had had detrimental effects on the local environment. *See, e.g.*, *Duval Ranching Co. v. Glickman*, 965 F. Supp. 1427, 1435-36, 1440-41 (D. Nev. 1997) (finding rancher plaintiffs who sued federal agency for taking and interfering with water they allegedly had rights to lacked prudential standing to pursue NEPA claims because they asserted economic, and not environmental, interests—and where the plaintiffs wanted to use water that the agency was no longer allowing to flow onto their

---

[5]The Court does not construe Lithium Nevada as raising an Article III standing argument, but notes that even the economic injury Lithium Nevada challenges as insufficient to confer prudential standing would confer Article III standing on Rancher Plaintiffs. And to be clear, the Court finds that Rancher Plaintiffs have Article III standing. Through their operative complaint (ECF No. 28) and Bartell's declaration (ECF No. 206), Rancher Plaintiffs have made an adequate showing that they have "an aesthetic or recreational interest in a particular place, or animal, or plant species and that that interest is impaired by a defendant's conduct." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1147 (9th Cir. 2000). And the causation and redressability requirements are easily satisfied here. There is no question that the Court has the power to vacate the ROD, and if the Court does, that will at least delay further construction on the mine.

[6]Of course, as Lithium Nevada often emphasizes in its briefing, that is a somewhat separate question from what is best for the global environment, as lithium has myriad clean technology applications.

land for ranching purposes). In *Duval*, if the rancher plaintiffs obtained the relief that they sought, they would have had access to more water, to the detriment of riparian areas the applicable federal agency had created, and local wildlife. *See id.* Or in a case—currently on appeal—where this Court held that rancher intervenors lacked prudential standing under NEPA, they "describe[d] the harm posed to them as a threat to their ability to draw and use groundwater for domestic and commercial purposes." *City of Fernley v. Conant*, 575 F. Supp. 3d 1274, 1281 (D. Nev. 2021). "And indeed, Intervenors' Complaint-in-intervention [did] not describe any environmental harm." *Id.*

In contrast, Ed Bartell describes various environmental interests in his declaration, and Rancher Plaintiffs' operative complaint also includes various allegations going to environmental harm. (*See, e.g.*, ECF No. 28 at 2 ("The Mine likewise threatens irreparable harm to fish, wildlife, wetlands, and streamflows, including habitat for the Lahontan Cutthroat Trout ("LCT"), which is listed as threatened under the Endangered Species Act ("ESA")."), 3 ("The Mine and the associated pumping will pose significant adverse harm to several sensitive and protected species—including LCT and Greater Sage Grouse—through direct, indirect, and cumulative impacts."), 8 (describing Bartell as, "a passionate steward of the lands within and adjacent to the proposed Mine[…] Bartell Ranch has gone to great lengths to protect LCT and LCT habitat in the area of the proposed Mine, and has a real, genuine interests in the species' conservation and protection as a threatened and protected species."); ECF No. 206 at 2-6 (describing Bartell's interest in painting wildlife and taking pictures of the environment in and near the Project and how he attempts to operate his ranch in an environmentally-sensitive way), 8-9 ("I am gravely concerned that this mine will have disastrous impacts on the local wildlife and our ranching operation, destroying high quality habitat and forage for sage grouse, mule deer, pronghorn antelope, and cattle alike.").) This makes Rancher Plaintiffs differently situated from the intervenors in *City of Fernley*, and the rancher plaintiffs in *Duval Ranching Co.*

These allegations and descriptions of interests also convince the Court that Rancher Plaintiffs have prudential standing. Rancher Plaintiffs do not allege harm to purely

1  economic interests. *See supra*. And "the presence of economic injury, if the plaintiff also
2  asserts environmental concerns, does not preclude standing." *Westlands Water Dist. v.*
3  *U.S. Dep't of Interior, Bureau of Reclamation*, 850 F. Supp. 1388, 1411 (E.D. Cal. 1994)
4  (citation omitted). Moreover, the environmental interests that Bartell asserts in his
5  declaration and operative complaint are substantially similar to the interests Environmental
6  Plaintiffs describe in their standing declarations—and no Defendants challenge their
7  standing. In sum, the Court rejects Lithium Nevada's challenge to Rancher Plaintiffs'
8  prudential standing, and moves on to the parties' disputes regarding the scope of evidence
9  the Court will consider when it resolves the merits briefing.

**B. Evidentiary Issues**

As noted, Rancher Plaintiffs urge the Court to consider some extra-record evidence (ECF No. 207), and Lithium Nevada moves to strike paragraphs 13-42 of Bartell's declaration (ECF No. 226 at 1), along with purportedly new arguments that Rancher Plaintiffs raise in their reply in support of their motion urging the Court to consider extra-record evidence (ECF No. 248).[7] Lithium Nevada similarly moves to strike certain paragraphs within the declarations Environmental Plaintiffs filed with their merits motion to help establish their standing. (ECF No. 243.)

The Court begins with Rancher Plaintiffs' motion for extra-record evidence. (ECF No. 207.) Rancher Plaintiffs would specifically like the Court to consider excerpts from the testimony of Lithium Nevada's contractor Plumley Associates' employee Tyler Cluff, from a December 1-8, 2021, hearing before the Nevada State Engineer regarding Lithium Nevada's application for state water rights, where Rancher Plaintiffs' counsel was cross-examining Cluff. (*Id.* at 2-3.) Rancher Plaintiffs argue this evidence is relevant to determine whether the water resources baseline that BLM used for the Project is either incorrect or lacking in scientific integrity, and purportedly shows that BLM did not independently evaluate Plumley's data and analysis. (*Id.* at 3.) Rancher Plaintiffs further argue the Court

---

[7]Lithium Nevada alternatively seeks leave to file a surreply. (ECF No. 248 at 1.)

5

can consider this evidence under *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) exceptions one or four, allowing a court to consider extra-record evidence if necessary to determine whether the agency has considered all relevant factors and has explained its decision (one), or when the plaintiffs make a showing of agency bad faith (four). (*Id.* at 5-18.) Both Federal Defendants and Lithium Nevada oppose this motion. (*Id.* at 2.)

Federal Defendants counter in pertinent part there is no dispute that this evidence is post-decisional and therefore is not properly part of the administrative record. (ECF No. 224 at 3.) Lithium Nevada echoes Federal Defendants' argument, noting that Rancher Plaintiffs ignore the Court's prior ruling on the parties' administrative record motions where the Court ruled that no *Lands Council* exceptions apply when the documents at issue post-date the ROD. (ECF No. 216 at 2 (citing ECF No. 155 at 10).) The Court agrees with Federal Defendants and Lithium Nevada in pertinent part.

The Court has already noted and applied the rule in this case that "exceptions to the normal rule regarding consideration of extra-record materials only apply to information available at the time, not post-decisional information." (ECF No. 155 at 10 (citing *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018)). It would be unfair to have applied that rule already, and decline to apply it against Rancher Plaintiffs. Rancher Plaintiffs also argue in reply that the transcripts are not post-decisional because Rancher Plaintiffs' counsel is asking Cluff therein about surveys that predated the ROD. (ECF No. 235 at 7-8.) But both the hearing and the transcripts are post-decisional—the hearing occurred from December 1-8, 2021, while the ROD issued on January 15, 2021. (ECF Nos. 1 at 2, 207 at 2-3.) The hearing and its contents (memorialized in the transcripts) were accordingly not available to BLM at the time BLM issued the ROD. And while what the 'information' is begins to verge on the semantic, the precise testimony Rancher Plaintiffs seek to use to attack BLM's decision was not available until well after the decision. The transcripts "may not be advanced as a new rationalization either for sustaining or attacking an agency's decision because it inevitably

leads the reviewing court to substitute its judgment for that of the agency." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty.*, 889 F.3d at 600-01 (citation omitted).

The Court accordingly denies Rancher Plaintiffs' motion for extra-record evidence. (ECF No. 207.) And the Court, in turn, denies as moot Lithium Nevada's motion to strike (ECF No. 248) portions of Rancher Plaintiffs' reply in support of their motion for extra-record evidence.

That brings the Court to Lithium Nevada's two motions to strike portions of the declarations Rancher and Environmental Plaintiffs submitted to establish their standing to prosecute this case—specifically portions of those declarations that Lithium Nevada argues do not go to Plaintiffs' standing, but instead (generally) make improper merits arguments. (ECF Nos. 226, 243.) The Court will deny both of these motions.

To start, the Court reiterates the general principle that its merits review of this case is limited to the administrative record. (ECF No. 155 at 3.) The Court will not consider evidence not part of the administrative record (as supplemented per the Court's prior order (*see generally id.*)) when it resolves the parties' merits arguments. The Court accordingly will not consider any improper merits arguments offered in the challenged declarations, or based on some evidence that cannot be found in the administrative record, draining much of the persuasive force from Lithium Nevada's two motions to strike.

Second, and relatedly, these motions to strike are a waste of time. As stated immediately above, the Court will not consider material that is not found in the administrative record for purposes other than confirming Plaintiffs' standing. As Lithium Nevada seeks to strike information that the Court will not even consider as part of its merits review, evaluating Lithium Nevada's motions to strike takes valuable time away from that merits review.

Third, the challenged paragraphs of the pertinent declarations are not as clearly "immaterial" or "impertinent" as Lithium Nevada argues. *See Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1201 (D. Nev. 2009) ("Matter is 'immaterial' if it has no bearing on the controversy before the court. Allegations are 'impertinent' if they are not responsive to the

1  issues that arise in the action and that are admissible as evidence.") (citations omitted).
2  For example, Lithium Nevada argues that nothing Bartell includes in his declaration from
3  paragraphs 13 to its conclusion goes to Bartell's standing. However, the Court finds to the
4  contrary—that at least parts of paragraphs 12, 14, 17, 18, 19, 20, 21, 22, 24, 27, and 29
5  go to Bartell's standing. The Court accordingly finds Lithium Nevada's motions to strike
6  unpersuasive, as they rely on the Court's rule-based and inherent power to strike
7  impertinent or immaterial information, but do not cleanly attack information that is
8  impertinent or immaterial.

9  Fourth, and finally, to the extent Lithium Nevada asks the Court to exercise its
10 inherent power to strike certain paragraphs of Plaintiffs' declarations, the Court declines
11 to exercise that power. As repeatedly stated in prior orders, the Court hopes to get to the
12 merits review of this case, not ceaselessly litigate the scope and content of the
13 administrative record. The same principle applies by extension here. The Court does not
14 wish to, and will not, evaluate declarations submitted only to establish standing paragraph-
15 by-paragraph to selectively strike their contents, and will instead focus on the merits of
16 this case.

17 Lithium Nevada's motions to strike (ECF Nos. 226, 243) are denied.

18 **III.   CONCLUSION**

19 The Court notes that the parties made several arguments and cited to several cases
20 not discussed above. The Court has reviewed these arguments and cases and determines
21 that they do not warrant discussion as they do not affect the outcome of the motions before
22 the Court.

23 It is therefore ordered that Rancher Plaintiffs' motion for leave for extra-record
24 evidence (ECF No. 207) is denied as specified herein.

25 ///
26 ///
27 ///
28 ///

It is further ordered that Lithium Nevada's motions to strike (ECF Nos. 226, 243, 248) are denied as specified herein.

DATED THIS 15th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE