Louis M. Bubala III (Nevada Bar No. 8974)
KAEMPFER CROWELL
50 West Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
Email: lbubala@kcnvlaw.com

Rick Eichstaedt (*Pro Hac Vice*)
EICHSTAEDT LAW OFFICE
421 W. Riverside Avenue, Suite 1004
Spokane, WA 99201-0410
Telephone: (509) 251-1424
Email: rick@eichstaedtlaw.net

Attorneys for the Burns Paiute Tribe

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ESTER M. McCULLOUGH, *et al.*,<br><br>Defendants, | *Lead Case:*<br>Case No.: 3:21-cv-00080-MMD-CLB |
| WESTERN WATERSHEDS PROJECT, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>Defendants. | *Consolidated with:*<br>Case No.: 3:21-cv-00103-MMD-CLB<br><br>**BURNS PAIUTE TRIBE'S JOINDER IN SUPPORT IN ENVIRONMENTAL PLAINTIFFS' EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

Intervenor-Plaintiff Burns Paiute Tribe ("Tribe") submit this Joinder in support of the Environmental Plaintiffs' Emergency Motion for Injunction Pending Appeal (ECF No. 284). This joinder is based upon the accompanying additional argument below and the pleadings and

papers filed by Environmental Plaintiffs in support of the Emergency Motion for Injunction Pending Appeal.

## I. ARGUMENT IN SUPPORT OF INJUNCTION PENDING APPEAL

In addition to the harm set forth in the Environmental Plaintiffs' Emergency Motion, the Tribe asserts additional harm will occur if ground disturbing activities proceed. This includes a distinct risk of harm to the Burns Paiute Tribe. The Burns Paiute Tribe recognizes the spiritual and cultural importance of all places where their ancestors lives and that the material culture of the Tribe "is invaluable, irreplaceable, and [an] endangered aspect of our cultural heritage." Exhibit A at 1. Northern Paiute traditional beliefs and practice is to not remove cultural materials of Tribal ancestors. *Id.*

The Thacker Pass area is of significant religious, historic, and cultural significance to the Tribe and an area that continues to be utilized. Fourth Teeman Decl. ¶¶ 2-4. The Tribe specifically considers the area to be of significant cultural, historic, and spiritual significance. *Id.* ¶ 3.

Ground disturbing activities at Thacker Pass will irreversibly damage the important values the Tribe attributes to the landscape. Fourth Teeman Decl. ¶ 7. Moving ancestral items from the Thacker Pass area is a sacrilege to the Tribe and an adverse effect under the National Historic Preservation Act. *Id*. ¶ 8.

The impacts to the significant landscape and ancestral resources caused by the project is harm to the Tribe. *Quechan Tribe of Fort Yuma Indian Reservation v. U.S. Dep't of Interior*, 755 F. Supp. 2d 1104, 1120 (S.D. Cal. 2010) (damage to historic sites is harm); *Yankton Sioux Tribe v. U.S. Army Corps of Eng'rs*, 209 F. Supp. 2d 1008, 1022 (D.S.D. 2002) (harm from destruction of ancestral remains); *Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1158 (9th Cir. 1988) (cultural, social, and economic harms to a Tribe can constitute irreparable harm for purposes of

1  an injunction). Courts have concluded that the nature of Tribal rights warrant unique protection

2  because harm to them is presumed to be irreparable. *See United States v. Michigan,* 508 F. Supp.

3  480, 492 (W.D. Mich. 1980), aff'd, 712 F.2d 242 (6th Cir. 1983); *Nez Perce Tribe v. U.S. Forest*

4  *Serv.*, No. 3:13-CV-348-BLW, 2013 WL 5212317, at *7 (D. Idaho Sept. 12, 2013) ("The

5  plaintiffs are not seeking damages; they are seeking to preserve their Treaty rights along with

6  cultural and intrinsic values that have no price tag.").

7  As this Court stated in its Order approving RSIC's intervention, the impending digging

8  up and removal of these resources will result in immediate and irreparable harm to Tribal

9  interests: "The Tribes persuasively argue that the digging incident to this plan will cause them

10  irreparable harm. (ECF Nos. 43, 43-1, 44-1.)." Order granting RSIC intervention, at 7-8 (ECF

11  No. 59). Ground disturbing activities will irreparably harm cultural, historic, and archaeological

12  resources important to the Tribes and tribal people in this proceeding. Fourth Teeman Decl. ¶¶

13  7-8. This amounts to the type of harm that warrants the issuance of the emergency injunction.

## II.   CONCLUSION

15  The Environmental Plaintiffs has satisfied the requirements for this Court to issue an

16  emergency motion. The harm they seek to stop includes the impending ground disturbing

17  activities that will irreparably impact an area of Tribal religious, cultural, and historical

18  significance. Accordingly, this Court should grant the motion and enjoin any ground disturbing

19  activities authorized by the Federal Defendants pending an appeal of this matter.

20  Dated this 22nd day of February 2023.

21  KAEMPFER CROWELL                          WHEAT LAW OFFICE

22  By:/s/*Louis M. Bubala III*               By:/s/*Rick Eichstaedt*
    LOUIS M. BUBALA III                       RICK EICHSTAEDT

23  

    Attorneys for Burns Paiute Tribe

24

**CERTIFICATE OF SERVICE**

I certify that on February 22, 2023, I filed the foregoing using the United States District Court CM/ECF, which caused all counsel of record to be served electronically.

By:/s/*Rick Eichstaedt*
RICK EICHSTAEDT