UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARTELL RANCH LLC, *et al.*, | Case No. 3:21-cv-00080-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| ESTER M. MCCULLOUGH, *et al.*, | |
| Defendants. | |

## I.   SUMMARY

Plaintiffs[1] and Plaintiff-Intervenors[2] mostly—but not entirely—unsuccessfully challenged the Bureau of Land Management of the U.S. Department of Interior's[3] approval of Intervenor-Defendant Lithium Nevada Corporation's plan to build a lithium mine near Thacker Pass, Nevada and engage in further exploration for lithium (the "Project").[4] (ECF No. 279 ("Merits Order").) Environmental Plaintiffs filed an emergency

---

[1] Bartell Ranch LLC and Edward Bartell (collectively, the "Rancher Plaintiffs"), along with Western Watersheds Project, Wildlands Defense, Great Basin Resource Watch, and Basin and Range Watch (collectively, the "Environmental Plaintiffs").

[2] Reno-Sparks Indian Colony ("RSIC") and the Burns Paiute Tribe. The Court refers to both tribes collectively as the Tribal Plaintiffs.

[3] Ester M. McCullough, the District Manager of BLM's Winnemucca office, along with the Department of the Interior, are also named Defendants. The Court refers to them collectively as the Federal Defendants.

[4] Plaintiffs sought judicial review of BLM's Record of Decision ("ROD") under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* ("APA"), challenging BLM's compliance with three federal statutes: the National Environmental Policy Act, 42 U.S.C. §§ 4321-61 ("NEPA"), the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701-1787 ("FLPMA"), and the National Historic Preservation Act, 54 U.S.C. § 300101, *et seq.* ("NHPA"). (ECF Nos. 1, 46, 83.) *See also Western Watersheds Project, et al. v. Bureau of Land Management of the U.S. Department of the Interior, et al.*, Case No. 3:21-cv-00103-MMD-CLB, ECF No. 1 (D. Nev. Filed Feb. 26, 2021) (since consolidated into this case).

motion for an injunction pending appeal, asking the Court to enjoin Lithium Nevada from proceeding with any construction on the Project until the United States Court of Appeals for the Ninth Circuit resolves their appeal. (ECF No. 284 ("Motion").)[5] Rancher Plaintiffs (ECF No. 289) and the Burns Paiute Tribe (ECF No. 290) also filed emergency motions for injunctions pending appeal in which they join the arguments Environmental Plaintiffs raise in their Motion and offer a few arguments of their own.[6]

Plaintiffs have failed to make a clear showing of entitlement to the extraordinary remedy of an injunction pending appeal. The Court finds that its recent decision to remand the ROD without vacatur in the Merits Order was the right one. Because Plaintiffs cannot make a strong showing of likelihood of success on the merits—and as further explained below—the Court will deny the pending motions. Accordingly, the Court declines to issue an injunction pending Plaintiffs' appeal, and in doing so, the Court effectively maintains the status quo—remand without vacatur of the ROD.

## II.  DISCUSSION

Environmental Plaintiffs seek an injunction pending appeal under Fed. R. Civ. P. 62(d). (ECF No. 284 at 9.) That rule provides that the Court may "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction[.]" Fed. R. Civ. P. 62(d). The Merits Order was such an order because all

---

[5]Given the possibility raised in the Motion that Lithium Nevada intended to start construction on the Project on February 27, 2023, the Court set an expedited briefing schedule on the Motion. (ECF No. 286.) Federal Defendants (ECF No. 293) and Lithium Nevada (ECF No. 294) filed responses, and Environmental Plaintiffs filed a reply (ECF No. 297) on this expedited timeline.

[6]Accordingly, the Court's discussion below also applies to Rancher Plaintiffs' and the Burns Paiute Tribe's pending motions. (ECF Nos. 289, 290.) The Court only specifically addresses their motions below to the extent necessary to note their added points. For the same reasons, the Court did not set a briefing schedule on their motions and found that further briefing was not necessary to decide them.

Plaintiffs sought injunctive relief in their complaints, and the Court directed entry of final judgment that refused to grant them any injunctive relief. *See id.* In considering the Motion, the Court must consider:

> (1) whether the [injunction] applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a [injunction]; (3) whether issuance of the [injunction] will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Sierra Club v. Trump*, 929 F.3d 670, 687 (9th Cir. 2019) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). And as the parties who filed the Motion, Plaintiffs bear the burden of showing that the circumstances justify an exercise of judicial discretion to intrude into the ordinary processes of administration and judicial review—which in this case resulted in the Merits Order. *See id.* at 687-88. Said otherwise, the Merits Order would normally be the end of this case at the district court level. This is why Plaintiffs must make a strong showing of likelihood of success on the merits to establish their entitlement to an injunction pending appeal. *See id.* at 687.

The Court also notes at the outset that Environmental and Rancher Plaintiffs characterize their pending, emergency motions as attempts to maintain the status quo, but that is not really accurate. (ECF Nos. 284 at 9, 289 at 2.) The current status quo is that the Court remanded without vacatur in the Merits Order, and this case is closed. (ECF Nos. 279, 280.) There is currently no injunction in place,[7] and Lithium Nevada can proceed towards construction of the Project under the ROD assuming it has satisfied all federal and state requirements not directly before the Court for review. The moving parties are accordingly asking the Court to enter an injunction in this case for the first time

---

[7] In fact, the Court twice denied motions for preliminary injunctive relief in this consolidated case (and denied reconsideration of one of its orders denying preliminary injunctive relief). (ECF Nos. 92, 117.) *See also Western Watersheds*, Case No. 3:21-cv-00103-MMD-CLB, ECF No. 48. And the Court never entered any sort of permanent injunction.

pending the outcomes of their appeal. Said otherwise, the moving parties are asking for something new, not to maintain the status quo. Relatedly, the Court accordingly uses the phrasing injunction pending appeal below instead of stay pending appeal because that is what the parties are actually seeking.

The Court next addresses the factors that Plaintiffs must demonstrate to obtain an injunction pending appeal. Because the Court finds that Plaintiffs cannot demonstrate a likelihood of success on the merits, the Court denies the pending motions on that basis alone. But the Court will nevertheless address the remaining factors.[8]

### A.    Likelihood of Success on the Merits

Environmental Plaintiffs have not made the requisite strong showing of a likelihood of success on the merits of their appeal. Indeed, their first argument—that they have already prevailed on the merits of their primary legal claim[9]—misses the mark. (ECF No. 284 at 11.) Because as Environmental Plaintiffs immediately clarify, they are not appealing the portion of the Merits Order where the Court agreed with them. (*Id.*; ECF No. 297 at 1-8 (focusing on remand without vacatur).) They are instead appealing the Court's decision to remand without vacatur, along with the Court's decision to otherwise deny their motion for summary judgment. (*Id.*) So the pertinent question for purposes of their Motion is whether the Court agrees Environmental Plaintiffs are likely to prevail on the merits of what is apparently their main argument on appeal—that the Court erred when it decided to remand without vacatur.[10] It is not, as Environmental Plaintiffs suggest,

---

[8]Federal Defendants argue that the analysis of the third and fourth prongs merge when the government opposes a motion for injunctive relief. (ECF No. 293 at 17.) The Court will nonetheless address them separately here.

[9]Environmental Plaintiffs are correct to a point, in that the Court agreed with them that *Rosemont* applies to this case, which meant that BLM had to—but did not—make a determination as to the validity of Lithium Nevada's rights to the federal lands it intends to use for waste dumps and mine tailings. (ECF No. 279 at 2, 6-16.)

[10]To the extent Environmental Plaintiffs argue they were given insufficient opportunities to offer pertinent argument before the Court made its decision to remand

overly pertinent for purposes of the Motion that the Court agreed with them on the *Rosemont* issue. And as explained below, the Court does not find it erred in making the difficult yet considered decision to remand without vacatur.

Moreover, Environmental Plaintiffs' argument that they already succeeded on the merits overlooks what the Court wrote in the portion of the Merits Order where it explained its decision to remand without vacatur. There, the Court wrote that "BLM substantially complied with the applicable legal requirements here[,]" which supported the Court's decision to remand without vacatur. (ECF No. 279 at 47.) Said otherwise, the Court found ultimately unpersuasive the bulk of Environmental Plaintiffs' arguments. Environmental Plaintiffs are thus incorrect when they make the circular argument that they are likely to prevail because they did prevail.

Environmental Plaintiffs' next argument—that BLM's refusal to evaluate claim validity was serious error because it contradicted a century of precedent—also overlooks something the Court wrote in the Merits Order. (ECF No. 284 at 13-14.) The Court specifically noted in the Merits Order that it would be inequitable to remand with vacatur based on *Rosemont* because BLM was following its longstanding regulations when it decided not to evaluate claim validity and *Rosemont* was not even published until after merits briefing began in this case. (ECF No. 279 at 47.) Said otherwise, while the Court agreed in the Merits Order that BLM's longstanding regulations are inconsistent with the Mining Law as interpreted in *Rosemont*, the Court is the first court to make that ruling and

---

without vacatur, the Court disagrees. Over a month before the merits hearing, the Court advised the parties it expected them to be prepared to address at the hearing, "the scope of any relief that may be appropriate were the Court to agree with Environmental Plaintiffs' arguments based on [*Rosemont*] and remand to BLM." (ECF No. 276 at 2.) Environmental Plaintiffs' counsel presented argument on whether to remand with or without vacatur at the hearing. (ECF No. 277 (hearing minutes).) And only Federal Defendants requested the opportunity to further brief the remand with or without vacatur decision. (*See id.*) In addition, the Court noted in the Merits Order that it found it had received sufficient argument to issue an informed ruling on the remand without vacatur issue. (ECF No. 279 at 46.)

made it for the first time in the Merits Order. Environmental Plaintiffs' attempt to characterize a novel finding favorable to them as long-settled law is unpersuasive.

Environmental Plaintiffs then argue that the analysis BLM now faces on remand—whether there is sufficient lithium mineralization in the waste dump and mine tailings land—is fact-intensive and the fact that such a fact-intensive inquiry was missing from the ROD infects the entire ROD with error. (ECF No. 284 at 14-18.) But these arguments also overlook portions of the Merits Order. Specifically, to start, the ROD approved two different plans of operations, and the Court only found BLM erred as to the portion of the ROD approving the mining plan of operations that covered the waste dump and mine tailings land. (ECF No. 279 at 47.) In addition, there is evidence in the record of lithium mineralization such that BLM may be able to fix its error on remand. (*Id.* at 11-12, 46-47.) And contrary to Environmental Plaintiffs' argument (ECF No. 284 at 15), there need not be a certainty of sufficient mineralization in the waste dump and mine tailings land—there must only be a 'serious possibility.' (ECF No. 279 at 11-12.) The Court found just such a serious possibility. (*Id.*)

This brings the Court to Environmental Plaintiffs' broadest and most persuasive argument pertinent to both the likelihood of success on the merits and irreparable harm prongs of the analysis—that the Court's decision to remand without vacatur causes environmental harm because Lithium Nevada imminently intends to start construction on the Project. The Court again agrees with Environmental Plaintiffs, but only to a point. Specifically, the Court agrees—and understood when it issued the Merits Order several weeks ago—that the Merits Order would mean Lithium Nevada could start construction on the Project, and thus disrupt the sagebrush ecosystem within the Project area. The Court indeed expects that Lithium Nevada unfortunately will soon begin ripping out sage brush that will not grow back for a very long time.

As to Environmental Plaintiffs' specific environmental harm argument presented in their Motion, the Court is aware that the Ninth Circuit decided to remand without vacatur

in more than one case it discussed in the Merits Order because environmental harm would result if it vacated the pertinent decision. But that is not the reason that the Court provided for its decision to remand without vacatur in the Merits Order. (*Id.* at 46-47.) The Court instead decided to remand without vacatur because of the serious possibility that BLM could fix its error on remand,[11] the Court's finding that BLM substantially complied with the myriad legal requirements applicable to the ROD, and the fact that *Rosemont* did not issue until well after BLM published the ROD in any event. (*Id.*) The alternative, acceptable reason for remand without vacatur that Environmental Plaintiffs highlight in their Motion—environmental harm—did not apply to the Court's analysis provided in the Merits Order, as Federal Defendants correctly pointed out in their response (ECF No. 293 at 13). In sum, the Court finds that Environmental Plaintiffs have not made the requisite strong showing that they are likely to prevail on the merits of their contention on appeal that the Court erred when it decided in the Merits Order to remand without vacatur.[12]

Rancher Plaintiffs have not made the requisite strong showing, either. They argue they are likely to prevail on the merits of their argument on appeal that the Court should have extended *Rosemont* even further than it did in the Merits Order to cover any power transmission or water lines (or, indeed, anything outside the mine pit) that Lithium Nevada may use to support the Project. (ECF No. 289 at 4-11.) First, arguing for a further extension of law is not logically compatible with a strong likelihood of success on the merits—because Rancher Plaintiffs do not, and cannot, point to any precedent supporting

---

[11]Environmental Plaintiffs pointed out in reply that BLM and Lithium Nevada's responses "are contradictory." (ECF No. 297 at 2-3.) But the Court remanded for "BLM to determine whether Lithium Nevada possesses valid rights to the waste dump and mine tailings land it intends to use for the Project to support BLM's decision to issue the ROD." (ECF No. 279 at 48-49.) In other words, it's BLM's responsibility.

[12]For the reasons provided in the Merits Order, the Court does not find that serious questions go to the merits of the other issues Environmental Plaintiffs may present on appeal. (ECF No. 284 at 19 (incorporating by reference the various arguments the Court found unpersuasive in the Merits Order from Environmental Plaintiffs' motion for summary judgment).)

their argument—especially when it is not yet even clear whether the Ninth Circuit will agree with the way the Court extended *Rosemont* in this case. Second, the Court specifically considered and rejected the same argument Rancher Plaintiffs raise here in the Merits Order. (ECF No. 279 at 13.) The Court rejects it here for the same reasons it rejected it there. Third, Rancher Plaintiffs arguably waived this argument in any event because they did not clearly articulate it in their briefs (which were almost entirely focused on other issues), cogently raising it for the first time at the hearing on the summary judgment motions. The Court does not find Rancher Plaintiffs have shown a strong likelihood of success on the merits.

### B.    Irreparable Harm

Turning to the irreparable harm prong of the analysis, an injunction "is not a matter of right, even if irreparable injury might otherwise result." *Sierra Club*, 929 F.3d at 687. (citation omitted). As an initial matter, the irreparable harm to the environment that Environmental Plaintiffs raise in their Motion is based on the entirety of the Project and not directly connected to their likelihood-of-success-on-the-merits argument, which is focused on *Rosemont*'s application to BLM's decision regarding only the 1,300 acres of waste dump and mine tailings land. (ECF No. 284 at 11, 19-20.) Federal Defendants correctly note that Environmental Plaintiffs make no arguments as to irreparable harm arising from planned activity specifically within those 1,300 acres (ECF No. 293 at 15), and the Court thus finds that they have not demonstrated "immediate threatened injury" to those specific areas that would warrant emergency relief, *see Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Because Environmental Plaintiffs contend that the Court erred in not vacating the ROD, the Court will nevertheless address their arguments of generalized harm resulting from the decision to remand without vacatur.

As noted, the Court understands that allowing the Merits Order to stand will likely result in the destruction of sagebrush. However, Environmental Plaintiffs do not discuss

in their Motion how the Court found in the Merits Order that there was insufficient evidence to support their arguments that the Project will cause adverse air and water quality impacts to the local environment, and as to wildlife, that BLM had at least adequately considered the adverse impact the Project will have on them. Considering the totality of the environmental issues discussed in the Merits Order, the Court does not find that the irreparable harm prong of the analysis weighs heavily in Environmental Plaintiffs' favor here. (ECF Nos. 284 at 19-23 (making their irreparable harm argument), ECF No. 297 (expanding on and clarifying irreparable harm argument).)

Burns Paiute Tribe argues it will be irreparably harmed if Lithium Nevada commences construction on the Project while its appeal is pending in a different way from Environmental and Rancher Plaintiffs, but does not specifically explain how construction work on the Project during the pendency of the appeal will cause the harms it describes. (ECF No. 290 at 2-3.)[13] Burns Paiute Tribe discusses the Thacker Pass area, but not the Project area specifically. (*Id.*) The two areas are not perfectly coextensive. Burns Paiute Tribe does not therefore offer a sufficient causal connection between the harms it describes and the Court's potential decision not to enter an injunction pending appeal.

### C.     Substantial Injury to Other Parties

Environmental Plaintiffs get the third prong of the analysis slightly wrong in their Motion.[14] (ECF No. 284 at 23-24.) Environmental Plaintiffs characterize this prong as the balance of hardships and make the reasonable argument that their environmental interests outweigh Lithium Nevada's economic ones. (*Id.*) But the third prong of the analysis is "whether issuance of the [injunction] will substantially injure the other parties interested in the proceeding[.]" *Sierra Club*, 929 F.3d at 687. Further delay of the Project

---

[13]This is the only prong of the injunction pending appeal analysis for which Burns Paiute Tribe offers independent argument. (ECF No. 290.)

[14]So do Rancher Plaintiffs. (ECF No. 290 at 13.)

9

will harm Lithium Nevada, though delay is likely neutral for Federal Defendants. This prong accordingly at least very slightly favors denying the Motion.

### D. Public Interest

As to the fourth prong, Environmental Plaintiffs argue that the public interest strongly favors preventing environmental harm. (ECF No. 284 at 24-25.) But "if saving a snail warrants judicial restraint, so does saving the power supply." *California Communities Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 994 (9th Cir. 2012) (citations omitted) (deciding to remand without vacatur). This quotation speaks to an important tension also unaddressed in Environmental Plaintiffs' Motion. Indeed, Lithium Nevada has argued throughout this case that the Project will, on balance, be environmentally beneficial because the lithium produced from the mine will enable various clean technologies. And there is, if nothing else, a tension between the macro environmental benefit that could result from the Project and the micro (relatively speaking) environmental harm that will likely flow from the Merits Order unenjoined. The Court does not resolve that tension here. But the Court notes the tension to find, for purposes of the Motion, that the public interest prong of the analysis does not overwhelmingly favor granting the Motion sufficient to outweigh the insufficiently strong showing of likelihood of success on the merits that Environmental Plaintiffs made in their Motion.

In sum, and on balance, the four applicable factors, *see Sierra Club*, 929 F.3d at 687, do not favor granting Environmental Plaintiffs' Motion—or the other pending motions.

### III. CONCLUSION

It is therefore ordered that Environmental Plaintiffs' emergency motion for an injunction pending appeal (ECF No. 284) is denied.

It is further ordered that Rancher Plaintiffs' emergency motion for an injunction pending appeal (ECF No. 289) is denied.

It is further ordered that Burns Paiute Tribe's emergency motion for an injunction pending appeal (ECF No. 290) is denied.

DATED THIS 24th Day of February 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE